Do Not Remove
From Record Room

05-51209

## No. 05-51209

---

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

vs.

JUAN VICTOR VALLES, also known as Smiley;
JOHNNY GARCIA-ESPARZA, also known as Gira;
SAMMY GARCIA, also known as Spiderman;
JIMMY ZAVALA, also known as Panson, also known as Gordo,

*Defendants-Appellants.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

---

## DEFENDANT-APPELLANT JIMMY ZAVALA'S RECORD EXCERPTS

---

U.S. COURT OF APPEALS
FILED
AUG 0 2 2006
CHARLES R. FULBRUGE III
CLERK

## No. 05-51209

### In the United States Court of Appeals
### for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

vs.

JUAN VICTOR VALLES, also known as Smiley;
JOHNNY GARCIA-ESPARZA, also known as Gira;
SAMMY GARCIA, also known as Spiderman;
JIMMY ZAVALA, also known as Panson, also known as Gordo,

*Defendants-Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

### DEFENDANT-APPELLANT JIMMY ZAVALA'S
### RECORD EXCERPTS

# TABLE OF CONTENTS

| Number | Description | Record Citation |
|--------|-------------|-----------------|
| No. 1 | Docket Sheet | |
| No. 2 | Indictment | 1 R. 5 |
| No. 3 | Jury Verdict | 1 R. 331 |
| No. 4 | Judgment and Commitment | 1 R. 357 |
| No. 5 | Notice of Appeal | 1 R. 356 |
| No. 6 | Transcript of Luis Adame's Testimony | 10 Tr. 2599 |
| No. 7 | Transcript of Curative Instruction | 11 Tr. 2654 |
| No. 8 | Sentencing Transcript Excerpts Regarding Moreno Murder | Sent.Tr.27-41 |

Certificate of Service

APPEAL

## U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CRIMINAL DOCKET FOR CASE #: 5:04-cr-00425-OLG-2

Case title: USA v. Leza, et al                    Date Filed: 08/18/2004
Other court case numbers: :05- -51209 Fifth Circuit
                          #5, 17
                          :05- -51209 Fifth Circuit
                          Def10

Assigned to: Honorable
Orlando L. Garcia

### Defendant

Jimmy Zavala (2)              represented by  Adrienne Urrutia Wisenberg
*also known as*                              Wisenberg & Wisenberg PLLC
PANSON (2)                                   1711 N Street N.W.
*also known as*                              Second Floor
GORDO (2)                                    Washington, DC 20036
                                             (202)261-3649
                                             Fax: 202/293-0701
                                             Email: adrienne@wisenberglaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: CJA Appointment*

                                             Blas Hernandez Delgado, Jr.
                                             Law Offices of Blas H. Delgado, Jr.
                                             P.O. Box 1589
                                             Helotes, TX 78023
                                             (210) 227-4186
                                             Fax: 210/225-1351
                                             *TERMINATED: 01/26/2005*
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Retained*

                                             Joel Perez
                                             Attorney at Law

206 E. Locust Street
San Antonio, TX 78212
(210) 222-1888
Fax: 210/212-2178
*TERMINATED: 01/26/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven James Pickell**
Law Office of Steven J. Pickell
620 Earl Garrett St.
Kerrville, TX 78028
(830) 257-5100
Fax: 830/257-5102
Email: picklaw@ktc.com
*TERMINATED: 08/18/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Terrence W. McDonald**
Attorney at Law
101 Stumberg
San Antonio, TX 78204
(210) 222-9016
Fax: 830/612-3301
Email:
JUDGETERRYMCDONALD@MSN.COM
*TERMINATED: 08/23/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846=ND.F CONSPIRACY TO DISTRIBUTE NARCOTICS Conspiracy to distribute and possess with intent to distribute a Schedule I Controlled Substance - heroin and a Schedule II Controlled Substance - cocaine. | Count 1 - Life Imprisonment; five years supervised release and $100 special assessment. Count 21 - Four hundred eighty (480) months imprisonment to run concurrent; five years supervised release to run concurrent; $100 special assessment. Count 30 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run concurrent; $100 special assessment. Count 31 - Sixty (60) |

(1)

21:841A=ND.F
NARCOTICS - SELL,
DISTRIBUTE, OR
DISPENSE Possess with
intent to distribute a
Schedule II Controlled
Substance - cocaine
(21)

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE
GUN Conspiracy to
use/possess a firearm in a
drug trafficking crime
(30)

months imprisonment to run consecutive;
five years supervised release to run
concurrent and $100 special assessment.
Count 32 - Three hundred (300) months
imprisonment to run consecutive; five years
supervised release to run concurrent and
$100 special assesment. Count 33 - Two
hundred forty (240) months imprisonme nt
to run concurrent; three years supervised
release to run concurrent and $100 special
assessment.

Count 1 - Life Imprisonment; five years
supervised release and $100 special
assessment. Count 21 - Four hundred eighty
(480) months imprisonment to run
concurrent; five years supervised release to
run concurrent; $100 special assessment. Co
unt 30 - Two hundred forty (240) months
imprisonment to run concurrent; three years
supervised release to run concurrent; $100
special assessment. Count 31 - Sixty (60)
months imprisonment to run consecutive;
five years supervised release to run
concurrent and $100 special assessment.
Count 32 - Three hundred (300) months
imprisonment to run consecutive; five years
supervised release to run concurrent and
$100 special assesment. Count 33 - Two
hundred forty (240) months imprisonme nt
to run concurrent; three years supervised
release to run concurrent and $100 special
assessment.

Count 1 - Life Imprisonment; five years
supervised release and $100 special
assessment. Count 21 - Four hundred eighty
(480) months imprisonment to run
concurrent; five years supervised release to
run concurrent; $100 special assessment. Co
unt 30 - Two hundred forty (240) months
imprisonment to run concurrent; three years
supervised release to run concurrent; $100
special assessment. Count 31 - Sixty (60)
months imprisonment to run consecutive;
five years supervised release to run
concurrent and $100 special assessment.

18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN Use/Possess a firearm in a drug trafficking crime (31)

Count 32 - Three hundred (300) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assesment. Count 33 - Two hundred forty (240) months imprisonme nt to run concurrent; three years supervised release to run concurrent and $100 special assessment.

Count 1 - Life Imprisonment; five years supervised release and $100 special assessment. Count 21 - Four hundred eighty (480) months imprisonment to run concurrent; five years supervised release to run concurrent; $100 special assessment. Co unt 30 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run concurrent; $100 special assessment. Count 31 - Sixty (60) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assessment. Count 32 - Three hundred (300) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assesment. Count 33 - Two hundred forty (240) months imprisonme nt to run concurrent; three years supervised release to run concurrent and $100 special assessment.

18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN Use/possess a firearm during a drug trafficking crime; aiding and abetting (32)

Count 1 - Life Imprisonment; five years supervised release and $100 special assessment. Count 21 - Four hundred eighty (480) months imprisonment to run concurrent; five years supervised release to run concurrent; $100 special assessment. Co unt 30 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run concurrent; $100 special assessment. Count 31 - Sixty (60) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assessment. Count 32 - Three hundred (300) months imprisonment to run consecutive; five years supervised release to run concurrent and

18:1956-3300.F MONEY
LAUNDERING -
INTERSTATE
COMMERCE
(33)

$100 special assesment. Count 33 - Two hundred forty (240) months imprisonme nt to run concurrent; three years supervised release to run concurrent and $100 special assessment.

Count 1 - Life Imprisonment; five years supervised release and $100 special assessment. Count 21 - Four hundred eighty (480) months imprisonment to run concurrent; five years supervised release to run concurrent; $100 special assessment. Co unt 30 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run concurrent; $100 special assessment. Count 31 - Sixty (60) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assessment. Count 32 - Three hundred (300) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assesment. Count 33 - Two hundred forty (240) months imprisonme nt to run concurrent; three years supervised release to run concurrent and $100 special assessment.

**Highest Offense Level
(Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level
(Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**                                     represented by **Joey Contreras**
                                            Assistant United States Attorney
                                            601 N.W. Loop 410
                                            Suite 600
                                            San Antonio, TX 78216
                                            (210) 384-7025
                                            Fax: 210/530-6180
                                            Email: joey.contreras@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Joseph H. Gay, Jr.**
                                            Assistant U.S. Attorney
                                            601 N.W. Loop 410
                                            Suite 600
                                            San Antonio, TX 78216
                                            (210) 384-7090
                                            Fax: 210/530-6180
                                            Email: Joseph.Gay@USDOJ.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2004 | | Case assigned to Honorable Orlando L. Garcia (rg) (Entered: 08/21/2004) |
| 08/18/2004 | 1 | Motion by USA as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Ricardo Saenz, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Matilde Vallejo, Sylvia Gil, Rogelio Flores, Terry Morin, Edward Cisneros to seal indictment (rg) Modified on 09/16/2004 (Entered: 08/21/2004) |
| 08/18/2004 | 2 | ORDER as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Ricardo Saenz, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Matilde Vallejo, Sylvia Gil, Rogelio Flores, Terry Morin, Edward Cisneros granting motion to seal indictment [1-1] signed by Honorable Nancy S. Nowak (rg) (Entered: 08/21/2004) |

| 08/18/2004 | 3 | Sealed Indictment filed against Daniel Leza (1) count(s) 1, 30, 31, 33, Jimmy Zavala (2) count(s) 1, 21, 30, 31, 32, 33, Santos Yanez (3) count(s) 1, 22, 23, 24, 30, 31, 32, 33, Juan Valdez (4) count(s) 1, 17-19, 33, Johnny Garcia-Esparza (5) count(s) 1, 17-19, 20, 30, 31, 33, Fernando Espinoza count(s) 1, 33, Roger Rodriguez (7) count(s) 1, 2-3, 14, 33 (Pages: 29) (rg) (Entered: 08/23/2004) |
|---|---|---|
| 08/18/2004 | 3 | Notice of Forfeiture as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez is contained in Indictment (rg) (Entered: 08/23/2004) |
| 08/18/2004 | 5 | ORDER Bench warrant issued for Jimmy Zavala signed by Honorable Nancy S. Nowak (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Bench warrant issued for Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Ricardo Saenz, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Matilde Vallejo, Sylvia Gil, Rogelio Flores, Terry Morin, Edward Cisneros (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Arrest of Jimmy Zavala (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Defendant(s) Jimmy Zavala first appearance held; Defendant informed of rights. (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Indictment unsealed as to Jimmy Zavala (rg) (Entered: 08/24/2004) |
| 08/18/2004 | 26 | ORDER of Temporary Detention as to Jimmy Zavala; Bond set to NO BOND for Jimmy Zavala. Setting Detention hearing for 2:00 8/23/04. signed by Honorable Nancy S. Nowak (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Arraignment as to Jimmy Zavala set at 2:00 8/23/04 (rg) (Entered: 08/24/2004) |
| 08/18/2004 | | Mooted motion as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, Joe Anthony Perez, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Albert Delgado, Matilde Vallejo, Sylvia Gil, Rosemary Hewlett, Rogelio Flores, Daniel Valles, Terry Morin, Edward Cisneros motion to seal indictment [1-1] as to Roger Rodriguez (7) (rg) (Entered: |

| | | |
|---|---|---|
| | | 09/16/2004) |
| 08/19/2004 | 33 | Minutes of proceedings for Initial Appearance conducted on 8/18/04 as to Jimmy Zavala by Judge Nowak. Court Reporter: ERO (rg) (Entered: 08/24/2004) |
| 08/20/2004 | 104 | ORDER as to Jimmy Zavala reset detention hearing for 2:00 8/24/04 , and reset arraignment for 2:00 8/24/04 signed by Honorable Nancy S. Nowak (rg) (Entered: 08/24/2004) |
| 08/24/2004 | 110 | ORDER as to Jimmy Zavala reset detention hearing for 9:30 8/31/04 , and reset arraignment for 9:30 8/31/04 signed by Honorable Nancy S. Nowak (rg) (Entered: 08/26/2004) |
| 08/26/2004 | 148 | Bench warrant returned executed for Jimmy Zavala on 8/18/04 (rg) (Entered: 08/30/2004) |
| 08/31/2004 | | Detention hearing for Jimmy Zavala, Juan Valdez, Roger Rodriguez, Sammy Garcia, Cleto Gonzales, George Estrada, Rosemary Hewlett, Rogelio Flores held. Dfts with the exception of Juan Valdez orally motion for continuance of detention and arraignment. Arraignment was held for dft Juan Valdez. Order resetting detention and arraignment to follow. (rg1) Modified on 09/02/2004 (Entered: 09/02/2004) |
| 08/31/2004 | 189 | Minutes of proceedings for Detention Hearing (and Arraignment for Juan Valdez) conducted on 08/31/04 as to Jimmy Zavala, Juan Valdez, Roger Rodriguez, Sammy Garcia, Cleto Gonzales, George Estrada, Rosemary Hewlett, Rogelio Flores by Judge Nowak. Court Reporter: ERO (rg1) (Entered: 09/02/2004) |
| 08/31/2004 | 212 | Sealed document as to Jimmy Zavala placed in vault (rg) (Entered: 09/02/2004) |
| 08/31/2004 | 229 | ORDER as to Jimmy Zavala reset detention hearing for 10:00 9/9/04 , and reset arraignment for 10:00 9/9/04 signed by Honorable Nancy S. Nowak (rg) (Entered: 09/07/2004) |
| 09/03/2004 | | MATTERS NO LONGER REFERRED TO Judge Primomo (rg) (Entered: 09/09/2004) |
| 09/09/2004 | 258 | ORDER as to Jimmy Zavala reset arraignment for 2:00 9/14/04 signed by Honorable Nancy S. Nowak (rg) (Entered: 09/10/2004) |
| 09/09/2004 | | Detention hearing for Jimmy Zavala, Roger Rodriguez, David Merlo, Sammy Garcia, Cleto Gonzales, George Estrada, Rosemary Hewlett, Rogelio Flores held. Alex Scharff has been retained by defendant Cleto Gonzales and the Court allowed Mr. |

