Do Not Remove
From Record Room

No. 05-51209

---

**In the United States Court of Appeals
for the Fifth Circuit**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN VICTOR VALLES,
JOHNNY GARCIA-ESPARZA,
SAMMY GARCIA,
JIMMY ZAVALA

Defendants-Appellants

---

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF TEXAS

---

**BRIEF OF DEFENDANT-APPELLANT
JOHNNY GARCIA-ESPARZA**

---



Bowen W. Sutton
115 East Travis, Suite 1001
San Antonio, Texas 78205
Telephone 210-222-2889
Facsimile 210-223-8100
Texas State Bar Card 19527800
Attorney for Defendant-Appellant

U.S. COURT OF APPEALS
FILED
AUG 0 1 2006
CHARLES R. FULBRUGE III
CLERK

No. 05-51209

---

**In the United States Court of Appeals
for the Fifth Circuit**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN VICTOR VALLES,
JOHNNY GARCIA-ESPARZA,
SAMMY GARCIA,
JIMMY ZAVALA

Defendants-Appellants

---

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF TEXAS

---

**BRIEF OF DEFENDANT-APPELLANT
JOHNNY GARCIA-ESPARZA**

---

Bowen W. Sutton
115 East Travis, Suite 1001
San Antonio, Texas 78205
Telephone 210-222-2889
Facsimile 210-223-8100
Texas State Bar Card 19527800
Attorney for Defendant-Appellant

## CERTIFICATE OF INTERESTED PERSONS

### United States v. Johnny Garcia-Esparza
### No. 05-51209

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Johnny Garcia-Esparza,** Defendant-Appellant;

2. **Johnny Sutton,** United States Attorney;

3. **Joseph H. Gay, Jr.,** Assistant U. S. Attorney; Chief, Appellate Section

4. **Joey Contreras** and **Joe Sepeda,** Assistant United States Attorneys who represented the United States in proceedings before the district court;

5. **Edward Camara,** who represented defendant-appellant in proceedings before the district court;

6. **Bowen W. Sutton,** attorney representing defendant-appellant before this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

Bowen W. Sutton
Attorney for Johnny Garcia-Esparza

i

## REQUEST FOR ORAL ARGUMENT

Appellant Johnny Garcia-Esparza requests oral argument pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rule 34.2. Appellant argues four points on appeal: (1) the evidence against him was factually insufficient for the the jury to reach a verdict of guilty; (2) the trial judge should have declared a mistrial in view of the grossly prejudicial testimony of a perjured witness; (3) the court enhanced appellant's sentence in contravention of *Blakely v. Washington*; and (4) appellant's trial attorney offered ineffective assistance of counsel.

The claims are serious and require careful review of important constitutional and statutory issues. For these reasons, oral argument is necessary to present all of issues in a most complicated case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................... i

REQUEST FOR ORAL ARGUMENT ....................................................... ii

TABLE OF AUTHORITIES ..................................................................... v

SUBJECT MATTER AND APPELLATE JURISDICTION ..................... 1

ISSUES PRESENTED FOR REVIEW ...................................................... 2

STATEMENT OF THE CASE

    1. Nature of the Case ................................................................... 3

    2. Course of Proceedings and Disposition in the Court Below...... 3

    3. Statement of Facts ................................................................... 4

SUMMARY OF THE ARGUMENTS ...................................................... 4

ARGUMENTS AND AUTHORITIES

I. THE EVIDENCE WHICH THE JURY CONSIDERED WAS
   FACTUALLY INSUFFICIENT TO CONVICT GARCIA-ESPARZA

    A. Standard of Review ................................................................ 8

    B. The Jury Convicted Garcia-Esparza on Insufficient Evidence as
       to Every Element of the Offenses ............................................. 8

II. THE TRIAL JUDGE COMMITTED ERROR BY FAILING TO
    DECLARE A MISTRIAL FOLLOWING WITNESS LUIS
    ADAME'S PERJURED TESTIMONY.

    A. Standard of Review ................................................................ 19

B. Defendant Garcia-Esparza was Exposed to Incurable Harm
By Adame's Testimony and Public Spectacle............................ 19

III. THE TRIAL COURT ENHANCED GARCIA-ESPARZA'S
SENTENCE IN DIRECT CONTRAVENTION OF BLAKELY,
APRENDI, ETC.

A. Standard of Review ............................................................. 20

B. The Facts that were Used to Enhance His Sentence were Neither
Admitted nor Proven Beyond a Reasonable Doubt.................. 20

IV. GARCIA-ESPARZA' TRIAL ATTORNEY OFFERED
INEFFECTIVE ASSISTANCE OF COUNSEL.

A. Standard of Review ............................................................. 21

B. Trial Attorney Offered Ineffective Assistance by Failing
To Move for a Mistrial or Judgment of Acquittal    ........... 21

CONCLUSION ........................................................................ 22

CERTIFICATE OF SERVICE ........................................... 23

CERTIFICATE OF COMPLIANCE ................................. 24

EXHIBITS ............................................................................... 25

# TABLE OF AUTHORITIES

## Constitution

U.S. Const. amend. IV ............................................................................... 10

U.S. Const. amend. VI ............................................................................... 21

U.S. Const. amend. XIV ............................................................................... 9

## Cases

*Alderman v. United States,* 394 U.S.165, 89 S.Ct.961, 22 L.Ed.2d
176(1969) ............................................................................... 10

*Alford v United States,* 282 U.S. 687, 51 S.Ct.218, 75 L.Ed.624(1931)......... 18

*Aprendi v. New Jersey,* 530 U.S.466, 120 S.Ct.2348, 147 L.Ed.2d
435(2000) ............................................................................... 7,21

*Bailey v. United States,* 516 U.S.137, 116 S.Ct.501, 133 L.Ed.2d
472 (1995) ............................................................................... 17

*Blakely v. Washington,*542 U.S.296, 124 S.Ct.2531, 159 L.Ed.2d
403(2004)............................................................................... 7,20

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.579, 113 S.Ct.
2786, 125 L.Ed.2d469(1993) ............................................................ 9

*Dennis v. United States,* 384 U.S.855, 86 S.Ct.1840, 16 L.Ed.
2d973(1966) ............................................................................... 18

*Jackson v. Virginia,* 443 U.S.307,99 S.Ct.2781, 61 L.Ed.2d560 (1979) ......... 8

*Kotteakos v. United States,* 328 U.S.750, 66 S.Ct.1239, 90 L.
Ed.1557(1946) ............................................................................... 5,6

*Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S.137, 119 S.Ct.1167, 143 L.Ed.2d238(1999) ............................................................. 9

*Mooney v. Holohan,* 294 U.S.103, 55 S.Ct.340,79 L.Ed.791(1935) ............. 20

*Perry v. Leeke,* 488 U.S.272, 109 S.Ct.594,102 L.Ed.2d624(1989) .............. 17

*Strickland v. Washington,* 466 U.S.668, 104 S.Ct.1052, 80 L. Ed.2d674(1984) ............................................................. 22

*United States v. Aguiar,* 610 F.2d1296(5th Cir.), cert.denied, 449 U.S. 827(1980) ............................................................. 19

*United States v. Agurs,* 427 U.S.97, 96 S.Ct.2392, 49 L.Ed2d342(1976) ..... 20

*United States v. Antone,* 603 F.2d566(5th Cir.1979) ....................................... 20

*United States v. Bufalino,* 285 F.2d408(2d Cir.1960) ..................................... 5

*United States v. Caro,* 569 F.2d411(5th Cir.1978) ......................................... 16

*United States v. Carreon,* 11 F.3d1225(5th Cir.1994) .................................... 16

*United States v. Coplon,* 185 F.2d629(2d Cir.1950), cert.denied, 342 U.S.920, 72 S.Ct.362, 96 L.Ed.688(1952) ..................................... 16

*United States v. Demchak,* 545 F.2d1029(5th Cir.1977) ............................ 7

*United States v. Gaudin,* 515 U.S.506, 115 S.Ct.2310, 132 L.Ed.2d 444(1995) ............................................................. 8

*United States v. Giordano,* 416 U.S.505, 94S.Ct.1820,40 L.Ed.2d 341(1974) ............................................................. 11

*United States v. Krout,* 66 F.3d1420(5th Cir.1995) ................................... 9,14

*United States v. Littrell,* 574 F.2d828(5th Cir.1978) ................................... 16

*United States v. Mares,* 402 F.3d511(5th Cir.2005) ....................................... 20

*United States v. Parada-Talamantes,* 32 F.3d168(5th Cir.1994) ................. 14

*United States v. Puig-Infante,* 19 F.3d929(5th Cir.1994).......................... 16,18

*United States v. Puma,* 937 F.2d151(5th Cir.1991) ....................................... 17

*United States v. Schorovsky,* 202 F.3d727(5th Cir.2000) ............................ 17

*United States v. Smith,* 354 F.3d390(5th Cir.2003) ....................................... 20

*United States v. Socony-Vacuum Oil Co.,* 310 U.S.150, 60 S.Ct.811,
    84 L.Ed.1129(1940) ....................................................................... 17

*United States v. Viera,* 819 F.2d 498(5th Cir.1987) ...................................... 19

*Williams v. People of New York,* 337 U.S.241, 69 S.Ct.1079, 93 L.Ed.
    1337(1949) ...................................................................................... 12

**Statutes**

18 U.S.C.924 ...................................................................................... 3

18 U.S.C.1956 ...................................................................................... 18

18 U.S.C.2518 ...................................................................................... 12

18 U.S.C.3231 ...................................................................................... 1

18 U.S.C.3742(a) ...................................................................................... 1

21 U.S.C.841 ...................................................................................... 3

21 U.S.C.846 ...................................................................................... 3

28 U.S.C.1291 ...................................................................................... 1

USSG 1B1.3(a)(1)(B) ................................................................ 16

USSG 2D1.1(a)(3) ................................................................... 16

**Rules**

Federal Rule of Appellate Procedure 4(b) ............................... 1

Federal Rule of Appellate Procedure 34(a) ............................. ii

Federal Rule of Criminal Procedure 6(e) ............................... 17

Federal Rule of Evidence 403 ................................................ 9

Fifth Circuit Rule 31.1 ......................................................... 23

Fifth Circuit Rule 32 ............................................................ 24

Fifth Circuit Rule 34.2 ......................................................... ii

**Exhibits**

A ......................................................................................... 25

B ......................................................................................... 27

## SUBJECT MATTER AND APPELLATE JURISDICTION

**1. Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of an alleged offense against the laws of the United States. The district court had jurisdiction under 18 U.S.C.3231.

**2. Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the United States District Court for the Western District of Texas. Judge Orlando Garcia entered judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984. This Court has jurisdiction under 28 U.S.C. 1291 and 18 U.S.C.3742(a).

Federal Rule of Appellate Procedure 4(b) requires a defendant to file notice of appeal within ten(10) days after entry of either the judgment or the order being challenged. Judge Garcia sentenced Appellant on September 14, 2005. Appellant timely filed his notice of appeal the same day.

1

## ISSUES PRESENTED FOR REVIEW

1. Whether the guilty verdict which the jury returned was based on factually insufficient evidence and, therefore, whether Garcia-Esparza'conviction should be reversed.

2. Whether the trial judge committed reversible error in failing to declare a mistrial following witness Adame's perjured testimony and shocking courtroom spectacle.

3. Whether the trial judge improperly enhanced appellant's sentence on facts neither admitted to nor proven beyond a reasonable doubt.

4. Whether appellant's trial lawyer offered ineffective assistance of counsel.

## STATEMENT OF THE CASE

### 1. Nature of the Case.

Johnny Garcia-Esparza was arrested on May 10, 2004. On August 18, 2004, a grand jury in the Western District of Texas indicted Appellant as follows:

> "... Count One with conspiracy to distribute and possession with intent to distribute a kilogram or more of a substance containing a detectable amount of heroin and five kilograms of cocaine.
> "Count Seventeen, Eighteen and Nineteen ... aiding and abetting the distribution of a controlled substance containing a detectable amount of heroin.
> "... Count Twenty... with aiding and abetting the possession with intent to distribute a controlled substance containing a detectable amount of heroin.
> "... Count Thirty... with conspiring to use, carry and possess a firearm in furtherance of a drug-related offense.
> "Count Thirty-One ... with aiding and abetting, use and carrying and possession of at least one firearm.
> "... Count Thirty-Three ... did unlawfully, knowingly and intentionally combine ... conduct and attempt to conduct financial transactions..."

{1R,14; CR3, 26-27}.