| | | | |
|---|---|---|---|
| | | | Warren Wolf to be excused prior to the hearing. Defendant Cleto Gonzales has agreed to detention. Defendant's Rogelio Flores, David Merlo and George Estrada have had "Blue" warrants issued by the state. Since the defendants would be taken into custody and most likely no bond set by any state court on a parole violation, this court will be entering an order of detention as to these defendants without further hearing. Court electronic eequipment malfunction during arguments. Court provided all counsel an opportunity to file an written argument they desired to file and court will take the matter of detention under advisement. (rg) (Entered: 09/13/2004) |
| 09/10/2004 | 262 | | ORDER as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, Joe Anthony Perez, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Albert Delgado, Matilde Vallejo, Sylvia Gil, Rosemary Hewlett, Rogelio Flores, Daniel Valles, Terry Morin, Edward Cisneros granting motion to extend time for filing pretrial motions [217-1] as to Jesse Ramirez (16), granting motion to extend time for filing pretrial motions [216-1] as to Roger Rodriguez (7), granting motion for leave of court to file additional motions [193-1] as to Johnny Garcia-Esparza (5) motion filing deadline 9/15/04 for all defendants signed by Honorable Orlando L. Garcia (rg) (Entered: 09/13/2004) |
| 09/10/2004 | 268 | | Minutes of proceedings for Detention Hearing conducted on 9/9/04 as to Jimmy Zavala, Roger Rodriguez, David Merlo, Sammy Garcia, Cleto Gonzales, George Estrada, Rosemary Hewlett, Rogelio Flores by Judge Nowak. Court Reporter: FTR Gold (rg) (Entered: 09/13/2004) |
| 09/13/2004 | 270 | | ORDER of Detention: Bond reset to Detain without bond pending trial for Jimmy Zavala. signed by Honorable Nancy S. Nowak (rg) (Entered: 09/14/2004) |
| 09/13/2004 | 273 | | Notice of filing Summation of Detention Hearing by Jimmy Zavala (rg) (Entered: 09/14/2004) |
| 09/14/2004 | 274 | | Waiver of personal appearance at arraignment and entry of plea not guilty by , Jimmy Zavala (2) count(s) 1, 21, 30, 31, 32, 33 signed by Honorable Nancy S. Nowak (rg) (Entered: 09/14/2004) |
| 09/14/2004 | 275 | | General Order of Discovery as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando |

| | | | |
|---|---|---|---|
| | | | Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles signed by Honorable Orlando L. Garcia (rg) (Entered: 09/14/2004) |
| 09/14/2004 | 276 | | SCHEDULING ORDER as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles setting; Plea agreement to be submitted on or before 5:00 10/15/04; Jury trial set for 9:30 10/25/04; Jury Selection set for 9:30 10/25/04. signed by Honorable Orlando L. Garcia (rg) (Entered: 09/14/2004) |
| 09/17/2004 | 295 | | ORDER as to Daniel Leza, Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, Joe Anthony Perez, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Steve Herrera, Cleto Gonzales, George Estrada, Albert Delgado, Matilde Vallejo, Sylvia Gil, Rosemary Hewlett, Rogelio Flores, Daniel Valles, Terry Morin, Edward Cisneros granting motion for leave to file additional motions [290-1] as to Joe Anthony Perez (11). It is further ORDERED that all other defendant's are entitled to the same extension without the necessity of fling a motion requessting same. signed by Honorable Orlando L. Garcia (rg) (Entered: 09/20/2004) |
| 09/23/2004 | 318 | | Motion by Jimmy Zavala for reconsideration of detention order (rg) (Entered: 09/27/2004) |
| 09/25/2004 | 332 | | Motion by Jimmy Zavala for bill of particulars (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 333 | | Memorandum by Jimmy Zavala in support of motion for bill of particulars [332-1] (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 334 | | Motion by Jimmy Zavala to sever (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 335 | | Motion by Jimmy Zavala to incorporate and adopt motions of codefendants (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 336 | | Motion by Jimmy Zavala for discovery of witness list (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 337 | | Motion by Jimmy Zavala for ordering of government's proof or for separate hearing to determine existence of conspiracy for invocation of Rule 801(d)(2)(E)FRCRP (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 338 | | Motion by Jimmy Zavala for ordering of government's proof or |

| | | |
|---|---|---|
| | | for separate hearing to determine existence of conspiracy for invocation of Rule 801(d)(2)(e)FRCRP (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 339 | Memorandum by Jimmy Zavala in support of motion for ordering of government's proof or for separate hearing to determine existence of conspiracy for invocation of Rule 801(d)(2)(E)FRCRP [337-1] (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 340 | Motion by Jimmy Zavala to strike other crimes and extraneous conduct from the indictment prior to trial (rg) (Entered: 10/01/2004) |
| 09/29/2004 | 341 | Motion by Jimmy Zavala to continue scheduling order deadlines (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 342 | Motion by Jimmy Zavala to prohibit prior jury service in similar cases (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 343 | Memorandum by Jimmy Zavala in support of motion to prohibit prior jury service in similar cases [342-1] (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 344 | Motion by Jimmy Zavala to suppress physical evidence and the fruits thereof (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 345 | Memorandum by Jimmy Zavala in support of motion to suppress physical evidence and the fruits thereof [344-1] (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 346 | Motion by Jimmy Zavala for permission to examine prospective jurors (rg) (Entered: 10/01/2004) |
| 09/30/2004 | 347 | Notice by Jimmy Zavala of: Request by defendant of notice of government's intention to use evidence subject to motion to suppress (rg) (Entered: 10/01/2004) |
| 10/01/2004 | 348 | Response by USA to motion by Jimmy Zavala: motion for reconsideration of detention order [318-1] (rg) (Entered: 10/04/2004) |
| 10/04/2004 | 349 | ORDER as to Jimmy Zavala denying motion for reconsideration of detention order [318-1] signed by Honorable Nancy S. Nowak (rg) (Entered: 10/05/2004) |
| 10/06/2004 | 350 | ORDER as to Jimmy Zavala denying motion to incorporate and adopt motions of codefendants [335-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 10/06/2004) |
| 10/06/2004 | 351 | ORDER as to Jimmy Zavala, Joe Anthony Perez denying |

| | | |
|---|---|---|
| | | motion for separate trial for defendant Joe Anthony Perez [324-1] dennying motion to sever [334-1] as to Jimmy Zavala (2) signed by Honorable Orlando L. Garcia (rg) (Entered: 10/06/2004) |
| 10/06/2004 | 352 | Order as to Joe Anthony Perez, Roger Rodriguez, Jesse Ramirez, Jimmy Zavala - the Govt shall file a response within 5 days from date of this order to motion for bill of particulars [332-1], motion for bill of particulars [302-1], motion for bill of particulars [297-1] signed by Honorable Orlando L. Garcia (rg1) (Entered: 10/07/2004) |
| 10/06/2004 | 356 | Order as to Jimmy Zavala denying as moot notice/request for notice of Govt's intention to use evidence subject to motion to suppress [347-1] signed by Honorable Orlando L. Garcia (rg1) (Entered: 10/07/2004) |
| 10/06/2004 | 358 | Order as to Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Fernando Espinoza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, Joe Anthony Perez, Hortencia Flores, David Merlo, Maria Elena Flores, Diana Flores Carrasco, Jesse Ramirez, Sammy Garcia, Cleto Gonzales, George Estrada, Albert Delgado, Matilde Vallejo, Sylvia Gil, Rosemary Hewlett, Rogelio Flores, Daniel Valles, Terry Morin, Edward Cisneros resetting status conference to 9:30 10/20/04 for Jimmy Zavala, for Santos Yanez, for Juan Valdez, for Johnny Garcia-Esparza, for Fernando Espinoza, for Roger Rodriguez, for Alfredo Munoz, for Ricardo Saenz, for Juan Victor Valles, for Joe Anthony Perez, for Hortencia Flores, for David Merlo, for Maria Elena Flores, for Diana Flores Carrasco, for Jesse Ramirez, for Sammy Garcia, for Cleto Gonzales, for George Estrada, for Albert Delgado, for Matilde Vallejo, for Sylvia Gil, for Rosemary Hewlett, for Rogelio Flores, for Daniel Valles, for Terry Morin, for Edward Cisneros signed by Honorable Orlando L. Garcia (rg1) (Entered: 10/07/2004) |
| 10/12/2004 | 367 | Response by USA to motion by Jimmy Zavala, Roger Rodriguez, Joe Anthony Perez, Jesse Ramirez : motion for bill of particulars [332-1], motion for bill of particulars [302-1], motion for bill of particulars [297-1] (rg) (Entered: 10/13/2004) |
| 10/13/2004 | 368 | ORDER as to Jimmy Zavala, David Merlo, Diana Flores Carrasco denying motion for ordering of government's proof or for separate hearing to determine existence of conspiracy for invocation of Rule 801(d)(2)(e)FRCRP [338-1] as to Jimmy Zavala (2), denying motion for separate hearing to existence of conspiracy for invocation of Rule 801 [308-1] as to David |

| | | |
|---|---|---|
| | | Merlo (13), denying motion for pretrial determination of admissibility of co-conspirators' statements [201-1] as to Diana Flores Carrasco (15) signed by Honorable Orlando L. Garcia (rg) (Entered: 10/14/2004) |
| 10/14/2004 | 376 | ORDER as to Jimmy Zavala, Roger Rodriguez, Joe Anthony Perez, Jesse Ramirez denying motion for bill of particulars [332-1] as to Jimmy Zavala (2), denying motion for bill of particulars [302-1] as to Roger Rodriguez (7), denying motion for bill of particulars [297-1] as to Jesse Ramirez (16) signed by Honorable Orlando L. Garcia (rg) (Entered: 10/15/2004) |
| 10/19/2004 | 394 | ORDER - the government shall file a response to defendant's motion to strke within then (10) days from the date below 10/19/04 as to Jimmy Zavala. signed by Honorable Orlando L. Garcia (rg) (Entered: 10/20/2004) |
| 10/19/2004 | 395 | ORDER as to Jimmy Zavala denying motion to prohibit prior jury service in similar cases [342-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 10/20/2004) |
| 10/19/2004 | 397 | ORDER as to Jimmy Zavala granting motion for discovery of witness list [336-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 10/20/2004) |
| 10/20/2004 | | Status conference for Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, David Merlo, Maria Elena Flores, Jesse Ramirez, Sammy Garcia, Cleto Gonzales, George Estrada, Albert Delgado held. Defendants announce not ready for trial. Jury selection and trial will be reset. (rg) (Entered: 10/21/2004) |
| 10/20/2004 | 410 | Minutes of proceedings for Status Conference conducted on 10/20/04 as to Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, David Merlo, Maria Elena Flores, Jesse Ramirez, Sammy Garcia, Cleto Gonzales, George Estrada, Albert Delgado by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 10/21/2004) |
| 10/22/2004 | 421 | ORDER as to Jimmy Zavala denying motion for permission to examine prospective jurors [346-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 10/25/2004) |
| 10/22/2004 | 422 | ORDERED that defendants shall SUPPLEMENT their motions to suppress within fourteen (14) days from the date below (10/22/04) to include specific and detailed facts to enable the |

| | | |
|---|---|---|
| | | Court to conclude that a substantial claim is presented as to Jimmy Zavala, Johnny Garcia-Esparza. signed by Honorable Orlando L. Garcia (rg) (Entered: 10/25/2004) |
| 10/25/2004 | 427 | Response by USA to motion by Jimmy Zavala: motion to strike other crimes and extraneous conduct from the indictment prior to trial [340-1] (rg) (Entered: 10/26/2004) |
| 10/25/2004 | 428 | Motion by Jimmy Zavala to travel outside jurisdiction to San Antonio, Texas to visit child at the Santa Rosa Hospital (rg) (Entered: 10/26/2004) |
| 10/26/2004 | 429 | ORDER as to Jimmy Zavala denying motion to travel outside jurisdiction to San Antonio, Texas to visit child at the Santa Rosa Hospital [428-1] signed by Honorable Nancy S. Nowak (rg) (Entered: 10/27/2004) |
| 10/26/2004 | 430 | ORDER as to Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Roger Rodriguez, Alfredo Munoz, Ricardo Saenz, Juan Victor Valles, David Merlo, Maria Elena Flores, Jesse Ramirez, Sammy Garcia, Cleto Gonzales, George Estrada, Albert Delgado granting motion to continue jury selection and trial [402-1] as to Johnny Garcia-Esparza (5), granting motion to continue and extend "Ellis" deadline [371-1] as to George Estrada (20), granting motion to continue scheduling order deadlines [341-1] as to Jimmy Zavala (2) scheduling order deadlines continued: Plea agreement to be submitted on or before 5:00 1/14/05; Jury trial reset for 9:30 2/7/05 , and reset Jury selection for 9:30 2/7/05 , all motions including motions in limine shall be filed on or before 12/29/04 , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Orlando L. Garcia (rg) (Entered: 10/27/2004) |
| 11/01/2004 | 450 | ORDER as to Jimmy Zavala denying motion to strike other crimes and extraneous conduct from the indictment prior to trial [340-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 11/02/2004) |
| 11/04/2004 | 454 | Unopposed Motion by Jimmy Zavala to withdraw motion to suppress without prejudice (rg) (Entered: 11/05/2004) |
| 11/08/2004 | 463 | ORDER as to Jimmy Zavala granting motion to withdraw motion to suppress without prejudice [454-1] mooting motion to suppress physical evidence and the fruits thereof [344-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 11/09/2004) |

| 12/21/2004 | 535 | ORDER as to Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia, Cleto Gonzales, Albert Delgado set status conference for 9:30 1/4/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 12/22/2004) |
|---|---|---|
| 01/04/2005 | | Status conference for Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia, Cleto Gonzales, Albert Delgado held. Oral joint motion to continue the trial by defendants. Defendants 3 and 21 move for rearraignment. Jury selection and trial to reset to a later date. Defendants are to file a joint written motion to continue trial. Court to issue order to DOJ requesting a determination of death penalty issue within thirty days. (rg) (Entered: 01/06/2005) |
| 01/04/2005 | | Motion in open court by Jimmy Zavala, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia, Cleto Gonzales "ORAL" to continue jury selection and trial deadlines (rg) Modified on 01/12/2005 (Entered: 01/06/2005) |
| 01/04/2005 | 560 | Minutes of proceedings for Status Conference conducted on 1/4/05 as to Jimmy Zavala, Santos Yanez, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia, Cleto Gonzales, Albert Delgado by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 01/06/2005) |
| 01/05/2005 | 561 | Joint motion by Jimmy Zavala, Johnny Garcia-Esparza to continue jury selection and trial deadlines (rg) (Entered: 01/06/2005) |
| 01/24/2005 | 578 | Motion by Jimmy Zavala for (Blas Delgado) to withdraw as attorney , and to substitute attorney (rg) (Entered: 01/25/2005) |
| 01/26/2005 | 580 | Order as to Jimmy Zavala granting motion for (Blas Delgado) to withdraw as attorney [578-1] as to Jimmy Zavala (2), granting motion to substitute attorney [578-2] terminated; added as to Jimmy Zavala (2) signed by Honorable Orlando L. Garcia (sj) (Entered: 01/27/2005) |
| 01/27/2005 | | Status conference for Jimmy Zavala held: Defendant brought to Court on Order of referral by Judge Garcia to make determination of status of legal representation; court to appoint counsel for defendant (kc) (Entered: 01/28/2005) |
| 01/27/2005 | 583 | Filed CJA Form #20 as to Jimmy Zavala appointing Steven James Pickell (kc) (Entered: 01/28/2005) |
| 01/27/2005 | 584 | Minutes of proceedings for status conference conducted on 1/27/05 as to Jimmy Zavala by Judge Mathy. Court Reporter: |