### 2. Course of Proceedings and Dispositions in the Court Below.

Johnny Garcia-Esparza was charged with violation of 21 U.S.C.841(a)(1), 841(b)(1)(A) & 846 {Count 1}; 21 U.S.C. 841(a)(1), 841(b)(1)©) & 18 U.S.C. 2{Count 17}; 21 U.S.C.841(a)(1), 841(b)(1)©) & 18 U.S.C.2 {Count 18}; 21 U.S.C.841(a)(1), 841(b)(1)©) & 18 U.S.C.2 {Count 19}; 21 U.S.C.841(a)(1), 841(b)(1)©) &18 U.S.C.2{Count 20}; 18 U.S.C.924(c) &924(o){Count 30}; 18 U.S.C.924©) &18 U.S.C.2{Count 31}; and 18 U.S.C.1956(h){Count 33}.

On April 20, 2005, a jury convicted appellant of the charges. On September 14, 2005, he was sentenced to a total of sixty(60) years. He timely filed notice of appeal on that date. {CR3, 411-12}.

3

### 3. Statement of Facts.

The government charged that Appellant and his co-defendants

"were members of the Texas Mexican Mafia during the pendency of the
conspiracy to distribute drugs, or have actively assisted members of the Texas
Mexican Mafia in this conspiracy.  It was part of the combination, conspiracy,
confederation and agreement that members of the Texas Mexican Mafia would
distribute narcotics, including heroin and cocaine. The defendants were members
of this conspiracy and are criminally responsible for the heroin and cocaine...
{Appellant} furthered this conspiracy by:

1. Obtaining heroin and cocaine in large quantities and distributing the heroin and
cocaine among members... for further distribution and sale;

2. Controlling the distribution of heroin and cocaine by restricting drug trafficking
among nonmembers ... to only those who paid extortion fees, or the ten-percent tax...;

3. Protecting authorized drug distributors from robbery, violence and competition;

4. Using violence in all forms and degrees to enforce the ... requirement that all drug
distributors pay the tax in exchange for the privilege of distributing narcotics."

{1R,19-20}

## SUMMARY OF THE ARGUMENTS

### I.   Garcia-Esparza' Conviction Was Based On Factually Insufficient Evidence.

Appellant contends that the evidence on which the jury returned their verdict

was factually insufficient to convict him.    During closing argument, Ed Camara,

his trial attorney, described the co-conspirators as follows:

"They've had these changes of hearts over and over each time they get in
trouble... They know that they can con the authorities into giving them a better
deal ... the basic idea starts with the con. 'I've had a change of heart, I'm

4

sincere.'

{11R, 2716}.

In referring to how the government goes about proving their case, Camara says,

> "... whatever is necessary to be proven, most of it is substantiated and built through the testimony of these informers, co-conspirators, accomplices, co-defendants ... they'll sting anybody because it's in their nature. They don't care who they hurt. They don't care what they say. They don't care what they do. And whatever is necessary to be proven, they'll prove it to you."

Id. at 2718.

Continuing, Camara states,

> "... How about Jesse Arceo...?  ... he talks about this situation developing where he's going to buy heroin from Gira... 'It was Gira's idea to sell him heroin.' It was Gira's idea to sell him heroin. It was Gira's idea to give him heroin... "

Id. at 2720.

> In a conspiracy case, there exists

> "... the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants.

See *United States v. Bufalino*, 285 F.2d408, 417-18(2d Cir.1960).

Justice Rutledge wrote for the Court sixty years ago:

> "Numbers are vitally important in trial, especially in criminal matters. Guilt with us remains individual and personal, *even as respects conspiracies...* When many conspire, they invite mass trial by their conduct. Even so, the proceedings are exceptional to our tradition and call for use of every safeguard to individualize *each defendant in his relation to the mass...*" {emphasis added}.

*Kotteakos v. United States*, 328 U.S.750, 765(1946).

5

Continuing, it is completely different

> "with those who join together with only a few, though many others may be doing the same and though some of them may line up with more than one group... They do not invite mass trial... Nor does our system tolerate it. That way lies the drift toward totalitarian institutions. True, this may be inconvenient for prosecution. But our Government is not one of mere convenience or efficiency... The *dangers for transference of guilt from one to another across the lines separating conspiracies, are so great that no one really can say prejudice to substantial right has not taken place.*" {emphasis added}.

Id.

## II. The Trial Judge Committed Reversible Error by Failing to Declare a Mistrial Following Witness Adame's Perjured Testimony.

Appellant argues that the trial judge should have declared a mistrial after the jury heard the perjured testimony of Luis Adame. Under cross-examination, an exchange took place:

> Mr. Bravenec: "... Now you earlier testified that you recognized Mr. Valles coming out of the van shooting?
> Adame: "Correct."

{10R,2598}.

> Bravenec: "Do you remember telling him {the officer} ...' {I} didn't know any of the people that got out of that van shooting at him'?"
> Adame: "I wanted him myself."
> The Court: "Wait. Sit down."
> Adame: "He shot me."
> The Court: "Get him out of here. Out. Out. Out.... I don't have time for nonsense...."

Id. at 2600.

Following a motion to disregard, Judge Garcia granted the motion and instructed

6

the jury

> "... Just pretend the gentleman was never there." Id.

The conviction should be reversed. Judge Garcia's instruction

> "called for mental discipline beyond what might reasonably be expected of
> a jury ... it was impossible to erase the prejudicial effect by striking it from
> the evidence and instructing the jury to disregard it..."

See *United States v. Demchak, Jr.*, 545 F.2d1029(5th Cir. 1977).

## III.  The Trial Court Enhanced Garcia-Esparza' Sentence in Direct Contravention of Blakely, Aprendi .

The government attributed issues to Appellant for which he was not indicted

and which were neither admitted nor proven beyond a reasonable doubt. Appellant

was  sentenced for the murder of  Mercy Brooks, Rudy Contreras, Tony Rodriguez

and for unsubstantiated quantities of drugs.  The government associated Appellant

with no more than  1.6 kilograms of heroin and 2.3 kilograms of  cocaine.  He was

sentenced based on 150 kilograms of heroin and 30 kilograms of cocaine.

Appellant  was  sentenced  on  facts neither admitted nor found by a jury, all

in violation of *Blakely v. Washington* and *Aprendi v. New Jersey*.

## IV.  Garcia-Esparza' Trial Attorney Offered Ineffective Assistance of Counsel.

Appellant's trial counsel was ineffective for failing to move for a mistrial after

Adame's shocking spectacle and perjured testimony.  His counsel's deficiency led

7

to Appellant's present state of affairs. Counsel's representation contributed to his being improperly enhanced at sentencing. Counsel's performance met both prongs of *Strickland v. Washington.*

## ARGUMENTS AND AUTHORITIES

## I. Garcia-Esparza' Conviction was Based on Factually Insufficient Evidence.

### A. Standard of Review.

The standard of review for factual insufficiency of the evidence is whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S.307(1979). A defendant is entitled to a *"jury determination that {he} is guilty of every element of the crime with which he is charged, beyond a reasonable doubt".* (emphasis added). *See United States v. Gaudin,* 515 U.S.506,510(1995).