| | | |
|---|---|---|
| | | ERO (kc) (Entered: 01/28/2005) |
| 02/08/2005 | 593 | ORDER as to Jimmy Zavala, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia granting joint motion to continue jury selection and trial deadlines [561-1] as to Jimmy Zavala (2), Johnny Garcia-Esparza (5), granting oral motion "ORAL" to continue jury selection and trial deadlines [0-0] as to Jimmy Zavala (2), Juan Valdez (4), Johnny Garcia-Esparza (5), Juan Victor Valles (10), Sammy Garcia (17) scheduling order deadlines amended: Plea agreement to be submitted on or before 5:00 3/18/05; Jury trial reset for 9:30 4/4/05 , and reset Jury selection for 9:30 4/4/05 , and order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Orlando L. Garcia (rg) (Entered: 02/09/2005) |
| 03/04/2005 | 641 | ORDER as to Jimmy Zavala, Juan Valdez, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia set pretrial conference for 1:30 3/17/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 03/07/2005) |
| 03/15/2005 | 666 | Sealed document as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia placed under seal (rg) (Entered: 03/23/2005) |
| 03/16/2005 | 667 | SEALED ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia. signed by Honorable Orlando L. Garcia (rg) Modified on 03/23/2005 (Entered: 03/17/2005) |
| 03/16/2005 | | Writ issued as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia issued for 4/4/05. (rg) Modified on 03/23/2005 (Entered: 03/17/2005) |
| 03/17/2005 | 669 | Motion by Jimmy Zavala for Terry McDonald to appear as co-counsel (rg) (Entered: 03/21/2005) |
| 03/21/2005 | 670 | Motion by Jimmy Zavala to continue jury selection and trial settings (rg) (Entered: 03/22/2005) |
| 03/21/2005 | 671 | SEALED ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia signed by Honorable Orlando L. Garcia (rg) (Entered: 03/23/2005) |
| 03/21/2005 | 672 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia set pretrial conference and Daubert Hearing for 9:30 3/25/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 03/23/2005) |

| 03/21/2005 | 673 | Sealed document as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia placed under seal (rg) (Entered: 03/23/2005) |
|---|---|---|
| 03/23/2005 | 675 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Sammy Garcia denying motion to continue jury selection and trial settings [670-1] as to Jimmy Zavala (2), denying motion to continue jury trial set for 4/4/05 [668-1] as to Johnny Garcia-Esparza (5), Sammy Garcia (17) signed by Honorable Orlando L. Garcia (rg) Modified on 03/24/2005 (Entered: 03/23/2005) |
| 03/23/2005 | 676 | ORDER as to Jimmy Zavala granting motion for Terry McDonald to appear as co-counsel [669-1] signed by Honorable Orlando L. Garcia (rg) (Entered: 03/24/2005) |
| 03/25/2005 |  | Pretrial conference for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Motion in limine heard. Motion granted and denied in part, but left some issues in the motion open to be ruled on at another time. Defendant Juan Victor Valles filed a motion for separate trial on count 13 of the indictment. Court heard a proffer from attorney, Terry McDonald regarding government use of Agent Lopez as an expert witness. The Daubert hearing is reset for Wednesday, 3/30/05 at 10:00 a.m. Parties are orally ordered to file any brief they deem appropriate on any issue in this case by Wednesday, March 20, 2005 prior to 10:00 a.m. Motions in limine, voir dire questions, are to be filed by 3/30/05 prior to 10:00 a.m. (rg) (Entered: 03/28/2005) |
| 03/25/2005 | 682 | Minutes of proceedings for Pretrial Conference conducted on 3/25/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 03/28/2005) |
| 03/25/2005 | 683 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia reset pretrial conference and daubert hearing for 10:00 3/30/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 03/28/2005) |
| 03/30/2005 |  | Pretrial conference for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Motion hearing and daubert hearing held. Agent Val Lopez testified regarding his training and experience as a Mexican Mafia expert. Court heard arguments, and an order regarding the admissibility of his testimony will follow. Motions ruled on. (rg) Modified on 04/07/2005 (Entered: 03/31/2005) |
| 03/30/2005 | 694 | Minutes of proceedings for Pretrial Conference and Daubert |

|  |  | Hearing conducted on 3/30/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) Modified on 04/07/2005 (Entered: 03/31/2005) |
|---|---|---|
| 03/30/2005 | 700 | Defendant(s) Jimmy Zavala requested voir dire. (rg) (Entered: 03/31/2005) |
| 03/30/2005 | 701 | Defendant(s) Jimmy Zavala requested voir dire #2. (rg) (Entered: 03/31/2005) |
| 03/30/2005 | 702 | Memorandum on Det. Lopez Testimony by Jimmy Zavala (rg) (Entered: 03/31/2005) |
| 03/31/2005 | 709 | SEALED ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia. signed by Honorable Orlando L. Garcia (rg) (Entered: 04/01/2005) |
| 03/31/2005 | 710 | Statement to Venire as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia of: This statement will be filed of record and distributed to all counsel. The Jury Clerk shall verify that she has read this statement to the venire by signing below. (rg) (Entered: 04/01/2005) |
| 03/31/2005 | 711 | Sealed document placed under seal (rg) (Entered: 04/01/2005) |
| 03/31/2005 | 714 | ORDER as to Johnny Garcia-Esparza, Sammy Garcia granting joint motion for appointment of an expert [688-1] signed by Honorable Orlando L. Garcia and apporved by the Honorable Edward C. Prado, U.S. Circuit Judge (rg) (Entered: 04/01/2005) |
| 04/01/2005 | 712 | SEALED ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia signed by Honorable Orlando L. Garcia (rg) (Entered: 04/01/2005) |
| 04/01/2005 | 713 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia denying motion for disclosure of expert witnesses and for voir dire of experts under Fed.R.Evid. 705 [679-1] as to Johnny Garcia-Esparza (5), Sammy Garcia (17), denying motion for discovery, production and Rule 702 Hearing [678-1] as to Johnny Garcia-Esparza (5), Sammy Garcia (17) signed by Honorable Orlando L. Garcia (rg) (Entered: 04/01/2005) |
| 04/04/2005 |  | Voir dire begins for Jimmy Zavala (2) count(s) 1, 21, 30, 31, 32, 33, Johnny Garcia-Esparza (5) count(s) 1, 17-19, 20, 30, 31, 33, Juan Victor Valles (10) count(s) 1, 32, 33, Sammy Garcia (17) count(s) 1, 20, 32, 33; Mooted motions: motion for pretrial determination of admissibility of co-conspirator's statements |

| | | |
|---|---|---|
| | | [606-1] as to Johnny Garcia-Esparza (5), motion to suppress any and all evidence [598-1] as to Johnny Garcia-Esparza (5), motion for ordering of government's proof or for separate hearing to determine existence of conspiracy for invocation of Rule 801(d)(2)(E)FRCRP [337-1] as to Jimmy Zavala (2), motion to suppress [198-1] as to Johnny Garcia-Esparza (5) (rg) (Entered: 04/05/2005) |
| 04/04/2005 | | Jury selection for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Jurors sworn. (rg) (Entered: 04/05/2005) |
| 04/04/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia begun. (rg) (Entered: 04/05/2005) |
| 04/04/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Rule invoked. Opening statements of counsel for gov/deft. heard. Evidence presented on behalf of govt. Trial recessed to 4/5/05 @ 9:00 a.m. (rg) (Entered: 04/05/2005) |
| 04/04/2005 | 715 | Minutes of proceedings for Jury Selection and Jury Trial conducted on 4/4/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/05/2005) |
| 04/04/2005 | 716 | ORDERED that the jury be sequested beginning 4/5/05 until the end of the trial, from 11:30 a.m. to 2:00 p.m. as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia. signed by Honorable Orlando L. Garcia (rg) (Entered: 04/06/2005) |
| 04/05/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/6/05 @ 9:00 a.m. (rg) (Entered: 04/07/2005) |
| 04/05/2005 | 717 | Minutes of proceedings for Jury Trial conducted on 4/5/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/07/2005) |
| 04/06/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/7/05 @ 9:00 a.m. (rg) (Entered: 04/07/2005) |
| 04/06/2005 | 718 | Minutes of proceedings for Jury Trial conducted on 4/6/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, |

| | | | |
|---|---|---|---|
| | | | Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/07/2005) |
| 04/07/2005 | 719 | | Stipulation Regarding Drugs filed by USA, Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia (rg) (Entered: 04/08/2005) |
| 04/07/2005 | | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Trial recessed to 4/11/05 @ 9:00 a.m. (rg) (Entered: 04/12/2005) |
| 04/08/2005 | 720 | | Minutes of proceedings for Jury Trial conducted on 4/7/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/12/2005) |
| 04/11/2005 | | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/12/05 @ 9:00 a.m. (rg) (Entered: 04/12/2005) |
| 04/11/2005 | 721 | | Minutes of proceedings for Jury Trial conducted on 4/11/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/12/2005) |
| 04/12/2005 | | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/13/05 @ 9:00 a.m. (rg) (Entered: 04/14/2005) |
| 04/13/2005 | 722 | | Minutes of proceedings for Jury Trial conducted on 4/12/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/14/2005) |
| 04/13/2005 | | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/14/05 @ 9:00 a.m. (rg) (Entered: 04/19/2005) |
| 04/14/2005 | 723 | | ORDERED that defendant's objections to the evidence relating to gang activities are OVERRULED as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia. signed by Honorable Orlando L. Garcia (rg) (Entered: 04/15/2005) |
| 04/14/2005 | 724 | | Filed CJA Form #20 appointing Jay Moritz "Rodriguez, "unknown" (rg) (Entered: 04/15/2005) |

| 04/14/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/15/05 @ 9:00 a.m. (rg) (Entered: 04/19/2005) |
|---|---|---|
| 04/15/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Trial recessed to 4/18/05 @ 9:00 a.m. (rg) (Entered: 04/19/2005) |
| 04/18/2005 | 735 | Requested Jury issues by Jimmy Zavala (rg) (Entered: 04/19/2005) |
| 04/18/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Evidence presented on behalf of govt/deft. Government rest. Defendant rest. Trial recessed to 4/19/05 @ 8:30 a.m. Charge conference held. (rg) (Entered: 04/19/2005) |
| 04/18/2005 | | Motion in open court by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia "ORAL" for mistrial (rg) (Entered: 04/19/2005) |
| 04/18/2005 | | Oral order as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Honorable Orlando L. Garcia denying oral motion "ORAL" for mistrial [0-0] (rg) (Entered: 04/19/2005) |
| 04/18/2005 | | Motion in open court by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia "ORLA" for judgment of acquittal (rg) Modified on 04/25/2005 (Entered: 04/19/2005) |
| 04/18/2005 | | Oral order as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Honorable Orlando L. Garcia denying oral motion "ORLA" for judgment of acquittal [0-0] (rg) (Entered: 04/19/2005) |
| 04/19/2005 | 736 | Minutes of proceedings for Jury Trial conducted on 4/13/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/19/2005) |
| 04/19/2005 | 737 | Minutes of proceedings for Jury Trial conducted on 4/14/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/19/2005) |
| 04/19/2005 | 738 | Minutes of proceedings for Jury Trial conducted on 4/15/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, |

| | | |
|---|---|---|
| | | Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/19/2005) |
| 04/19/2005 | 739 | Minutes of proceedings for Jury Trial conducted on 4/18/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/19/2005) |
| 04/19/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Charge conference held. Court charges jury. Closing arguments of counsel for govt/deft. Jury retires to deliberate. Trial recessed (deliberations) to continue 4/20/05 @ 9:00 a.m. (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 742 | Exhibit list by USA as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 743 | Exhibit list by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 744 | Jury Charge/Instructions to the Jury as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 745 | Jury note No.1 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 746 | Court's Response as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia to jury note No.1 [745-1] (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 747 | Jury note No.2 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 748 | Court's Response as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia to jury note No.2 [747-1] (rg) (Entered: 04/25/2005) |
| 04/19/2005 | 749 | Minutes of proceedings for Jury Trial conducted on 4/19/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 741 | Order sequestering jury during deliberations as to Jimmy Zavala signed by Honorable Orlando L. Garcia (rg1) (Entered: |

| | | |
|---|---|---|
| | | 04/21/2005) |
| 04/20/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia held. Jury deliberating. Guilty verdict is returned. Jury polled/discharged. Defendant's remain in custody. Sentencing will be set at a later date. All parties in this case agreed to a non-jury trial on the remaining forfeiture issues in this case. The parties will confer, and, if they are unable to reach an agreement on forfeiture, the matter will be set for non-jury trial at a later date. The government withdrew their exhibits. The government was advised that they are responsible for maintaining those exhibits until this case is resolved. All defendant's exhibits are being mailed to Mr. McDonald, and, Mr. McDonald is adivsed that he is responsible for maintaining those exhibits until this case is resolved. (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 750 | Jury note No.3 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 751 | Court's Response as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia to jury note No.3 [750-1] (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 752 | Jury note No.4 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 753 | Court's Response as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia to jury note No.4 [752-1] (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 754 | Jury note No. 5 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 755 | Court's Response as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia to jury note No.5 [754-1] (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 756 | Jury note No.6 filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia Jury note sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |

| 04/20/2005 | 757 | Jury verdict as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia guilty Jimmy Zavala (2) count(s) 1, 21, 30, 31, 32, 33, Johnny Garcia-Esparza (5) count(s) 1, 17-19, 20, 30, 31, 33, Juan Victor Valles (10) count(s) 1, 13, 32, 33, Sammy Garcia (17) count(s) 1, 20, 32, 33 Unredacted Jury Verdict sealed pursuant to E-Government Act of 2002 (rg) (Entered: 04/25/2005) |
| 04/20/2005 | | Jury trial for Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia concluded. (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 758 | Minutes of proceedings for Jury Trial conducted on 4/20/05 as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 04/25/2005) |
| 04/20/2005 | 759 | Notice of filing Statement to Venire signed by: Norma J. Wagoner, Jury Administrator (rg) (Entered: 04/25/2005) |
| 04/21/2005 | 760 | Transcript filed as to Jimmy Zavala for dates of 9/9/04 (Proceedings Transcribed: Detention and District Court Arraignment) (Court Reporter: Irene Martinez) (rg) (Entered: 04/25/2005) |
| 04/21/2005 | 761 | Transcript filed as to Jimmy Zavala for dates of 8/31/04 (Proceedings Transcribed: Detention and District Court Arraignment) (Court Reporter: Irene Martinez) (rg) (Entered: 04/25/2005) |
| 04/21/2005 | 762 | Sealed document placed under seal (rg) (Entered: 04/25/2005) |
| 04/29/2005 | 763 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia set sentencing for 9:30 7/28/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 05/02/2005) |
| 05/17/2005 | 788 | ORDERED that the parties advise the Court, in writing, by 6/20/05 as to whether they have reached an agreement on the forfeiture issues and, if so, the terms of such agreement as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia signed by Honorable Orlando L. Garcia (rg) (Entered: 05/18/2005) |
| 06/01/2005 | 809 | Sealed document as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia placed under seal (rg) (Entered: 06/06/2005) |
| 06/22/2005 | 844 | Transcript filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia for dates of 4/15/05 |

| | | |
|---|---|---|
| | | (Proceedings Transcribed: Excerpt from proceedings - testimony of Israel Soto) (Court Reporter: Maurice West) (rg) (Entered: 06/23/2005) |
| 06/22/2005 | 845 | Transcript filed as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia for dates of 4/18/05 (Proceedings Transcribed: Excerpt from Proceedings - Testimony of Juan F. Montanez, Jr.) (Court Reporter: Maurice West) (rg) (Entered: 06/23/2005) |
| 06/27/2005 | 863 | AGREED ORDER Jointly and Severally Forfeitable Judgment of Forfeiture as to Jimmy Zavala. signed by Honorable Orlando L. Garcia (rg) (Entered: 06/29/2005) |
| 07/13/2005 | 875 | ORDER as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia reset sentencing for 9:30 8/11/05 signed by Honorable Orlando L. Garcia (rg) (Entered: 07/14/2005) |
| 08/11/2005 | | Sentencing held for Jimmy Zavala (2) count(s) 1,21,30,31, 32,33. Count 1 - Life Imprisonment; five years supervised release and $100 special assessment. Count 21 - Four hundred eighty (480) months imprisonment to run concurrent; five years supervised release to run concurrent; $100 special assessment. Count 30 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run concurrent; $100 special assessment. Count 31 - Sixty (60) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assessment. Count 32 - Three hundred (300) months imprisonment to run consecutive; five years supervised release to run concurrent and $100 special assesment. Count 33 - Two hundred forty (240) months imprisonment to run concurrent; three years supervised release to run and $100 special assessment. (rg) (Entered: 08/16/2005) |
| 08/12/2005 | 882 | Minutes of proceedings for Sentencing conducted on 8/11/05 as to Jimmy Zavala by Judge Garcia. Court Reporter: Maurice West (rg) (Entered: 08/16/2005) |
| 08/17/2005 | 887 | Motion by Jimmy Zavala for (Steven J. Pickell) to withdraw as attorney (rg) (Entered: 08/18/2005) |
| 08/18/2005 | 889 | ORDER as to Jimmy Zavala granting motion for (Steven J. Pickell) to withdraw as attorney [887-1] (Terminated attorney Steven James Pickell for Jimmy Zavala as to Jimmy Zavala (2) signed by Honorable Orlando L. Garcia (rg) (Entered: 08/19/2005) |

| 08/22/2005 | 895 | Notice of appeal by Jimmy Zavala (lp) (Entered: 08/23/2005) |
|---|---|---|
| 08/22/2005 | 896 | Motion by Jimmy Zavala for Terry McDonald to withdraw as attorney , and for appointment of counsel (lp) (Entered: 08/23/2005) |
| 08/23/2005 | | Notice of appeal and certified copy of docket to USCA: as to Jimmy Zavala appeal [895-1] (lp) (Entered: 08/23/2005) |
| 08/23/2005 | 897 | Judgment and Commitment as to, Jimmy Zavala (2) count(s) 1, 21, 30, 31, 32, 33 signed by Honorable Orlando L. Garcia (rg) (Entered: 08/23/2005) |
| 08/23/2005 | | SEALED PSI PLACED IN VAULT as to Jimmy Zavala (rg) (Entered: 08/23/2005) |
| 08/23/2005 | 899 | Order as to Jimmy Zavala granting motion for Terry McDonald to withdraw as attorney [896-1] (Terminated as to Jimmy Zavala (2) signed by Honorable Orlando L. Garcia (lp) (Entered: 08/25/2005) |
| 08/24/2005 | 900 | Filed CJA Form #20 as to Jimmy Zavala appointing Adrienne Urrutia for appeal purposes (lp) (Entered: 08/25/2005) |
| 08/24/2005 | | Mooted motion as to Jimmy Zavala motion for appointment of counsel [896-2] (rg) (Entered: 01/03/2006) |
| 12/05/2005 | 914 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/4/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 915 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/5/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 916 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/6/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for |

| | | Sammy Garcia (mj) (Entered: 12/06/2005) |
|---|---|---|
| 12/05/2005 | 917 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Joe Anthony Perez appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/7/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Joe Anthony Perez (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 918 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/11/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 919 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Joe Anthony Perez appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/12/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Joe Anthony Perez (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 920 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/13/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 921 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/14/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 922 | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/15/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for |

| | | | |
|---|---|---|---|
| | | | Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 923 | | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/18/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 924 | | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 4/19/05 (Proceedings Transcribed: Trial) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 12/05/2005 | 925 | | Transcript filed by Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] for dates of 8/11/05 and 9/14/05 (Proceedings Transcribed: Sentencing Hearings) (Court Reporter: Maurice West) Appeal record due on 12/20/05 for Jimmy Zavala, for Johnny Garcia-Esparza, for Juan Victor Valles, for Sammy Garcia (mj) (Entered: 12/06/2005) |
| 01/23/2006 | | | Certified and transmitted record on appeal to U.S. Court of Appeals: as to Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, Sammy Garcia appeal [907-1], appeal [898-1], appeal [895-1], appeal [886-1], appeal [883-1] (Sent directly to USCA per their request) (lp) (Entered: 01/26/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/27/2006 16:20:11 | | | |
| PACER Login: | au0091 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 5:04-cr-00425-OLG |
| Billable Pages: | 28 | Cost: | 2.24 |

# SEALED

SEALED

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FILED

2006 AUG 18  A 10: 5?

CLERK, US ...
...RN DISTRICT ...

UNITED STATES OF AMERICA,

Plaintiff,

v.

(1) DANIEL LEZA, a/k/a GUMBY,
(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a
      GORDO,
(3) SANTOS YANEZ, a/k/a PUPPET,
(4) JUAN VALDEZ, a/k/a FLY,
(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(6) FERNANDO ESPINOZA, a/k/a SWEET PEA,
(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a
      PELON
(8) ALFREDO MUNOZ, a/k/a TINY,
(9) RICARDO SAENZ, a/k/a COOKIE
      MONSTER
(10) JUAN VICTOR VALLES, a/k/a SMILEY,
(11) JOE ANTHONY PEREZ, a/k/a LITTLE JOE,
(12) HORTENCIA FLORES, a/k/a TENCHA,
(13) DAVID MERLO,
(14) MARY ELENA FLORES, a/k/a HELA
      FLORES,
(15) DIANA FLORES CARRASCO, a/k/a NANCY
      FLORES, a/k/a NANCY CARRASCO,
(16) JESSE RAMIREZ, a/k/a CHUY,
(17) SAMMY GARCIA, a/k/a SPIDERMAN
(18) STEVE HERRERA,
(19) CLETO GONZALES,
(20) GEORGE ESTRADA, a/k/a PRIMO,
(21) ALBERT DELGADO,
(22) MATILDE VALLEJO,
(23) SYLVIA GIL,
(24) ROSEMARY HEWLETT, a/k/a OCHE,
(25) ROGELIO FLORES, a/k/a BOLI,
(26) DANIEL VALLES, a/k/a DIRTY DOG,
      a/ka/ DOG,
(27) TERRY MORIN, a/k/a TERRY FLORES,
(28) EDWARD CISNEROS,

Defendants.

CRIMINAL NO.

S A04 CR 425 OG

I N D I C T M E N T

[▸Vio: 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A) & 846: Conspiracy to
Distribute and to Possess with
Intent to Distribute Heroin;
▸Vio: 21 U.S.C. §§ 841(a)(1),
841(b)(1)(A) & 846: Conspiracy to
Distribute and to Possess with
Intent to Distribute Cocaine;
▸Vio: 21 U.S.C. §§ 841(a)(1) &
841(b)(1)(A)(B), & (C):
Distribution/Possession with Intent
to Distribute Heroin, Cocaine;
▸Vio: 18 U.S.C. §§ 924(c) &
924(o): Conspiracy to Use/Possess
a Firearm in a Drug Trafficking
Crime;
▸Vio: 18 U.S.C. § 924(c):
Use/Possess a Firearm in a Drug
Trafficking Crime;
▸Vio: 18 U.S.C. § 1956(h):
Conspiracy to Launder Money;
▸Vio: 18 U.S.C. § 2: Aiding and
Abetting;]

A true copy of the original. I certify.
Clerk, U. S. District Court

By _____ Deputy

000007

THE GRAND JURY CHARGES:

### COUNT ONE
[21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846]

That beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and continuing until on or about August 1, 2004, in the Western District of Texas and elsewhere, Defendants,

(1) DANIEL LEZA, a/k/a GUMBY,
(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO
(3) SANTOS YANEZ, a/k/a PUPPET,
(4) JUAN VALDEZ, a/k/a FLY,
(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(6) FERNANDO ESPINOZA, a/k/a SWEET PEA,
(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON
(8) ALFREDO MUNOZ, a/k/a TINY,
(9) RICARDO SAENZ, a/k/a COOKIE MONSTER,
(10) JUAN VICTOR VALLES, a/k/a SMILEY,
(11) JOE ANTHONY PEREZ, a/k/a LITTLE JOE,
(12) HORTENCIA FLORES, a/k/a TENCHA,
(13) DAVID MERLO,
(14) MARY ELENA FLORES,
a/k/a HELA FLORES,
(15) DIANA FLORES CARRASCO, a/k/a NANCY FLORES,
a/k/a NANCY CARRASCO,
(16) JESSE RAMIREZ, a/k/a CHUY,
(17) SAMMY GARCIA, a/k/a SPIDERMAN
(18) STEVE HERRERA,
(19) CLETO GONZALES,
(20) GEORGE ESTRADA, a/k/a PRIMO,
(21) ALBERT DELGADO,
(22) MATILDE VALLEJO,
(23) SYLVIA GIL,
(24) ROSEMARY HEWLETT, a/k/a OCHE,
(25) ROGELIO FLORES, a/k/a BOLI,
(26) DANIEL VALLES, a/k/a DIRTY DOG, a/ka/ DOG,
(27) TERRY MORIN, a/k/a TERRY FLORES, and
(28) EDWARD CISNEROS

knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed together and with others known and unknown to distribute and to possess with intent to distribute a controlled

2

000008

substance, which offense involved a kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## OBJECTS OF THE CONSPIRACY

There exists in the Western District of Texas and elsewhere, an organization which calls itself "Mexikanemi" and which is also known as the Texas Mexican Mafia and the abbreviated Spanish name of "*La Eme*" (which translates literally to "The M"). The Texas Mexican Mafia is an organization which is self-dedicated to organized criminal conduct in the principal form of drug trafficking.

The Texas Mexican Mafia was formed in the early 1980's by inmates incarcerated in the Texas state prison system. Its original members banded together behind bars to protect one another from violence from incarcerated non-members and to engage more effectively in organized criminal activity. This criminal activity included drug trafficking in the prison system, assaults on fellow inmates, extortion, and the control and management of prostitution behind bars. The original members were largely from San Antonio, Texas and at some point the Texas Mexican Mafia drafted a "constitution" and declared San Antonio its "capital." As its membership grew and were released from prison, most of them settled in San Antonio where they resumed their criminal conduct.

The members of the Texas Mexican Mafia were and are still governed by a strict code of conduct that was and is enforceable by death or serious injury. The code absolutely prohibits cooperation by any member with law enforcement officials. The Texas Mexican Mafia expressly states that the organization is a group dedicated to crime and violence. One may only become a member of the organization after being asked to join by a "sponsor" or "*padrino*." A threshold

3

CC0CC9

requirement for membership is the carrying out of a "contract" or *cameo* for the organization, which could include any criminal act including the murder of an enemy.

The Texas Mexican Mafia is organized in hierarchical form that includes a president, a vice president, generals, captains, lieutenants, sergeants, and soldiers (also known by the Spanish term for soldiers "*soldados,*" and the informal Spanish term for brothers or close friends "*carnales*"). The Texas Mexican Mafia maintains chapters in most of the large cities in Texas but San Antonio is by far the largest and most active chapter and its officers are accorded special status.

The organization's principal activity and source of income is trafficking in illegal drugs. Its members obtain large quantities of narcotics and distribute them among its membership for sale, that is, conventional street drug distribution. But the Texas Mexican Mafia furthers its drug distribution conspiracy in a less conventional manner: it controls narcotics distribution of non-members by requiring non-members who distribute narcotics to pay a "tax" for the privilege of selling narcotics. This extortion or tax is known as "the dime" or "the ten percent" or by Spanish term for "the dime": "*el daime.*" The organization has imposed and collects a ten percent tax on the proceeds of all illegal drug sales by non-members. Failure to pay the tax will result in serious bodily injury, robbery, or death. In exchange for paying the ten percent drug tax, the Texas Mexican Mafia provides the taxpayer protection from robbery and some degree of protection from competing drug dealers.

The members of the Texas Mexican Mafia have carried out the conspiracy to distribute heroin and cocaine by conventional direct drug sales and by controlling the drug sales by non-members. It controls the distribution of narcotics by non-members by granting permission to sell drugs exclusively to those who pay the ten percent tax.