### B. The Government Failed to Prove Every Element of the Offenses Beyond a Reasonable Doubt.

The government stated in its Notice Letter of March 16, 2005 that 'this prosecution is centered on the Mexican Mafia'. Also, the Notice Letter stated that the 'government intends to call Det{ective} Val Lopez to the stand to assist the jury in understanding the Mexican Mafia'. The statement was conclusory and made no showing of how the assistance would manifest itself, nor did it specify

8

for what purpose his testimony was to be used.

Undoubtedly, it was relevant but did not meet the reliability test prescribed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.579(1993) and *Kumho Tire Co, Ltd. v. Carmichael,* 526 U.S.137(1999). This Court ruled it was error to permit a detective's testimony regarding the interpretation of words used by the Mexican Mafia. *United States v. Krout,* 66 F.3d1420, 1433(1995). The government took the logical position that

> "... the evidence presented could only be understood by the jury if the police
> 'expert' was allowed to explain it to them."

Most assuredly, the minimal probative value of describing the workings of the Texas Mexican Mafia is significantly outweighed by unfair prejudice, confusion of issues and undue consumption of time. Fed.R.Evid.Rule 403.

The trial judge has the responsibility to ensure that

> "... no person be made to suffer the onus of a criminal conviction except up
> sufficient proof, defined as evidence necessary to convince a trier of fact
> beyond reasonable doubt of the existence of every element of the offense."

U.S.C.A. Const. Amend 14.

The great majority of the evidence presented at trial consisted of recorded wiretap conversations and government witnesses, who traded testimony in exchange for leniency and in some cases money. The wiretap authorization stemmed from an affidavit given by DEA agent Nancy Sanford and approved by Judge Orlando Garcia. The present advocate filed a motion to unseal that affidavit. The trial judge

9

summarily denied it. {Exhibit A}.

The interception of conversations by electronic surveillance is restricted by

the Fourth Amendment to the U.S. Constitution. All such surveillance

> "... must be disclosed in adversary proceedings before its legality, relevancy, or
> the defendant's standing can be determined by a trial court."

*Alderman v. United States,* 394 U.S.165(1969). The opinion continues:

> "... we conclude that surveillance records as to which any petitioner has standing
> to object should be turned over to him without being screened *in camera* by the
> trial court... Winnowing this material from those items which might have made
> a substantial contribution to the case against a petitioner is a task which *should
> not be entrusted wholly to the court ... Unavoidably, this is a matter of judgment,
> but in our view the task is too complex, and the margin for error too great, to
> rely wholly on the in camera judgment of the trial court* to identify those records
> which might have contributed to the government's case." Id.

Obviously, not all courts today choose to follow that aged judicial philosophy just

recited:

> Mr. Camara(appellant's attorney): "Your Honor, I'd object to these.... because
> there's been no foundation, we haven't seen any lawful order to intercept these
> phone numbers.
> The Court: We'll give you a copy of the lawful order later today. It's in the file,
> in the Court's file, in the file you should have. There's no dispute about the
> orders being issued at all. Trust me, they're there..." {2R,373}.

Under cross-examination, Jimmy Zavala's attorney, Terry McDonald, engaged in

the following exchange with agent Sanford:

> "... Mexican Mafia members tell the truth?
> "I never said they tell the truth. We search for the truth ...
> "And you believe that Michael Rios, who's in charge of all the distribution of
> heroin and cocaine in San Antonio, collecting the dime, spokesman for Daniel
> Leza, the vice-president, wasn't playing you, wasn't lying to you? He was
> telling the truth? {2R,407}.

10

The quality of Rios' information (or misinformation) must have really impressed the government. He was arrested on April 22, 2004. {2R,406}. Incredibly, he was not indicted. {CR3,7}. Daniel Leza's personal assistant *was not indicted!!!!*

Appellant was finally able to obtain a copy of the affidavit and order. The pertinent portions of the statute are cited as follows:

> "Each application for an order authorizing or approving the interception of a wire, oral or electronic communication ... shall be made in writing upon oath... to a judge of competent jurisdiction and shall state the applicant's authority to make such application. Each application shall include the following information:

(a) the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application;

(b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including (I) details as to the particular offense that has been, is being, or is about to be committed, (ii) except as provided in ... (11) , a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;

©) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous;

(d) a statement of the period of time for which the interception is required to be maintained. If the nature of the investigation is such that the authorization ... should not automatically terminate when the ... communication has been first obtained, a particular description of facts establishing probable cause to believe that additional communications of the same type will occur thereafter;

(e) a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge... involving any of the same persons .... and the action taken by the judge ...

(4) Each order authorizing or approving the interception of any wire, oral, or electronic communication ... shall specify

> (a) the identity of the person, if known, whose communications are to be intercepted;
> (b) the nature and location of the communications facilities as to which ... authority to intercept is granted;
> ©) a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates;
> (d) the identity of the agency authorized to intercept the communications; and of the person authorizing the application; and
> (e) the period of time during which such interception is authorized...

(5) No order entered ... may authorize ... interception of any wire, oral, or electronic communication for any period ... longer than thirty days..." 18 U.S.C.2518.

Appellant should have been given reasonable notice of the charges against him and should have been afforded an opportunity to examine adverse witnesses. *See*

*Williams v. People of New York,* 337 U.S.241(1949). It has long been established in our jurisprudence that

> "{e}vidence in criminal trials must be 'strictly relevant to the particular offense charged.'" Id.

Additionally,

> "... primary or derivative evidence secured by wiretaps pursuant to court order issued in response to application which was not in fact authorized by Attorney General or Assistant Attorney General specially designated by him must be suppressed on proper motion."

18 U.S.C.2518(10)(a). Appellant's counsel filed a proper motion to suppress on the 31st day of August, 2004. {CR3,71-73}. It was denied on October 6, 2004. Id. at 87.This was reversible error, as the initial order on February 4, 2004, was obtained in contravention of the statute. *See United States v. Giordano,* 416 U.S.505(1974).

12

The government began its string of informants with Ricardo Saenz. Saenz testified that co-defendant Sammy Garcia would sell him an ounce of heroin per week and a quarter to a half a kilo of cocaine per week from 2002 to 2004. He stated the source was Appellant.{3R,592-93}. One problem with the veracity of this story is that Appellant was incarcerated until March 14, 2003.