## MANNER AND MEANS

The Defendants are or were members of the Texas Mexican Mafia during the pendency of

4

000010

the conspiracy to distribute drugs, or have actively assisted members of the Texas Mexican Mafia in this conspiracy. It was part of the combination, conspiracy, confederation and agreement that members of the Texas Mexican Mafia would distribute narcotics, including heroin and cocaine. The Defendants were members of this conspiracy and are criminally responsible for the heroin and cocaine distributed by the Texas Mexican Mafia. The Texas Mexican Mafia, and the Defendants, furthered this conspiracy by:

1. Obtaining heroin and cocaine in large quantities and distributing the heroin and cocaine among members of the Texas Mexican Mafia for further distribution and sale;

2. Controlling the distribution of heroin and cocaine by restricting drug trafficking among non-members of the Texas Mexican Mafia, to only those who paid extortion fees, or the ten percent tax, to the Texas Mexican Mafia;

3. Protecting authorized drug distributors from robbery, violence, and competition; and

4. Using violence in all forms and degrees to enforce the Texas Mexican Mafia requirement that all drug distributors pay the tax in exchange for the privilege of distributing narcotics.

## COUNT TWO
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about September 25, 2003, in the Western District of Texas, Defendant

### (7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about September 26, 2003, in the Western District of Texas, Defendant

5

000011

**(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON**

did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FOUR
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about October 22, 2003, in the Western District of Texas, Defendants

**(13) DAVID MERLO and**
**(15) DIANA FLORES CARRASCO, a/k/a NANCY FLORES, a/k/a NANCY CARRASCO**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.

### COUNT FIVE
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about November 4, 2003, in the Western District of Texas, Defendants

**(13) DAVID MERLO, and**
**(14) MARIA ELENA FLORES, a/k/a HELA FLORES**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT SIX
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);

6

000012

18 U.S.C. § 2]

That on or about November 19, 2003, in the Western District of Texas, Defendants

## (13) DAVID MERLO, and
## (14) MARIA ELENA FLORES, a/k/a HELA FLORES

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled

substance, which offense involved a mixture and substance containing a detectable amount of heroin,

a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT SEVEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about December 2, 2003, in the Western District of Texas, Defendant

## (12) HORTENCIA FLORES, a/k/a TENCHA

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense

involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled

Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT EIGHT
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about December 4, 2004, in the Western District of Texas, Defendant

## (9) RICARDO SAENZ, a/k/a COOKIE MONSTER

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense

involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled

Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT NINE
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about December 9, 2003, in the Western District of Texas, Defendant

7

000013

### (9) RICARDO SAENZ, a/k/a COOKIE MONSTER

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT TEN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about January 13, 2004, in the Western District of Texas, Defendant

### (26) DANIEL VALLES, a/k/a DOG, a/k/a DIRTY DOG

did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT ELEVEN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)
### 18 U.S.C. § 2]

That on or about January 13, 2004, in the Western District of Texas, Defendants

### (25) ROGELIO FLORES, a/k/a BOLI, and
### (27) TERRY MORIN, a/k/a TERRY FLORES

aided and abetted by each other, did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), Title 18, United States Code, Section 2.

### COUNT TWELVE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about January 23, 2004, in the Western District of Texas, Defendant

8

000014

**(8) ALFREDO MUNOZ, a/k/a TINY**

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)
18 U.S.C. § 2]

That on or about January 29, 2004, in the Western District of Texas, Defendants

**(10) JUAN VICTOR VALLES, a/k/a SMILEY,**
**(11) JOE ANTHONY PEREZ, a/k/a LITTLE JOE, and**
**(19) CLETO GONZALES**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), Title 18, United States Code, Section 2.

## COUNT FOURTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about February 5, 2004, in the Western District of Texas, Defendant

**(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON**

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIFTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about February 18, 2004, in the Western District of Texas, Defendant

**(22) MATILDE VALLEJO**

000015

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

That on or about March 10, 2004, in the Western District of Texas, Defendant

### (22) MATILDE VALLEJO

did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about March 17, 2004, in the Western District of Texas, Defendants

### (5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA, and
### (4) JUAN VALDEZ, a/k/a FLY

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about March 23, 2004, in the Western District of Texas, Defendants

### (5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA, and
### (4) JUAN VALDEZ, a/k/a FLY

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled

000016

substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule 1 Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT NINETEEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about March 30, 2004, in the Western District of Texas, Defendants

**(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA, and
(4) JUAN VALDEZ, a/k/a FLY**

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about April 22, 2004, in the Western District of Texas, Defendants

**(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON and
(17) SAMMY GARCIA, a/k/a SPIDERMAN**

aided and abetted by each other, did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B);
18 U.S.C. § 2]

11

000017

That on or about April 22, 2004, in the Western District of Texas, Defendants

### (2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO and (18) STEVE HERRERA

aided and abetted by each other, did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, which offense involved five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

### COUNT TWENTY-TWO
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); 18 U.S.C. § 2]

That on or about April 28, 2004, in the Western District of Texas, Defendants,

### (3) SANTOS YANEZ, a/k/a PUPPET, and (21) ALBERT DELGADO

aided and abetted by each other, did unlawfully, knowingly, and intentionally possess with intent to distribute a controlled substance, which offense involved less than one hundred grams of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT TWENTY-THREE
[18 U.S.C. § 922(g)(1)]

That on or about April 28, 2004, in the Western District of Texas, Defendant,

### (3) SANTOS YANEZ, a/k/a PUPPET,

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, at least one firearm, to-wit: a Colt AR15 rifle, bearing serial number CJC019665, and a Glock Model 22 .40 caliber handgun, bearing serial

12

000018

number SA1269TX, in violation of Title 18, United States Code, Section 922(g)(1);

## COUNT TWENTY-FOUR
[18 U.S.C. § 924(c)(1)(A)(i)]

That on or about April 28, 2004, in the Western District of Texas, Defendant,

### (3) SANTOS YANEZ a/k/a PUPPET,

did knowingly use, carry, and possess at least one firearm, to-wit: a Colt AR15 rifle, bearing serial number CJC019665, and a Glock Model 22 .40 caliber handgun, bearing serial number SA1269TX, in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, that is Possession of Heroin with Intent to Distribute as alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT TWENTY-FIVE
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C);
18 U.S.C. § 2]

That on or about May 7, 2004, in the Western District of Texas, Defendants

### (19) CLETO GONZALES,
### (20) GEORGE ESTRADA, a/k/a PRIMO, and
### (28) EDWARD CISNEROS

aided and abetted by each other, did knowingly, intentionally, and unlawfully distribute a controlled substance, which offense involved a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A);
18 U.S.C. § 2]

That on or about May 12, 2004, in the Western District of Texas, Defendants

### (22) MATILDE VALLEJO, and
### (23) SYLVIA GIL

13

000019

That on or about May 20, 2004, in the Western District of Texas, Defendant

### (28) EDWARD CISNEROS

did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance,

which offense involved a mixture and substance containing a detectable amount of heroin, a

Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

### COUNT THIRTY
### [18 U.S.C. §§ 924(c) and 924(o)]

That beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and

continuing until on or about August 1, 2004, in the Western District of Texas, Defendants,

### (1) DANIEL LEZA, a/k/a GUMBY,
### (2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO
### (3) SANTOS YANEZ, a/k/a PUPPET,
### (5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
### (16) JESSE RAMIREZ, a/k/a CHUY, and
### (19) CLETO GONZALES

did knowingly combine, conspire, confederate, and agree together, and with others known and

unknown to the Grand Jury, to violate Title 18, United States Code, Section 924(c), namely to use,

carry, and possess at least one firearm, to wit:

|   | DESCRIPTION OF FIREARM | SERIAL NO. |
|---|---|---|
| 1 | Mossberg Pistol Grip 500 12 gauge shotgun | P973727 |
| 2 | Mossberg Pistol Grip 500 12 gauge shotgun | J376225 |
| 3 | AK 7.62 X 39 assault rifle | AK2792 |
| 4 | Mossberg Cut Stock 500 12 gauge shotgun | J445597 |
| 5 | AK 7.62 X 39 assault rifle | R644791 |
| 6 | Westernfield Cut Stock 12 gauge shotgun | M550AD |
| 7 | Hi Point 9MM assault rifle | B17694 |

000021

| | | |
|---|---|---|
| 8 | Mossberg Pistol Grip 500 12 gauge shotgun | J009536 |
| 9 | Hi Point 9MM assault rifle | B05653 |
| 10 | Saiga 7.62 X 39 assault rifle | 01100449 |
| 11 | ACC INT / INTRAC assault rifle | AC006261 |
| 12 | AK Sporter 7.62 X 39 assault rifle | no serial number |
| 13 | SKS 7.62 x 39 assault rifle | 07409 |
| 14 | H&K Benelli 12 gauge shotgun | M090181 |
| 15 | M-14S Polytech 308 assault rifle | 10770 |
| 16 | Remmington 870 12 gauge shotgun | V0R0342V |
| 17 | .22 Cal Bolt Action rifle | no serial number |
| 18 | AK 7.62 x 39 assault rifle | BB5313 |
| 19 | 12 Gauge shotgun | no serial number |
| 20 | Carl Gustafs Stads Gevarsfaktori | 191455461 |
| 21 | Union Machine 12 gauge double barrel shotgun | 77439R1010 |
| 22 | SKS 7.62 X 39 assault rifle | 11250892 |
| 23 | Norinco SKS Sporter assault rifle | 9312415 |
| 24 | 7.62 X 39 assault rifle | 82713 |
| 25 | 7.62 X 39 assault rifle | 68715 |
| 26 | Taurus .357 caliber pistol | LG644879 |
| 27 | RG (Rohm) .38 Special pistol | 47090 |
| 28 | Stallard Arms 9MM pistol | 046763 |
| 29 | Ruger .22 caliber Mark II pistol | 217 28757 |
| 30 | Intratech .22 caliber Scorpion pistol | 012601 |
| 31 | Taurus .38 caliber pistol | JK40838 |
| 32 | H. Schmidt Osthim/Thom pistol | 442769 |
| 33 | Thompson Center Arms .222 caliber pistol | 147832 |
| 34 | Sturm Ruger Mark II .22 caliber pistol | 18-25621 |
| 35 | Encore Thompson .44 caliber pistol | 40158 |

000022

| 36 | Standard .32 caliber pistol | no serial number |
|----|------------------------------|-------------------|
| 37 | JC Higgins .22 caliber Model 88 pistol | 953285 |
| 38 | Rohm .38 Special Model 65 pistol | HF 124026 |
| 39 | RG .22 caliber LR pistol | L583621 |
| 40 | Smith & Wesson .38 caliber pistol | 97292 |
| 41 | RG .38 caliber pistol | Q164800 |
| 42 | Smith & Wesson .38 caliber pistol | 550309 |
| 43 | Hi Point 9MM semi-automatic pistol | P033447 |
| 44 | Clarke .22 caliber pistol | 271865 |
| 45 | Lorcin .25 caliber semi-automatic pistol | no serial number |
| 46 | Calwestco .22 caliber semi-automatic pistol | 570342 |
| 47 | Derringer .38 caliber pistol | no serial number |
| 48 | Armi Tanfoglio .25 caliber semi-automatic pistol | G83876 |
| 49 | EIG Derringer .38 caliber pistol | 11595 |
| 50 | PM-11 9MM pistol | 94-0010719 |

during, in relation to, and in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, that is a conspiracy to distribute and to possess with the intent to distribute heroin and cocaine as charged in Count One of this Indictment in violation of Title 18, United States Code, Sections 924(c) and 924(o).

### COUNT THIRTY-ONE
[18 U.S.C. § 924(c); 18 U.S.C. § 2]

On or about April, 29, 2004, in the Western District of Texas, Defendants,

(1) DANIEL LEZA, a/k/a GUMBY,
(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO
(3) SANTOS YANEZ, a/k/a PUPPET,
(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(16) JESSE RAMIREZ, a/k/a CHUY, and
(19) CLETO GONZALES

aided and abetted by each other, did knowingly use, carry, and possess at least one firearm, to wit:

17

000023

| | DESCRIPTION OF FIREARM | SERIAL NO. |
|---|---|---|
| 1 | Mossberg Pistol Grip 500 12 gauge shotgun | P973727 |
| 2 | Mossberg Pistol Grip 500 12 gauge shotgun | J376225 |
| 3 | AK 7.62 X 39 assault rifle | AK2792 |
| 4 | Mossberg Cut Stock 500 12 gauge shotgun | J445597 |
| 5 | AK 7.62 X 39 assault rifle | R644791 |
| 6 | Westernfield Cut Stock 12 gauge shotgun | M550AD |
| 7 | Hi Point 9MM assault rifle | B17694 |
| 8 | Mossberg Pistol Grip 500 12 gauge shotgun | J009536 |
| 9 | Hi Point 9MM assault rifle | B05653 |
| 10 | Saiga 7.62 X 39 assault rifle | 01100449 |
| 11 | ACC INT / INTRAC assault rifle | AC006261 |
| 12 | AK Sporter 7.62 X 39 assault rifle | no serial number |
| 13 | SKS 7.62 x 39 assault rifle | 07409 |
| 14 | H&K Benelli 12 gauge shotgun | M090181 |
| 15 | M-14S Polytech 308 assault rifle | 10770 |
| 16 | Remmington 870 12 gauge shotgun | V080342V |
| 17 | .22 Cal Bolt Action rifle | no serial number |
| 18 | AK 7.62 x 39 assault rifle | BB5313 |
| 19 | 12 gauge shotgun | no serial number |
| 20 | Carl Gustafs Stads Gevarsfaktori | 191455461 |
| 21 | Union Machine 12 gauge double barrel shotgun | 77439R1010 |
| 22 | SKS 7.62 X 39 assault rifle | 11250892 |
| 23 | Norinco SKS Sporter assault rifle | 9312415 |
| 24 | 7.62 X 39 assault rifle | 82713 |
| 25 | 7.62 X 39 assault rifle | 68715 |
| 26 | Taurus .357 caliber pistol | LG644879 |

18

000024

| 27 | RG (Rohm) .38 Special pistol | 47090 |
| 28 | Stallard Arms 9MM pistol | 046763 |
| 29 | Ruger .22 caliber Mark II pistol | 217-28757 |
| 30 | Intratech .22 caliber Scorpion pistol | 012601 |
| 31 | Taurus .38 caliber pistol | JK40838 |
| 32 | H. Schmidt Osthim/Thom pistol | 442769 |
| 33 | Thompson Center Arms .222 caliber pistol | 147832 |
| 34 | Sturm Ruger Mark II .22 caliber pistol | 18-25621 |
| 35 | Encore Thompson .44 caliber pistol | 40158 |
| 36 | Standard .32 caliber pistol | no serial number |
| 37 | JC Higgins .22 caliber Model 88 pistol | 953285 |
| 38 | Rohm .38 Special Model 65 pistol | ITF 124026 |
| 39 | RG .22 caliber LR pistol | L583621 |
| 40 | Smith & Wesson .38 caliber pistol | 97292 |
| 41 | RG .38 caliber pistol | Q164800 |
| 42 | Smith & Wesson .38 caliber pistol | 550309 |
| 43 | Hi Point 9MM semi-automatic pistol | P033447 |
| 44 | Clarke .22 caliber pistol | 271865 |
| 45 | Lorcin .25 caliber semi-automatic pistol | no serial number |
| 46 | Calwestco .22 caliber semi-automatic pistol | 570342 |
| 47 | Derringer .38 caliber pistol | no serial number |
| 48 | Armi Tanfoglio .25 caliber semi-automatic pistol | G83876 |
| 49 | EIG Derringer .38 caliber pistol | 11595 |
| 50 | PM-11 9MM pistol | 94-0010719 |

during, in relation to, and in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, that is, a conspiracy to distribute and to possess with the intent to distribute heroin and cocaine as charged in Count One of this Indictment, in violation of Title 18, United States

000025

Code, Section 924(c) and Title 18, United States Code, Section 2.