Saenz stated he had been a criminal for roughly 15 years. After being indicted, he claimed he experienced a change of life and decided to talk to the government. He was richly rewarded with a sentence of 15 years. Id. at 635-51.

Henry Rodriguez followed. Rodriguez professed to be an 'ex-Mafia' member as of 2000. He proceeded to expound a series of hearsay statements. {4R,775-806}.

Eligio Valle stated that from February, 2003 through February, 2004, large quantities of heroin was brought into San Antonio. Appellant's name did not come up. {4R,846-82}.

Daniel Flores never mentioned Appellant by name. {4R,1034-80}. He did acknowledge that he testified in order to help himself. Id. at 1069-71}. Refreshing it was to hear one of the many snitches actually admit his motive:leniency.Id. at 1071.

William Covarrubias testified that he met Benito Alonzo in prison and was Alonzo's assistant. He testified as to the organization of the Texas Mexican Mafia: sources of drugs, five murders of previous members.

13

Appellant properly argues that

"Prosecutorial comments indicating that a defendant was involved in other
criminal misconduct and that the prosecutor has knowledge of evidence which
is *not before the jury* and which shows guilt of crime at issue are improper."

*See e.g. United States v. Labarbera,* 581 F.2d107(1978). Any attempt to 'taint defendant's

character through guilt by association' is plain error. *United States v. Romo,* 669

F.2d285(5th Cir.1982).

It was much too late, but Judge Garcia finally told Joey Contreras that they did not

need a history overview. {5R,1096}. Had the repetitious 'overview' not played out

over the trial to that point, perhaps the Appellant would not be before this court.

{1R-5R,1-1095} .

Despite the call for no overview, the jury heard the adversarial questioning

from the judge himself. How many members, how many murders??!! {5R,1049}.

The present case differs from another Mexican Mafia trial in 1995. There, murder

was charged in the indictment. *Krout* , 66 F.3d1420(1995).

Leroy Baron testified regarding threats to collect the tax on his cocaine sales.

Jimmy Zavala was implicated. Appellant's name did not come up. {5R,1051-93}.

Appellant avers that evidence of 'guilt by association' is improper and should be

excluded. *United States v. Parada-Talamantes,*32 F.3d168(

Michael Rios, the premier snitch, testified regarding Appellant about two

ounces of heroin.{5R,1394}. Continuing, he stated that Appellant was discussing

14

with co-defendant Sammy Garcia the distribution of heroin. Id. at 1405-07.

Jesse Arceo testified that Jimmy Zavala approached him and Roger at their bar and threatened them with extortion over the tax. Id. at 1494-98. Later, he began working with DEA; he met with Appellant to discuss the purchase of heroin. {6R, 1516-17}. For his informant work, the government paid him $15,000.00.Id. at 1543.

Appellant's attorney objected to telephone call 41, as the admission of the evidence deprived Appellant of his right to confrontation. Judge Garcia overruled the objection. Id. at 1668.

The PSR(2d Addendum) states the conspiracy distributed over 150 kilograms of cocaine and over 30 kilograms of heroin. The government may not properly estimate the quantity attributable to Appellant. The government must prove the exact amount of drugs for which he is responsible. *United States v. Hoskins,* 173 F.3d 351,355-57(6th Cir.1999).

Appellant takes the position that the government failed to prove his guilt in Count One. This argument finds its genesis in the Court's Charge, page 12. Judge Garcia instructed the jury

> "... All of you must agree that the government proved beyond a reasonable doubt that the defendant personally possessed the controlled substance with intent to distribute it..."{CR4,369}.

On the facts of this case, insufficient evidence existed for a reasonable jury to infer

15

that Appellant was a party to an illegal conspiracy. *See United States v. Littrell,* 574F. 2d828,832-34(5th Cir.1978).

> "It is tempting, although all too often wrong, to suppose that mere presence is tantamount to participation, but ' actual presence at the scene is not sufficient.'"

*United States v. Caro,* 569 F.2d 411,418(5th Cir.1978).

Assuming arguendo that his involvement was proven, Appellant cannot be held responsible for distribution of drugs or other actions of any conspiracy prior to the date shown to be his entrance into the conspiracy. *United States v.Carreon,*11 F.3d 1225, 1235-36(5th Cir.1994). Appellant was not released from prison until March 14, 2003. {Exhibit B}. Clearly,

> "relevant conduct as defined in USSG 1B1.3(a)(1)(B) is prospective only, and consequently cannot include conduct occurring before a defendant joins a conspiracy."

Id.

Nor can Appellant be held accountable for any drugs or other actions after the date of his arrest, May 10, 2004. *See United States v.Puig-Infante,* 19 F.3d929, 949-50(5th Cir.1994).

> "The conduct of conspirators after a defendant withdraws from the conspiracy is excluded from the defendant's relevant conduct for purposes of sentencing for drug trafficking."

U.S.S.G. 1B1.3(a)(1)(B), 2D1.1(a)(3). The commentary to1B1.3 notes that a defendant's relevant conduct does not include the conduct of the members of a conspiracy

16

before the defendant joins the conspiracy, even if the defendant knows of such conduct.

> "Although the Guidelines are silent on the matter, we believe it is logical to infer that the conduct of conspirators after a defendant withdraws from the conspiracy likewise is excluded from the defendant's relevant conduct for sentencing purposes."

*United States v. Schorovsky,* 202 F.3d727, 731(5th Cir.2000).

Further, the Court must make specific findings of the amount that each conspirator knew or should have foreseen was involved; conviction for conspiracy does not automatically mean every conspirator foresaw the total amount involved. *United States v. Puma,* 937 F.2d151,159-60(5th Cir.1991).

The evidence is insufficient to convict Appellant of Counts 30 & 31.Carlos Lopez' testimony should have been stricken for violation of a court order precluding the prosecution from conferring with their witnesses during testimony.{8R,2159}. *See Perry v. Leeke,* 488 U.S.272(1989).   The verdict is not supported by evidence because the government failed to prove Appellant used, carried or possessed a weapon in furtherance of a crime. *Bailey v. United States,* 516 U.S.137(1995). Along with the refusal to unseal the affidavit of Nancy Sanford for the wiretap, there was no valid reason for the trial judge to refuse to unseal the grand jury transcripts. The trial court has long enjoyed the power under Rule 6(e), F.R.C.P. to direct the disclosure of grand jury testimony. *See United States v. Socony-Vacuum Oil Co.,* 310 U.S.

17

150(1940 ). The disclosure rather than suppression of relevant material promotes the proper administration of criminal justice. *See Dennis v. United States*, 384 U.S.855, 865 (1966).