## COUNT THIRTY-TWO
### [18 U.S.C. § 924(c); 18 U.S.C. § 2]

That on or about May 14, 2003, in the Western District of Texas, Defendants,

(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO,
(3) SANTO YANEZ, a/k/a PUPPET,
(10) JUAN VICTOR VALLES, a/k/a SMILEY, and
(17) SAMMY GARCIA, a/k/a SPIDERMAN

aided and abetted by each other, did knowingly use, carry, and possess at least one firearm, to-wit:

a Taurus .9 millimeter handgun, bearing serial number L20209; and a Davis Industries .380 caliber

handgun, bearing serial number AP355098, in furtherance of a drug trafficking crime that may be

prosecuted in a court of the United States, that is Conspiracy to Distribute and to Possess Intent to

Distribute Heroin and Cocaine, as alleged in Count One of this Indictment, in violation of Title 18,

United States Code, Section 924(c) and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE
### [18 U.S.C. § 1956(h)]

That beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and

continuing until on or about August 1, 2004, in the Western District of Texas, Defendants,

(1) DANIEL LEZA, a/k/a GUMBY,
(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO
(3) SANTOS YANEZ, a/k/a PUPPET,
(4) JUAN VALDEZ, a/k/a FLY,
(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(6) FERNANDO ESPINOZA, a/k/a SWEET PEA,
(7) ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON
(8) ALFREDO MUNOZ, a/k/a TINY,
(9) RICARDO SAENZ, a/k/a COOKIE MONSTER,
(10) JUAN VICTOR VALLES, a/k/a SMILEY,
(11) JOE ANTHONY PEREZ, a/k/a LITTLE JOE,
(12) HORTENCIA FLORES, a/k/a TENCHA,
(13) DAVID MERLO,
(14) MARY ELENA FLORES,
a/k/a HELA FLORES,

20

000026

(15) DIANA FLORES CARRASCO, a/k/a NANCY FLORES,
a/k/a NANCY CARRASCO,
(16) JESSE RAMIREZ, a/k/a CHUY;
(17) SAMMY GARCIA,
(18) STEVE HERRERA,
(19) CLETO GONZALES,
(20) GEORGE ESTRADA, a/k/a PRIMO,
(21) ALBERT DELGADO,
(22) MATILDE VALLEJO,
(23) SYLVIA GIL,
(24) ROSEMARY HEWLETT, a/k/a OCHE,
(25) ROGELIO FLORES, a/k/a BOLI,
(26) DANIEL VALLES, a/k/a DIRTY DOG, a/ka/ DOG,
(27) TERRY MORIN, a/k/a TERRY FLORES, and
(28) EDWARD CISNEROS

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, together, and with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Section 1956 , as follows:

a) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, described below, which involved property which was the proceeds of specified unlawful activity, to wit, the illegal distribution of controlled substances, with the intent to promote the carrying on of said specified unlawful activity, to wit: by collecting a mandatory "tax" on the proceeds of narcotics sold in exchange for granting the seller of narcotics authorization to sell narcotics, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy included the following: to control the distribution of controlled substances by restricting permission to sell controlled substances to those who paid a "tax" on the proceeds of drug distribution. The conspirators used the "tax" collected to buy controlled substances which were then distributed by other members of the conspiracy. In addition, the "tax" collected was used to support and maintain the conspirators so they could continue to engage in the distribution

21

000027

of controlled substances and extortionate collection of the "tax." (Count One of this Indictment is incorporated and adopted in this count.)

## MANNER AND MEANS

It was part of the combination, conspiracy, confederation and agreement that the Defendants would promote the specified unlawful activity by:

1. Controlling the distribution of heroin and cocaine by restricting drug trafficking among non-members of the Texas Mexican Mafia, to only those who paid extortion fees, or the ten percent tax, to the Texas Mexican Mafia.

2. Using the extortion tax to obtain heroin and cocaine in large quantities and distributing the heroin and cocaine among members of the Texas Mexican Mafia for further distribution and sale.

3. Protecting drug distributors who paid the extortion tax from robbery, violence, and competition; and

4. Using violence in all forms and degrees to enforce the Texas Mexican Mafia requirement that all drug distributors pay the tax in exchange for the privilege of distributing narcotics, all in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF RELEVANT SENTENCING FACTS FOUND BY THE GRAND JURY

## THE GRAND JURY FINDS AND CHARGES:

1. The offense alleged in Count One involved one hundred and fifty kilograms or more of cocaine;

2. The offense alleged in Count One involved thirty kilograms or more of heroin;

3. Jose Luis Moreno, was killed on July 9, 2002, under circumstances that would constitute murder under Title 18, United States Code Section 1111 (had the killing taken place within the territorial or maritime jurisdiction of the United States), that is: the unlawful killing of a human being with malice aforethought. The murder was a reasonably foreseeable act in furtherance of the conspiracy alleged in Count One, and occurred during the commission of the conspiracy alleged in Count One, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the said conspiracy;

22

000028

4. The following Defendants exercised an aggravating role in the offenses alleged in this Indictment:

(1) DANIEL LEZA, a/k/a GUMBY,
(2) JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO
(3) SANTOS YANEZ, a/k/a PUPPET,
(5) JOHNNY GARCIA-ESPARZA, a/k/a GIRA,
(16) JESSE RAMIREZ, a/k/a CHUY, and
(19) CLETO GONZALES

that is, each Defendants' role was that of organizer, leader, manager, and supervisor, in criminal activity that involved five or more participants, and was otherwise extensive;

5. A dangerous weapon, including a firearm, was possessed in the commission of the offenses alleged in this Indictment.

## NOTICE OF UNITED STATES' DEMAND FOR FORFEITURE

1.
### Controlled Substance Violations
[Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(A)(B) & (C), 846, and 853]

### Money Laundering Violations
[Title 18, U.S.C. § 1956(h)]
As a result of the foregoing criminal violations as set forth in Counts One (1) to Twenty-two (22), Counts Twenty-Five (25) to Twenty-nine(29), and Count Thirty-Three (33) of this Indictment, which are punishable by imprisonment for more than one year, DEFENDANTS DANIEL LEZA, a/k/a GUMBY (1), JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO (2), SANTOS YANEZ, a/k/a PUPPET (3), JUAN VALDEZ, a/k/a FLY (4), JOHNNY GARCIA-ESPARZA, a/k/a GIRA (5), FERNANDO ESPINOZA, a/k/a SWEET PEA (6), ROGER RODRIGUEZ, a/k/a FLACO, a/k/a PELON (7), ALFREDO MUNOZ, a/k/a TINY (8), RICARDO SAENZ, a/k/a COOKIE MONSTER (9), JUAN VICTOR VALLES, a/k/a SMILEY (10), JOE ANTHONY PEREZ, a/k/a LITTLE JOE (11), HORTENCIA FLORES a/k/a TENCHA (12), DAVID MERLO (13), MARY ELENA FLORES, a/k/a HELA FLORES (14), DIANA FLORES CARRASCO, a/k/a NANCY FLORES, a/k/a NANCY CARRASCO (15), JESSE RAMIREZ,

23

000029

a/k/a CHUY (16), SAMMY GARCIA, a/k/a SPIDERMAN (17), STEVE HERRERA (18), CLETO GONZALES (19), GEORGE ESTRADA, a/k/a PRIMO (20), ALBERT DELGADO (21), MATILDE VALLEJO (22), SYLVIA GIL (23), ROSEMARY HEWLETT, a/k/a OCHE (24), ROGELIO FLORES, a/k/a BOLI (25), DANIEL VALLES, a/k/a DIRTY DOG, a/ka/ DOG (26), TERRY MORIN, a/k/a TERRY FLORES (27), EDWARD CISNEROS (28) shall forfeit to the shall forfeit to the United States of America, pursuant to Title 21, United States Code (U.S.C.) §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) & (C), 846, and 853 any and all property, as follows:

    a.    Any and all property constituting, or derived from, any proceeds **DEFENDANTS** obtained, directly or indirectly, as a result of such violations; and/or

    b.    Any and all of **DEFENDANTS'** property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations;

thereby making **DEFENDANTS'** right, title, and interest in said property, and all property traceable to such property, forfeitable to the United States of America.

And pursuant to Title 18 U.S.C. §§ 1956(h) and 982(a)(1), **DEFENDANTS'** shall forfeit to the United States of America, any and all property,

    real or personal, involved in violation of section 1956, or any property traceable to such property.

Therefore, the property that is forfeitable to the United States includes, but is not limited to the following:

1.    <u>**Personal Money Judgements as to each Defendant named in this Indictment:**</u>

Pursuant to the above cited statutes and pursuant to Rule 32.2 of the Rules of Criminal Procedure, any and all right, title, and interest of **EACH DEFENDANT NAMED IN THIS INDICTMENT**, in a money judgment in the sum of Three Hundred Thousand dollars and no cents ( $300,000.00 ), and any interest and proceeds traceable thereto; and which is jointly and severally forfeitable from **EACH DEFENDANT NAMED IN THIS INDICTMENT**, in that such sum in

24

aggregate is property which was involved in the aforementioned offenses or is traceable to such property. Said property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(A)(B) & (C), 846, 853 and Title 18 U.S.C. §§ 1956(h) and 982; and subject to forfeiture pursuant to Title 21 U.S.C. § 853 and Title 18 U.S.C. § 982.

2.      Defendant SANTOS YANEZ a/k/a PUPPET (3):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT SANTOS YANEZ, a/k/a/ PUPPET (3), in certain personal property described as follows:

> Fourteen Thousand Dollars and No Cents ($14,000.00) in
> United States Currency,

said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, and as set forth in Count One (1), Count Twenty-two (22), Count Twenty-three (23), Count Twenty-four (24), Count Thirty (30), Count Thirty-one (31), Count Thirty-two (32), and Count Thirty-three (33) of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853.

3.      Defendant JOHNNY GARCIA-ESPARZA a/k/a GIRA (5):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT JOHNNY GARCIA-ESPARZA a/k/a GIRA (5) in certain personal property described as follows:

> Eight Thousand, Three Hundred, Sixty Dollars and No Cents
> ($8,360.00) in United States Currency,

said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, as set forth in Count One (1), Count Seventeen (17), Count Eighteen (18), Count Nineteen (19), Count Twenty (20), Count Thirty (30), Count Thirty-one (31), and Count Thirty-three (33) of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853.

25

4.    Defendant FERNANDO ESPINOZA a/k/a SWEET PEA (6):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT FERNANDO ESPINOZA a/k/a/ SWEET PEA (6) in certain personal property described as follows:

Ten Thousand Dollars and No Cents ($10,000.00) in United States Currency,

all said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, Title 18 U.S.C. § 1956(h) as set forth in Count One (1), and Count Thirty-three (33), of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853 and Title 18 U.S.C. § 982(a)(1).

5.    Defendant JESSE RAMIREZ a/k/a CHUY (16):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT JESSE RAMIREZ a/k/a/ CHUY (16) in certain personal property described as follows:

Five Thousand, Five Hundred, Thirty-four Dollars and No Cents ($5,534.00) in United States Currency,

all said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), and 846, as set forth in Count One (1), Count Thirty(30), Count Thirty-one (31), and Count Thirty-three (33) of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853.

6.    Defendant SAMMY GARCIA a/k/a SPIDERMAN (17):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT SAMMY GARCIA a/k/a SPIDERMAN (17) in certain personal property described as follows:

Two Thousand, Seven Hundred, Nine Dollars and No Cents ($2,709.00) in United States Currency,

said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as set forth in Counts One (1), Count Twenty (20), Count Thirty-two (32) and Count Thirty-three (33)

26

000032

of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853.

7.    Defendant GEORGE ESTRADA a/k/a PRIMO (20):

ANY AND ALL RIGHT, TITLE, AND INTEREST OF DEFENDANT GEORGE ESTRADA a/k/a PRIMO (20) in certain personal property described as follows:

> Five Thousand, Five Hundred, Fifty Dollars and No Cents
> ($5,550.00) in United States Currency,

said personal property being in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, as set forth in Count One (1), Count Twenty-five (25), Count Twenty-eight (28) and Count Thirty-three (33) of this herein Indictment, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 853.

## II.
## Firearms Violations
**[Title 18 U.S.C. §§ 922(g)(1), 924(c) and 924(o), (made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations as set forth in Count Twenty-three (23), Count Twenty-four (24), Count Thirty (30), Count Thirty-one (31), and Count Thirty-two (32) in this Indictment which are punishable by imprisonment for more than one year, DEFENDANTS DANIEL LEZA, a/k/a/ GUMBY (1), JIMMY ZAVALA, a/k/a PANSON, a/k/a GORDO (2), SANTOS YANEZ a/k/a PUPPET (3), JOHNNY GARCIA-ESPARZA, a/k/a GIRA (5), JUAN VICTOR VALLES a/k/a SMILEY (10), JESSE RAMIREZ, a/k/a CHUY (16), SAMMY GARCIA a/k/a SPIDERMAN (17), and CLETO GONZALES (19) shall forfeit to the United States of America, pursuant to Title 21 U.S.C. § 881(a)(11), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), any and all right, title, and interest in:

> any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property set

27

000033

forth in paragraph (1) or (2) [of Title 21, U.S.C. § 881(a)], and any proceeds traceable to such property, and specifically:

listed and described in Count Twenty-three (23), Count Twenty-four (24), Count, Thirty (30), Count Thirty-one (31), and Count Thirty-two (32) in this Indictment. All said firearms being in violation of Title 18 U.S.C. §§ 924(c) and 924(o) and subject to forfeiture to the United States of America, pursuant to Title 21 U.S.C. § 982, made applicable to criminal forfeiture by Title 28 U.S.C. § 246.