Appellant's trial counsel should have had access to the grand jury transcripts. *See Alford v. United States*, 282 U.S.687(1931)(wherein the Court reversed the trial court's ruling which deprived defendant's counsel of an opportunity to probe into the background of an important government witness).

Appellant's conviction under Count 33 should be reversed.  He is not guilty of money laundering.  Transporting money by car does not constitute a 'financial transaction'.  A financial transaction is defined as

> "a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments ...i.e. a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition or some action involving a financial institution or its facilities."  18 U.S.C.1956(c)(3).

The only logical inference from the government's proof is that Appellant was in possession of the proceeds of illegal activity.  There is no evidence that Appellant effected a disposition of the proceeds, that he

> "gave over to the care or possession of another {any} money..."

*Puig-Infante*, 19 F.3d929, 943(1994).

Appellant argues that his conviction cannot stand on any of the counts,  and urges this Court to reverse his conviction and order a new trial.

18

## II. The Trial Judge Committed Error by Failing to Declare a Mistrial Following Witness Luis Adame's Perjured Testimony.

The trial judge committed error when he denied Appellant's motion for mistrial based on the incurable harm created by witness Luis Adame's perjured testimony and prejudicial display of his torso.*See United States v. Aguiar,* 610 F.2d1296, 1305(5th Cir.), cert. denied, 449 U.S.827(1980).

### A. Standard of Review.

The standard of review for rulings on motions for new trial is abuse of discretion. *See United States v. Viera,* 819 F.2d498,500(5th Cir.1987).

### B. Judge Garcia Committed Reversible Error by Failing to Declare a Mistrial Following Witness Adame's Perjured Testimony and Grotesque Spectacle.

Adame was a member of the Texas Mexican Mafia; he was under the direct authority of co-defendant Jimmy Zavala; he was selling kilograms of cocaine, but did not want to follow orders to collect the tax. He further testified that Zavala had ordered Juan Valles, another co-defendant to murder Adame. {10R,2501-2558}. He further testified that Valles shot him several times. Id. at 2559.

Valles' attorney, Eddie Bravenec, impeached him on cross-examination, by reminding him that he had told the police he did not know who shot him.Id. at 2599. At that point, Adame rose and showed his torso to the jury, shouting,

"... This is what he did to me. He shot me." Id. at 2600.

19

Appellant was incurably prejudiced by the witness' frustrated attempt to restore his credibility. *See United States v. Smith,* 354 F.3d 390,395(5th Cir.2003). There exists the distinct probability that this blatantly false testimony affected the jury, necessitating a reversal of Appellant's conviction. *See United States v. Agurs,* 427 U.S. 97(1976). The cooperation of state authorities with federal authorities lays the onus squarely with the federal prosecutors. *See United States v. Antone,* 603 F.2d566,569-70 (5th Cir. 1979). A deliberate deception by the prosecution in presenting known false evidence is incompatible with the 'rudimentary demands of justice'. *See Mooney v. Holohan,* 294 U.S.103(1935).

## III. The Trial Court Enhanced Garcia-Esparza's Sentence in Direct Contravention of *Blakely and Aprendi.*

### A. Standard of Review.

The standard of review is one for plain error. *United States v. Mares,* 402 F.3d 511(2005).

### B. The Trial Court's Sentencing Garcia-Esparza to 720 Months is in Direct Violation of *Blakely and Aprendi.*

The trial court enhanced Appellant's sentence of 720 months was the result of enhancements which the trial judge added on in direct contravention of *Blakely v. Washington,* 542 U.S.296(2004). The defendant in that case was enhanced on judge-found facts that he had acted with deliberate cruelty. The Supreme Court

20

ruled the sentence violated his 6th Amendment right to trial by jury. Id.

Other than a prior conviction,

"any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Id.

"In order for an accusation of a crime(whether by indictment or some other form) to be proper under the common law, and thus proper under the codification of the common-law rights in the Fifth and Sixth Amendments, it must allege all elements of that crime; likewise, in order for a jury trial of a crime to be proper, all elements of the crime must be proved to the jury ... beyond a reasonable doubt." *See Aprendi v. New Jersey*, 530 U.S.466(2000).

Appellant argues that his sentence should have been within a range of 352 to 425 months. This argument is completely independent of Appellant's contention that his conviction is invalid as described infra and should be reversed.

## IV. Garcia-Esparza' Trial Attorney Offered Ineffective Assistance of Counsel.

### A. Standard of Review.

The standard of review is one of reasonably effective assistance of counsel under the 6th Amendment to the U. S. Constitution. A two-prong test is applied to ascertain whether counsel performance was deficient and whether that deficiency prejudiced the defendant. *See Strickland v. Washington*, 466 U.S.668,686(1984).

### B. Garcia-Esparza' Trial Counsel Provided Deficient Representation Which Prejudiced Appellant's Rights.

Appellant's counsel failed to argue effectively the judge's adherence to the

21

presentence report.   The PSR called for 720 months instead of the range above noted, 352 to 425 months.   Equally ineffective was his mute posture during the witness Adame's spectacle.   Appellant's counsel did not object to the perjured testimony and public display of Adame's torso. {10R,2600}.

These combined omissions made counsel's representation deficient.   It also had the prejudicial effect of Appellant's not obtaining a mistrial.    His sentence is virtually double what it legally could have been,  assuming  arguendo  that the jury reached a proper verdict. *Strickland* at 686.

## CONCLUSION

For all of the reasons stated herein,  justice  demands that the  conviction of Johnny Garcia-Esparza be reversed.   Garcia-Esparza  was  convicted not so much for what he did(and largely what he did not do) as for who he is.   The government put on a  history lesson in  Aztec culture and racial and ethnic bias which,  frankly, left this advocate insulted.  The jury should have been similarly repulsed!!

The fact  that tatoos were shown in abundance, that 50 weapons were shown to  the  jury,  that  a parade of characters lacking any semblance of credibility were escorted  in  droves  to  give their *(testimony!!!!)* should leave any thinking person quite nauseous.

22

In short, the conviction should not stand.

Respectfully submitted,

LAW OFFICES OF BOWEN W. SUTTON
115 East Travis, Suite 1001
San Antonio, Texas 78205
210-222-2889
210-223-8100

By *Bowen W. Sutton*
Bowen W. Sutton
Texas Bar Card 19527800
Attorney for Defendant-Appellant
Johnny Garcia-Esparza

## CERTIFICATE OF SERVICE

On July 27, 2006, I served two copies of Appellant's brief and a copy of the record excerpts on Joseph H. Gay, Jr., Chief, Appellate U. S. Attorney for the Western District of Texas by hand delivery to 601 NW Loop 410 Suite 600, San Antonio, Texas. I also served on counsel a PDF disk containing the brief, in accordance with Fifth Circuit Rule 31.1.