## III.
### Substitute Assets
### [Title 21 U.S.C. § 853(p)]

If any of the properties described above in Paragraphs I and II above, as being subject to forfeiture pursuant to Title 21 U.S.C. § 853 and/or Title 18 U.S.C. § 982, as a result of any act or omission of DEFENDANTS:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America, pursuant to Title 21 U.S.C. § 853(p), [See also Title 18 U.S.C. § 982(b)(1)] to seek forfeiture of any other property of said DEFENDANTS up to the value of said sum listed above, pursuant to the provisions of Title 21 U.S.C. § 853(p).

000034

A TRUE BILL,

_____
FOREPERSON

JOHNNY SUTTON
United States Attorney

By: _____
JOEY CONTRERAS
Assistant United States Attorney

29

Filed

Clerk, U. S. District Court
Western District of Texas

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Cause No: SA-04-CR-425-OG |
| v. | § | |
| | § | |
| | § | |
| JIMMY ZAVALA (2), | § | |
| JOHNNY GARCIA-ESPARZA (5), | § | |
| JUAN VICTOR VALLES (10), | § | |
| SAMMY GARCIA (17), | § | |
| | § | |
| Defendants. | § | |

## VERDICT

As to Count One of the Indictment we the jury find the defendant, JIMMY ZAVALA

__Guilty__.
[Guilty or Not Guilty]

As to Count One of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

__Guilty__.
[Guilty or Not Guilty]

As to Count One of the Indictment we the jury find the defendant, JUAN VICTOR VALLES

__Guilty__.
[Guilty or Not Guilty]

As to Count One of the Indictment we the jury find the defendant, SAMMY GARCIA

__Guilty__.
[Guilty or Not Guilty]

1

757

As to Count Thirteen of the Indictment we the jury find the defendant, JUAN VICTOR VALLES

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Seventeen of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Eighteen of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Nineteen of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Twenty of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Twenty of the Indictment we the jury find the defendant, SAMMY GARCIA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Twenty-one of the Indictment we the jury find the defendant, JIMMY ZAVALA

_____*Guilty*_____.
[Guilty or Not Guilty]

As to Count Thirty of the Indictment we the jury find the defendant, JIMMY ZAVALA

_____*Guilty*_____.
[Guilty or Not Guilty]

2

As to Count Thirty of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA.

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-one of the Indictment we the jury find the defendant, JIMMY ZAVALA

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-one of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA.

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-two of the Indictment we the jury find the defendant, JIMMY ZAVALA

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-two of the Indictment we the jury find the defendant, JUAN VICTOR VALLES

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-two of the Indictment we the jury find the defendant, SAMMY GARCIA

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-three of the Indictment we the jury find the defendant, JIMMY ZAVALA

*Guilty*
[Guilty or Not Guilty]

As to Count Thirty-three of the Indictment we the jury find the defendant, JOHNNY GARCIA-ESPARZA

*Guilty*
[Guilty or Not Guilty]

3

As to Count Thirty-three of the Indictment we the jury find the defendant, JUAN VICTOR VALLES

*Guilty*
_____.
[Guilty or Not Guilty]

As to Count Thirty-three of the Indictment we the jury find the defendant, SAMMY GARCIA

*Guilty*
_____.
[Guilty or Not Guilty]

Do you find beyond a reasonable doubt that JIMMY ZAVALA was a leader or organizer of the conspiracy alleged in Count One of the Indictment?

*Yes*
_____.
[Answer Yes or No]

Do you find beyond a reasonable doubt that SAMMY GARCIA was a leader or organizer of the conspiracy alleged in Count One of the Indictment?

*Yes No 28*
_____.
[Answer Yes or No]

Do you find beyond a reasonable doubt that JOHNNY GARCIA-ESPARZA was a leader or organizer of the conspiracy alleged in Count One of the Indictment?

*Yes*
_____.
[Answer Yes or No]

Do you find beyond a reasonable doubt that JIMMY ZAVALA committed a home invasion of Steve Pedraza on May 14, 2003?

*Yes*
_____.
[Answer Yes or No]

Do you find beyond a reasonable doubt that JIMMY ZAVALA intentionally and knowingly killed Jose Luis Moreno?

*No*
_____.
[Answer Yes or No]

*28*
_____
FOREPERSON *

*Please evidence signature          Date: *4/20/05*
by writing juror number only.

4

(W.D.TX. Ref: 245B)(Rev. 02/05) - Judgment in a Criminal Case

## UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

Filed 8/23/2005 10:36 a.m.
Clerk, U. S. District Court
Western District of Texas

By _____ Deputy

UNITED STATES OF AMERICA

v.                                           Case Number    SA-04-CR-425(2)-OG
                                             USM Number     49053-180

JIMMY ZAVALA, AKA, PANSON, GORDO,
Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JIMMY ZAVALA, AKA, PANSON, GORDO, was represented by Mr. Steven James Pickell, and, Mr. Terrence W. McDonald.

The defendant was found guilty on Count(s) One, Twenty One, Thirty, Thirty One, Thirty Two, and, Thirty Three by a jury verdict on April 20, 2005 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 contrary to 21 U.S.C. 841(a)(1) & 21 U.S.C. 841((b)(1)(A) | Conspiracy to Distribute & Possess With Intent to Distribute One Kilogram or more of Heroin and Five Kilograms or more of Cocaine | Beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and continuing until on or about August 1, 2004 | One |
| 21 U.S.C. 841(a)(1), 21 U.S.C. 841(b)(1)(B) 18 U.S.C. 2 | Possession With Intent to Distribute 500 Grams or More of Cocaine & Aiding and Abetting said Offense | On or about April 22, 2004 | Twenty One |
| 18 U.S.C. 924(c) & 18 U.S.C. 924(o) | Conspiracy to Use, Carry, Possess at Least One Firearm During and in Furtherance of a Drug Trafficking Crime | Beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and continuing until on or about August 1, 2004 | Thirty |
| 18 U.S.C. 924(c) & 18 U.S.C. 2 | Use, Carry, Possess at Least One Firearm During and in Furtherance of a Drug Trafficking Crime & Aiding and Abetting said Offense | On or about April 29, 2004 | Thirty One |
| 18 U.S.C. 924(c) & 18 U.S.C. 2 | Use, Carry, and Possess Firearms During and in Furtherance of a Drug Trafficking Crime & Aiding and Abetting said offense | On or about May 14, 2003 | Thirty Two |
| 18 U.S.C. 1956(h) | Conspiracy to Launder Money | Beginning on or about August 1, 1999, the exact date unknown to the Grand Jurors, and continuing until on or about August 1, 2004 | Thirty Three |

As pronounced on August 11, 2005, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the ___18th___ day of August, 2005.

_____
ORLANDO L. GARCIA
United States District Judge

(W.D.TX. Ref: 245B)(Rev. 02/05) - Imprisonment

Judgment--Page 2

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **LIFE IMPRISONMENT**. This term of imprisonment consists of Life Imprisonment on Count One; 480 months on Count Twenty One; 240 months on each of Counts Thirty and Thirty Three; Counts One, Twenty One, Thirty, and, Thirty Three are to be served concurrently with each other; 60 months on Count Thirty One to be served consecutively to Counts One, Twenty One, Thirty and Thirty Three; and 300 months on Count Thirty Two, to be served consecutively to Counts One, Twenty One, Thirty, Thirty One and Thirty Three.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
     Deputy Marshal

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 3

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. This term of supervised release consists of 5 years on each of Counts One, Twenty One, Thirty One and Thirty Two, and 3 years on each of Counts Thirty and Thirty Three, all to be served concurrently.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X     The defendant shall not associate with any member of the Mexikanemi, also known as The Texas Mexican Mafia or any other group, gang, or organization defined as a criminal street gang by federal or state law.

(W.D.TX, Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 4

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

## CONDITIONS OF SUPERVISION

### Mandatory Conditions:

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S. C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

### Standard Conditions:

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Supervised Release

Judgment--Page 5

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

(W.D.TX. Ref: 245B)(Rev. 02/05) - CMP

Judgment--Page 6

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $600.00 | $0 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $600.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

(W.D.TX. Ref: 245B)(Rev. 02/05) - Forfeiture

Judgment--Page 7

Defendant: JIMMY ZAVALA, AKA, PANSON, GORDO
Case Number: SA-04-CR-425(2)-OG

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

It is ordered, pursuant to the agreed money judgment of forfeiture, that the defendant shall forfeit to the United States a money judgment in the sum of One Hundred Thousand Dollars and no cents ($100,000.00), and any interest and proceeds traceable thereto, which is jointly and severally forfeitable from defendants Jimmy Zavala, Johnny Garcia-Esparza, Juan Victor Valles, and Sammy Garcia, in that such sum in aggregate is property which was involved in the aforestated offenses or is traceable to such property. The Court's Final Judgment of Forfeiture shall be entered at the completition of the ancillary proceeding.

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS AUG 22  1 48 PM '05
SAN ANTONIO DIVISION    CLER·
                        WESTE        . NT
                                     : XAS

UNITED STATES OF AMERICA                CRIMINAL NO. SA-04-CR-425(2)  06
    Plaintiff.

v.

JIMMY ZAVALA
    Defendant

## MOTION TO WITHDRAW

Now comes the defendant, JIMMY ZAVALA, and files this Motion to Withdraw. In support thereof the defendant would show the Court as follows:

I

The defendant contracted to hire Terry McDonald for representation as lead counsel for the trial of this case. Counsel has not been retained for the purpose of appeal. Additionally, the defendant is incarcerated and is at this time indigent and requests court appointed counsel for the purpose of appeal..

II.

Counsel has also been requested to , and hereby does, give Notice of Appeal on behalf of the defendant

Wherefore, premises considered, the defendant respectfully requests this Motion be Granted and the clerk record that Notice of Appeal has been filed.

Respectfully submitted,

Terry McDonald
101 Stumberg
(210) 222-9016
SBN 13559500

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion has been mailed to the Assistant United States Attorney on the 22nd day of Augeust, 2005..

Terry McDonald

Q    You talked to the police on -- and I apologize, but I'm having to read from the report I just got -- on or about the 2nd of September of 2003, didn't you?

A    The 2nd or 1st.  One of them two I guess.

Q    Well, when I say on or about I mean close to that date?

A    Oh, okay.

Q    Right?

A    Yes.

Q    Now previously having testified that you knew Mr. Valles, if the police had asked you, "Do you recognize that person coming out of that vehicle?" you would know immediately that it was him, right?

A    Yes.

MR. BRAVENEC:  May I approach the witness, Your Honor?

THE COURT:  Yes, you may.

Q    Do you remember talking to an Officer P. Joke [phonetic], Badge No. 950, about this case?

A    At the scene?

Q    Yes.

A    Yes.

Q    Do you remember telling him -- and here the complainant is you.  Do you remember telling him that you, Luis Adame:

"Said he didn't know any of the people

that got out of that van shooting at him"?

Do you remember saying that, yes or no?

A    The reason I said that is because --

Q    Yes or no?

A    I wanted to get them myself.

Q    Yes or no?

A    I wanted him myself.

THE COURT:  Wait, wait.

A    This is what he did to me.

THE COURT:  Wait.  Sit down.

A    He shot me.

THE COURT:  Get him out of here.  Out, out, out.

MARSHALL: Step this way, please.

THE COURT:  I don't have time for nonsense.  Out. And I'm going to tell the prosecution don't ever bring someone who's just going to show a lot of nonsense.  Next witness.

MR. BRAVENEC:  May his testimony be --

THE COURT:  It's all struck.  Let's go.

MR. BRAVENEC:  Motion to disregard.

THE COURT:  Motion to disregard.  Just pretend the gentleman was never there.

MR. CONTRERAS:  Dr. Kim Molina, Your Honor.

MR. BRAVENEC:  I'm sorry, Your Honor.  I need to make a motion for mistrial.

THE COURT:  I understand.  That's denied.  Thank you. The motion is made as to each defendant and it's denied as to

each defendant.

**KIMBERLY MOLINA, GOVERNMENT'S WITNESS, SWORN**

THE COURT:  And let me say again the jury is strictly advised to delete from your memory the testimony and the appearance of this last defendant [sic].  Okay?  And I will say that again in the jury charge whenever we get to that point.  Okay.

**DIRECT EXAMINATION**

**BY MR. CONTRERAS:**

Q    Tell us your name, please, ma'am?

A    Dr. Kimberly Molina.

Q    What do you do for a living, ma'am?

A    I'm a medical examiner with the Bexar County Medical Examiner's Office.

Q    You're a medical doctor?

A    Yes.  I'm sorry.  I'm a medical examiner with the Bexar County Medical Examiner's Office.

Q    Okay, and just briefly, what do you do over there as a medical doctor for the Medical Examiner's Office?

A    Medical examiners perform autopsies to determine the cause and manner of death.

Q    Okay.  And do you recall working a case that you-all used the number of 2003-1855?

A    Yes.

Q    Who was the decedent in that case?

2654

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or argument made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain fats or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. As I told you during the trial, I also struck the entire testimony of Luis Adame, and you are instructed to disregard his testimony in its entirety. You shall not consider any part of his testimony for any reason whatsoever. Your verdict must be solely based on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions on the law, you should disregard anything I may have said during

27

second conviction, even if charged in the same indictment, the second conviction must carry a minimum of 25 years.

THE COURT:  Which is how many months?

MR. McDONALD:  It's more than 60.

PROBATION OFFICER:  Three hundred, Your Honor.

MR. CONTRERAS:  I'm going to double check it.

PROBATION OFFICER:  Three hundred months.

THE COURT:  Okay.

MR. CONTRERAS:  It's 300 months.

**(Counsel confer off the record.)**

THE COURT:  Okay.  All right.  And your other objections, Counselor?

MR. PICKELL:  Yes, Your Honor, but I believe the Court has already addressed some of them in Mr. Valles' case.