*Bowen W. Sutton*
Bowen W. Sutton
Attorney for Appellant
Johnny Garcia-Esparza

23

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32(a)(7), I certify that this appellate brief complies with type-volume limitations of Rule 32(a)(7)(b).    Exclusive of portions exempted by Rule 32(a)(7)(b)(3), this brief contains 4475 words printed in Times New Roman 14 point font, produced by Corel Wordperfect 10 software. An electronic version of this brief and/or a copy of the word printout will be provided to the Court upon request.    I understand that a material misrepresentation in this certificate or the circumvention of the type-volume limits set forth in Rule 32(a)(7) may result in the striking of this brief and the imposition of sanctions against me.

Bowen W. Sutton
Attorney for Appellant
Johnny Garcia-Esparza

*Exhibit A*

RECEIVED

MAY 17 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

Plaintiff

v.                                                    Case No. SA-04-CR-425(5)OG

JOHNNY GARCIA-ESPARZA.

Defendant

## MOTION TO UNSEAL AND PRODUCE GRAND JURY TRANSCRIPTS AND AFFIDAVIT OF NANCY SANFORD FOR WIRETAP ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now movant BOWEN W. SUTTON, attorney of record for defendant /appellant JOHNNY GARCIA-ESPARZA on his appeal to the Fifth Circuit, 05-51550, and respectfully shows the Court as follows:

I.

Movant requests that the Court unseal and order produced the grand jury transcripts and the affidavit filed by federal agent Nancy Sanford for a wiretap order.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court issue an order in accordance with the foregoing.

Respectfully submitted,

LAW OFFICES OF BOWEN W. SUTTON
115 East Travis, Suite 1001
San Antonio, Texas 78205
210-222-2889
210-223-8100

By *Bowen W. Sutton*
Bowen W. Sutton
State Bar Card 19527800
Attorney for Defendant/Appellant Johnny Garcia-Esparza

Certificate of Service

I hereby certify that, on May 17, 2006, a true and correct copy of the foregoing was sent by U. S. mail to the Office of the United States Attorney for the Western District of Texas (Attention Joseph H. Gay, Jr.), 601 N. W. Loop 410, Suite 600, San Antonio, Texas 78216.

*Bowen W. Sutton*
Bowen W. Sutton

*Exhibit B*

```
   FLPEA   540*23 *           SENTENCE MONITORING           *        07-18-2006
PAGE 001            *          COMPUTATION DATA             *        08:43:50
                                AS OF 07-18-2006
```

REGNO...: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY

```
FBI NO............: 694617V1           DATE OF BIRTH: 03-14-1960
ARS1..............: FLP/A-DES
UNIT..............: C                  QUARTERS.....: C02-132L
DETAINERS.........: NO                 NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 02-17-2056

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:   08-17-2056 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

```
COURT OF JURISDICTION............: TEXAS, WESTERN DISTRICT
DOCKET NUMBER....................: SA-90-CR-227(3)-OG
JUDGE............................: GARCIA
DATE SENTENCED/PROBATION IMPOSED: 01-28-1991
DATE SUPERVISION REVOKED.........: 09-15-2005
TYPE OF SUPERVISION REVOKED......: REG
DATE COMMITTED...................: 03-10-2006
HOW COMMITTED....................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED................: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $50.00         $00.00          $00.00       $00.00

RESTITUTION...:   PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00
```

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  380
OFF/CHG: 21 USC 841(A)(1) - DISTRIBUTION OF HEROIN
         (SUPERVISED RELEASE VIOLATION)

```
 SENTENCE PROCEDURE..............: SUPERVISED RELEASE VIOLATION
 SENTENCE IMPOSED/TIME TO SERVE.:    24 MONTHS
 TERM OF SUPERVISION.............:    24 MONTHS
 DATE OF OFFENSE.................: 06-08-1990
```

G0002        MORE PAGES TO FOLLOW . . .

```
   FLPEA  540*23 *           SENTENCE MONITORING          *     07-18-2006
PAGE 002          *           COMPUTATION DATA            *     08:43:50
                                AS OF 07-18-2006

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


-------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 04-07-2006 AT FLP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 09-15-2005
TOTAL TERM IN EFFECT............:    24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS
EARLIEST DATE OF OFFENSE........: 06-08-1990

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     05-10-2004      09-13-2005

TOTAL PRIOR CREDIT TIME.........: 492
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 94
TOTAL GCT EARNED................: 94
STATUTORY RELEASE DATE PROJECTED: 02-05-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-10-2006


ACTUAL SATISFACTION DATE........: 02-05-2006
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: FLP
ACTUAL SATISFACTION KEYED BY....: KDW

DAYS REMAINING..................: 94
FINAL PUBLIC LAW DAYS...........: 0

REMARKS........: SENTENCE ORDER TO RUN C/C W/COMP 030.  SRA SENTENCE (020) CAN-
                NOT BE AGGREGATED W/PLRA SENTENCE (030). COMP 030 BEGANS ON
                09-14-05; FEDERAL PRIOR CUSTODY CREDIT (JAIL CREDIT) WILL END
                ON 09-13-05, AND COMP 020 WILL BEGAN ON 09-15-2005. SENTENCE
                COMPLETED PRIOR TO INMATE'S ARRIVAL AT USP FLORENCE, COLORADO.




G0002      MORE PAGES TO FOLLOW . . .
```

```
   FLPEA  540*23 *            SENTENCE MONITORING            *      07-18-2006
PAGE 003          *            COMPUTATION DATA              *      08:43:50
                               AS OF 07-18-2006
```

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


```
FBI NO...........: 694617V1              DATE OF BIRTH: 03-14-1960
ARS1.............: FLP/A-DES
UNIT.............: C                     QUARTERS.....: C02-132L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 02-17-2056

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  08-17-2056 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

```
COURT OF JURISDICTION............: TEXAS, WESTERN DISTRICT
DOCKET NUMBER....................: SA-04-CR-425(5)-OG
JUDGE............................: GARCIA
DATE SENTENCED/PROBATION IMPOSED: 09-14-2005
DATE COMMITTED...................: 03-10-2006
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:   $800.00        $00.00          $00.00         $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:846 CONTRARY TO 21:841(A)(1) & (B)(1)(A) - CONSPIRACY TO
         DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE ONE KILOGRAM
         OR MORE OF HEROIN AND FIVE KILOGRAMS OR MORE OF COCAINE
         (COUNT 1)

```
SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   660 MONTHS
TERM OF SUPERVISION.............:     5 YEARS
DATE OF OFFENSE.................: 08-01-2004
```

G0002        MORE PAGES TO FOLLOW . . .