We would object to the quantities of drugs that are assessed against Mr. Zavala and as the only thing that was presented in the indictment was five kilos or more of heroin and five kilos or more of cocaine.

We would object also under *Booker* and *Apprendi* to the inclusion of the alleged murders of Raymundo Rodriguez, Henry Cantu, and Jose Luis Moreno.  And specifically with regards to the alleged murder of Jose Luis Moreno, that was presented to the jury and the jury found that that was not proven beyond a reasonable doubt.

THE COURT:  So that part of the pre-sentence report

28

can be revised, Mr. Contreras?

MR. CONTRERAS: No, I don't think it's necessary, Your Honor. In fact the Supreme Court has visited the issue. It said in *Watts vs. United States*, it says:

> "Even conduct that has been acquitted can still be used to determine to guidelines because while the jury found it wasn't proven beyond a reasonable doubt, sentencing is determined by a preponderance of the evidence."

THE COURT: Okay. All right, go ahead.

MR. PICKELL: We would object also the adjustment for obstruction of justice, which was the alleged escape plot, for the reason that there is not sufficient credible evidence to show that Mr. Zavala was involved in that in any way. I think the only evidence on that was the testimony of Israel Soto and that evidence, I believe, established that that escape plan had been made before Mr. Zavala even arrived on that cell block.

And with regards to the gun charges, specifically I believe in Count Thirty-Two, we would submit that there's not sufficient reliable evidence to establish that Mr. Zavala had anything to do with those guns. The evidence I believe was that it might have been customary in the Mexican Mafia that a general would have say-so over those guns, but there was no

29

direct evidence that Mr. Zavala had any knowledge of those guns or used them in any way.

We'd also object that this would not be a second conviction as they're both in the same indictment. I don't think there was any evidence as to when those guns came into possession of any of the defendants, especially of Mr. Zavala, to show that that took place before or after the other one.

I believe those are all the objections that I have, Your Honor.

THE COURT: Okay. Mr. McDonald, any further objections?

MR. McDONALD: Formal objections have been filed in writing and we would assert each and every one individually as stated and would request a ruling on each and every one individual.

THE COURT: Okay. Yes, I think that'd be the wise course to take. Yes.

MR. McDONALD: Okay. And the other thing is any other remarks I'll save for allocution, Your Honor.

THE COURT: Okay. Let me ask Mr. Contreras or Mr. Sepeda, are you in possession, do you have a copy of the formal objections filed on August 5th, 2005?

MR. CONTRERAS: Right here, Judge, we have it.

THE COURT: Okay, let's review each of them.

Number one: "Defendants object to Paragraph 8

on Page 8 stating that Mr. Zavala was an enforcer, was promoted to general and made all important decisions. Defendant objects to the statements that defendant was one of the few people authorized to issue a house gun."

What's the Government's response?

MR. CONTRERAS: Ask the Court to recall the evidence and they were pretty strict that only the top leadership could give authorization to issue a gun.

THE COURT: Okay, that objection is denied.

Objection Number 2: "Defendant objects to Paragraph 13. There is insufficient evidence that Defendant Zavala participated in the distribution of heroin and cocaine in the amounts stated or that he had any knowledge of the weapons seized as stated on Page 13 of the report."

The Government's response?

MR. CONTRERAS: Same response, Your Honor.

THE COURT: Okay, that objection is denied.

Objection Number 3: "Defendant objects to the conclusion of the murder of Mercy Brooks as stated on Pages 14 and 15, as well as Rudy Contreras, Roy Vera, Tony

Rodriguez, because of the statement on Page 16 that the information relevant to these murders has sufficient reliability to support a finding that it was reasonably foreseeable that Mr. Zavala can be held accountable for these various murders."

The Government's response?

MR. CONTRERAS:  I believe it the report indicated that it was found not to be reliable and that it was not attributed to him, unless I'm -- is that correct?

MR. PICKELL:  I believe that's correct.

MR. CONTRERAS:  I don't think it needs to be addressed I guess is what our response it.

THE COURT:  Okay, so that's a moot point?

MR. CONTRERAS:  Yes.

THE COURT:  All right.  Number 3:  "Objection" --

MR. McDONALD:  Your Honor, it's a moot point if you're not going to consider that portion of the pre-sentence report.

THE COURT:  Okay, that's fine.

MR. McDONALD:  Thank you, Judge.

THE COURT:  Objection Number 4:  "Defendant objects to the allegation of the attempted murder of Luis Adamis.  Mr. Adamis was

32

specifically found not to be a credible witness at the trial as his testimony was stricken by Court order."

Any response?

MR. CONTRERAS: No, it wasn't attributed to this defendant, so it's moot.

THE COURT: Okay, and will not be considered as part of the punishment.

Objection Number 5: "Defendant objects to the statement in regards to murder of Jose Luis Moreno as the jury specifically found that this murder was not proven beyond a reasonable doubt."

Response?

MR. CONTRERAS: The Court is still free to consider it by the preponderance standard and ask that the Court use it to assess punishment.

THE COURT: Any further argument on that, Mr. McDonald? Or just what's stated in your document?

MR. McDONALD: No. I would like to re-urge exactly what you said earlier at the previous sentencing that you don't consider matters that are not proven. Now you found that Mr. Valles was not involved in violence. We have 12 people that sat here --

THE COURT: I don't believe I found that he was not

33

involved in violence.

MR. McDONALD:  Well, I think the argument for reducing it from a life sentence was that he was involved in drugs and not in violence, such as the murders that were alleged.

THE COURT:  No, that doesn't mean that violence was not present in reducing the sentence.  That just means the sentence I assessed, period.

MR. McDONALD:  Okay, Judge.

THE COURT:  That's not to be taken -- a lesser sentence, lesser than life is not to be taken as an acknowledgment by the Court that there was no violence.

MR. McDONALD:  I didn't say no violence.

THE COURT:  There was violence all over this case.

MR. McDONALD:  I understand that.  But in this particular instance we left it to 12 people to judge Mr. Zavala, and that's what the Supreme Court told us to do.  And those 12 people listened to the evidence and those 12 people said that Mr. Zavala is not guilty of that offense.

THE COURT:  Okay, so what you're saying is he has no relationship or responsibility in any manner to the death of Jose Luis Moreno?

MR. McDONALD:  That's correct.

THE COURT:  Okay.  What about all the other murders in this case?

34

MR. McDONALD: The Probation Department's already said there's not an indicia of reliability to hold Mr. Zavala responsible.

THE COURT: Mr. Contreras, does this affect the guideline calculation in any event?

MR. CONTRERAS: It does, Your Honor, because that murder requires a mandatory life sentence. It can cross-reference a murder if the Court finds he, in fact, is responsible.

THE COURT: Okay, I'm going to overrule the objection.

Objection Number 6: "Defendant further objects to the allegation regarding the murder of Henry Cantu as described on Page 17 and 18, and the murder of Raymundo Rodriguez, that there was no evidence of sufficient reliability to show that Mr. Zavala participated in these murders, or could be held accountable for these acts." The Government's response?

MR. CONTRERAS: Same response, ask the Court to use it to calculate his punishment.

THE COURT: Mr. McDonald?

MR. McDONALD: Again, there is no indicia of reliability and would like the Court specifically state it's

35

not considering it.

THE COURT:  Okay, that objection is overruled.

"Defendant objects to the statement beginning on Page 19 the defendant was a general of the Texas Mexican Mafia at the time of this arrest."

That objection is overruled.

"Defendant objects to the conclusion as stated in Paragraph 35 with regards to the murder of Moreno, Cantu and Rodriguez" -- which has been previously addressed so the objection is overruled.

"Defendant objects to the statements that Mr. Zavala was a general responsible for the organization and directing and controlling affairs of the Mafia, that he was an organizer and leader therein."

That objection is overruled.

"The defendant objects to the adjustment of obstruction of justice in Paragraph 45. No credible evidence Defendant Zavala was a participant in the alleged escape attempt."

That objection is overruled.

"The defendant objects to the failure of the adjustment for acceptance of

36

responsibility as stated on Page 47. The defendant was in fact not allowed by the Government to accept responsibility. Defendant was in fact held hostage by co-defendants as no other plea offer was made to Defendant Zavala unless the remaining co-defendants also entered the plea."

Response?

MR. CONTRERAS: The Fifth Circuit has addressed the question of joint plea agreements and said they are acceptable in this --

THE COURT: Okay, that's overruled.

Objection 12: "The defendant objects to the application of the guidelines for the first degree murder contained on Page 50, Page 24."

Which murder is that with reference to?

PROBATION OFFICER: Your Honor, I believe that's Jose Luis Moreno.

THE COURT: Okay, we've covered that so that's denied.

13: "Defendant objects to the base level of 43. It was specifically found that defendant was not proven to have committed

murder for Jose Luiz Moreno" -- that's been in part considered for the same arguments and that's denied.

14:    "Defendant objects to the adjustment of four levels as an organizer, obstruction of justice, contained in Paragraphs 54, 55 and 25."

That's denied.

"Defendant further objects to the application of the guidelines for first degree murder with regards to the alleged murder of Henry Cantu for the reasons stated above in Paragraph 57, as well the adjustments contained in Paragraphs 60 and 61."

That's denied.

"Defendant would make same objections to Page 27 regarding the murder of Raymundo Rodriguez."

And that's denied.

17:    "Defendant objects to the combined adjusted offense level for the reasons stated above, as well as the failure to grant him a decrease of two levels because of the stated failure to demonstrate the acceptance of responsibility."

38

That's denied.

18:    "Defendant objects to the application of the five-year minimum sentence for Paragraphs 79 and 80 on Pages 28 and 29."

That's denied.

"For reasons stated above, the defendant objects to the Offense Level of 52 as stated under Paragraph 103 on Page 34."

Okay, that's denied.    Any other objections?

MR. PICKELL:    No, Your Honor.

THE COURT:    Mr. McDonald?

MR. McDONALD:    No, we have no other objections.

THE COURT:    Okay.    All objections having been denied except for those two that were moot, the applicable guidelines then are:    On Count One, life imprisonment; Count Twenty-one, 480 months; Count Thirty and Thirty-Three, 240 months; Count Thirty-One -- I'm sorry, let me state that again.

Total Offense Level 52; Criminal History Category I. Guideline provisions:    Count One, life imprisonment; Count Twenty-One, 480 months; Count Thirty and Thirty-Three, 240 months; Count Thirty-One, 60 months, consecutive; and, Count Thirty-Two, 300 months consecutive.

I believe the guidelines provide for life imprisonment so I would imagine that the Government is seeking life imprisonment?

39

MR. CONTRERAS: Yes, no reason to deviate, Your Honor.

THE COURT: Right. And then on Counts Twenty-One, Thirty and Thirty-Three, to run concurrent with Count One, is that correct?

MR. CONTRERAS: Yes, except the 924(c) count is supposed to run consecutive.

THE COURT: Right.

MR. CONTRERAS: Yes, Your Honor.

THE COURT: And then Count Thirty-One, 60 months consecutive, and then Count Thirty-Two, 300 months consecutive. Is that right?

MR. CONTRERAS: Yes, sir.

THE COURT: Okay. Supervised release: At least five years on Count One, at least four years on Count Twenty-One, not more than three years on Count Thirty and Thirty-Three, not more than five years on Counts Thirty-One and Thirty-Two.

In terms of a fine the ranges are Count One, four million dollars; Count Twenty-One, two million dollars; Count Thirty, Thirty-One, Thirty-Two, $250,000 each; Count Thirty-Three, 500,000, for a total of seven and a quarter million dollars.

Special assessments is $100 per Count One, Twenty-One, Thirty, Thirty-Two, Thirty-Three for a total of $600.

40

Okay, so the Government's allocution?

MR. CONTRERAS: No allocution we believe is necessary.

THE COURT: Okay, let me make some specific findings here.

The Court finds defendant was an organizer or leader of the criminal activity and therefore adjustment has been appropriately applied. The investigation uncovered information the defendant was a general of the Texas Mexican Mafia and this was further corroborated by co-defendant Ricardo Saenz, who testified during the trial.

The Court finds that based on the trial testimony, which resulted in a guilty verdict, the defendant and his co-conspirators distributed over 150 kilograms of cocaine and over 30 kilograms of heroin. Pursuant to U.S.S.G. 1b1.3(a)(1)(A) and (B), defendant is accountable for all acts, omissions he committed, aided, abetted, counseled, commanded, induced, procured or willfully caused. Additionally, in the joint undertaking of criminal activity, defendant is accountable for the conduct of others that was in furtherance of a jointly-undertaken criminal activity and reasonably foreseeable connection with that activity.

The Court finds that based on the trial testimony, the defendant had knowledge of the weapons of seized as only the lieutenant, captain and general could issue a house

41

weapon.

The Court finds that although Luis Adamis' testimony was stricken, or rather the testimony regarding Luis Adamis, there was no finding that the testimony as to the attempt on Adamis' life was unreliable.  This information makes no impact on the guidelines.

The Court finds that although the jury made a finding the defendant was not responsible for the murder of Jose Luiz Moreno, the Court may still consider relevant information without regard to its admissibility under the rules of evidence as applicable to trial and sentencing proceedings. Because there is sufficient indicia of reliability to support its probable accuracy, and the defendant was responsible for the murder of Jose Luiz Moreno, and the guidelines provide for a cross-reference, the appropriate guideline and base offense level have been used and applied.  That's U.S. Sentencing Guideline Section 6a1.3.

The Court further finds there is sufficient indicia of reliability to support its probable accuracy that the defendant was responsible for the murder of Henry Cantu and Raymundo Rodriguez.  Therefore the appropriate guideline and base offense level have been applied for each act.

The Court finds the defendant conspired with others to escape from a federal facility during the course of the investigation, prosecution or sentencing of the instant

## CERTIFICATE OF SERVICE

I served one copy of the foregoing Record Excerpts on U.S. Attorney Johnny Sutton (Attn: Appellate Section), by mailing them to him at 601 N.W. Loop 410, Ste. 600, San Antonio, Texas 78216 on July 31, 2006. That same day, I also served copies of these Record Excerpts on counsel for the co-appellants at the addresses below:

Edward L Bravenec
Attorney at Law
721 S. Presa
San Antonio, TX 78210

Vincent Dennis Callahan, III
Attorney at Law
226 E Magnolia Avenue
San Antonio, TX 78212

Bowen W Sutton
Law Offices of Bowen W Sutton
115 E Travis
San Antonio, TX 78205

---

ADRIENNE URRUTIA WISENBERG

*Attorney for Defendant-Appellant*
*Jimmy Zavala*