```
  FLPEA  540*23 *           SENTENCE MONITORING          *     07-18-2006
PAGE 004        *           COMPUTATION DATA             *     08:43:50
                              AS OF 07-18-2006

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


---------------------------CURRENT OBLIGATION NO: 020 ---------------------------
OFFENSE CODE....:  380
OFF/CHG: 21:841(A)(1) & (B)(1)(C) & 18:2 - DISTRIBUTION OF HEROIN, AND,
         AIDING & ABETTING SAID OFFENSE (COUNTS 17, 18, 19)

  SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   240 MONTHS
  TERM OF SUPERVISION.............:     3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONCURRENT
  DATE OF OFFENSE................: 03-17-2004

---------------------------CURRENT OBLIGATION NO: 030 ---------------------------
OFFENSE CODE....:  380
OFF/CHG: 21:841(A)(1) & (B)(1)(C) & 18:2 - POSSESSION WITH INTENT TO
         DISTRIBUTE HEROIN & AIDING AND ABETTING SAID OFFENSE
         (COUNT 20)

  SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   660 MONTHS
  TERM OF SUPERVISION.............:     5 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONCURRENT
  DATE OF OFFENSE................: 04-22-2004

---------------------------CURRENT OBLIGATION NO: 040 ---------------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) & 18:924(O) - CONSPIRACY TO USE, CARRY, POSSESS AT
         LEAST ONE FIREARM DURING AND IN FURTHERANCE OF A DRUG
         TRAFFICKING CRIME (COUNT 30)

  SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   660 MONTHS
  TERM OF SUPERVISION.............:     5 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONCURRENT
  DATE OF OFFENSE................: 08-01-1999




  G0002       MORE PAGES TO FOLLOW . . .
```

```
   FLPEA  540*23 *            SENTENCE MONITORING         *        07-18-2006
   PAGE 005         *         COMPUTATION DATA            *        08:43:50
                              AS OF 07-18-2006

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


--------------------------CURRENT OBLIGATION NO: 050 --------------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) & 18:2 - USE, CARRY, POSSESS AT LEAST ONE FIREARM
         DURING AND IN FURTHERANCE OF A DRUG TRAFFICKING CRIME &
         AIDING AND ABETTING SAID OFFENSE (COUNT 31)

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
 TERM OF SUPERVISION.............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
 DATE OF OFFENSE.................: 04-29-2004

--------------------------CURRENT OBLIGATION NO: 060 --------------------------
OFFENSE CODE....:  548
OFF/CHG: 18:1956(H) - CONSPIRACY TO LAUNDER MONEY (COUNT 33)

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   660 MONTHS
 TERM OF SUPERVISION.............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONCURRENT
 DATE OF OFFENSE.................: 08-01-1999

--------------------------CURRENT COMPUTATION NO: 030 --------------------------

COMPUTATION 030 WAS LAST UPDATED ON 04-07-2006 AT FLP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010, 030 020, 030 030, 030 040, 030 050, 030 060




   G0002      MORE PAGES TO FOLLOW . . .
```

```
   FLPEA  540*23 *            SENTENCE MONITORING          *     07-18-2006
   PAGE 006        *            COMPUTATION DATA            *     08:43:50
                                AS OF 07-18-2006

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


DATE COMPUTATION BEGAN..........: 09-14-2005
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  720 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   60 YEARS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 08-01-1999

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    05-10-2004     09-13-2005

TOTAL PRIOR CREDIT TIME.........: 492
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 2822
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 08-17-2056
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-09-2064


PROJECTED SATISFACTION DATE.....: 08-17-2056
PROJECTED SATISFACTION METHOD...: GCT REL




G0002       MORE PAGES TO FOLLOW . . .
```

RELEASE DATE

```
   FLPEA   540*23 *            SENTENCE MONITORING          *      07-18-2006
   PAGE 007         *            COMPUTATION DATA            *      08:43:50
                                 AS OF 03-14-2003
```

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


```
FBI NO...........: 694617V1              DATE OF BIRTH: 03-14-1960
ARS1.............: FLP/A-DES
UNIT.............: C                     QUARTERS.....: C02-132L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:   03-14-2003 VIA GCT REL

------------------------PRIOR JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION...........: TEXAS, WESTERN DISTRICT
DOCKET NUMBER...................: SA-90-CR-227(3)
JUDGE...........................: PRADO
DATE SENTENCED/PROBATION IMPOSED: 01-28-1991
DATE COMMITTED..................: 03-14-1991
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:  $50.00          $00.00           $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO         AMOUNT:  $00.00
```

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  380
OFF/CHG: 21 USC 841(A)(1)  DISTRIBUTION OF HEROIN.

```
  SENTENCE PROCEDURE..............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  168 MONTHS
  TERM OF SUPERVISION.............:    3 YEARS
  DATE OF OFFENSE.................: 06-08-1990
```

G0002        MORE PAGES TO FOLLOW . . .

```
   FLPEA   540*23 *            SENTENCE MONITORING           *      07-18-2006
PAGE 008 OF 008 *              COMPUTATION DATA              *      08:43:50
                              AS OF 03-14-2003

REGNO..: 43813-080 NAME: GARCIA-ESPARZA, JOHNNY


-------------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-10-1999 AT MAR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010

DATE COMPUTATION BEGAN..........: 01-28-1991
TOTAL TERM IN EFFECT............:   168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    14 YEARS
EARLIEST DATE OF OFFENSE........: 06-08-1990

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     08-15-1990     01-27-1991

TOTAL PRIOR CREDIT TIME.........: 166
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 517
TOTAL GCT EARNED................: 517
STATUTORY RELEASE DATE PROJECTED: 03-16-2003
SIX MONTH /10% DATE.............: 09-16-2002
EXPIRATION FULL TERM DATE.......: 08-14-2004


ACTUAL SATISFACTION DATE........: 03-14-2003
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CSA
ACTUAL SATISFACTION KEYED BY....: EGT

DAYS REMAINING..................: 517
FINAL PUBLIC LAW DAYS...........: 2
```

```
   G0000        TRANSACTION SUCCESSFULLY COMPLETED
```