Do Not Remove
From Record Room

05-51209

No. 05-51209

---

**In the United States Court of Appeals
For the Fifth Circuit**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

V.

JUAN VICTOR VALLES
JOHNNY GARCIA-ESPARZA
SAMMY GARCIA
JIMMY ZAVALA

*Defendants-Appellants.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRTICT OF TEXAS

---

BRIEF OF DEFENDANT-APPELLANT,
JUAN VALLES

---

U.S. COURT OF APPEALS
FILED

AUG 1 4 2006

CHARLES R. FULBRUGE III
CLERK

EDWARD L. BRAVENEC
Attorney at Law
721 S. Presa
San Antonio, TX 78210
Telephone: 210-223-4080
Fax: 210-223-2449
State Bar No. 24012329

*Court Appointed Attorney for Appellant*

No. 05-51209

In the United States Court of Appeals
For the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

V.

JUAN VICTOR VALLES
JOHNNY GARCIA-ESPARZA
SAMMY GARCIA
JIMMY ZAVALA

*Defendants-Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRTICT OF TEXAS

BRIEF OF DEFENDANT-APPELLANT,
JUAN VALLES

EDWARD L. BRAVENEC
Attorney at Law
721 S. Presa
San Antonio, TX 78210
Telephone: 210-223-4080
Fax: 210-223-2449
State Bar No. 24012329

*Court Appointed Attorney for Appellant*

## CERTIFICATE OF INTERESTED PERSONS

### UNITED STATES V. JUAN VALLES
### No. 05-51209

The undersigned counsel of record certifies that the person having an interest in the outcome of this case are those listed below:

1. **Juan Valles,** Defendant-Appellant;

2. **Johnny Sutton,** U.S. Attorney;

3. **Joe Sepeda,** Assistant U.S. Attorney and **Joseph H. Gay, Jr.,** Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court, and in this court respectively;

4. **Bowen Sutton,** Who represents **Johnny Garcia-Esparza** in this court

5. **Vincent D. Callahan, Esq.,** who represents **Sammy Garcia** in this court; and

6. **Adrienne Urrutia Wisenberg,** who represents **Jimmy Zavala** in this court.

This certificate is made so that the Judges of this Court may evaluate possible disqualification or recusal.

EDWARD L. BRAVENEC
*Attorney for Defendant-Appellant*

i

## NO REQUEST FOR ORAL ARGUMENT

Defendant-Appellant Juan Valles does not request oral argument pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rules 28.2.4 and 34.2. The record in this case is long but simple. Although the appeal presents an important questions involving the trial court's error in failing to grant a mistrial based on the unfairly prejudicial effect of a stricken witness's testimony; and unreasonable sentence in part for being a leader or organizer as well as additional levels for narcotics notwithstanding no jury finding of these facts – oral argument will not assist the Court's decision-making process.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSON.......................................... i

NO REQUEST FOR ORAL ARGUMENT............................................ ii

TABLE OF CONTENTS........................................................... iii

TABLE OF AUTHORITIES........................................................ v

SUBJECT MATTER AND APPELLATE JURIDICTION..........................1

ISSUE PRESENTED FOR REVIEW.............................................2

STATEMENT OF THE CASE.....................................................3

    1. NATURE OF THE CASE ..................................................3

    2. COURSE OF PROCEEDINGS AND DISPOSITION IN THE

       COURT BELOW................................................4

    3. STATEMENT OF FACTS..................................................4

SUMMARIES OF THE ARGUMENTS...........................................12

ARGUMENTS AND AUTHORITIES.............................................13

I.    The trial court erred (abuse of discretion standard of review) when during the Government's case in chief, it denied Appellant's oral motion for mistrial based on incurable harm created by informant-accomplice witness's Luis Adame's non responsive and unfairly prejudicial torso display and shouts in violation of United States v. Aquiar, 610 F2d 1296, 1305 (5th Cir. 1980) cert. Den. 101 S. Ct. 91, 449 U.S. 827 66 L Ed2d 31 (a new trial on grounds of perjury should be ordered where exists a significant inconsistency between trial testimony and prior inconsistent statement)............................................13

ARGUMENTS AND AUTHORITIES.............................................18

II.    The trial court erred (unreasonableness standard of review) when in assessing its sentence as an aggravating factor and in decoding the amount of narcotics in the sentence, it adversely weighed Appellant as being a leader or organizer, despite no jury findings on this issue, in violation of United States v. Booker, 125 S. Ct. 738, 756, _____ U.S. _____, 160 L.

Ed3d 621 (2005) (Any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt); and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed2d 403 (2004) (sentence cannot be enhanced absent jury findings supporting the enhancement)............................ 18

III.    The trial court erred in not allowing the defendant to enter a plea of "guilty" or "not guilty" to the offense, in front of the jury, a due process violation.

CONCLUSION ................................................................ 21

CERTIFICATE OF SERVICE ................................................. 22

CERTIFICATE OF COMPLIANCE ........................................... 23

iv

## TABLE OF AUTHORITIES

### CASES

Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed2d 403 (2004 ...................................................................................12

Taylor v. Illinois, 484 U.S. 400, 412-413, 108 S. Ct. 646, 98 L. Ed2d 798 (1988) ...................................................................................11

United States v. Smith, 354 F.3d 390, 395 (5th Cir. 2003) ................................ ...................................................................................9

United States v. Agurs, 96 S. Ct. 2392, 2397, 427 U.S. 97, 103, 49 L. Ed 2d 342 (1976)..............................................................................10

United States v. Alonzo, 435 F 3d 551, 554 (5th Cir. 2009)...........................13

United States v. Antone, 603 F2d 566, 569-570 (5th Cir. 1979).......................10

United States v. Aquiar, 610 F2d 1296, 1305 (5th Cir. 1980) cert. Den. 101 S. Ct. 91, 499 U.S. 827 66 L Ed2d 31....................................................... 7, 10

United States v. Booker, 125 S. Ct. 738, 756, ____ U.S. ____, 160 L. Ed3d 621 (2005) ...............................................................................12

United States v. Demchak, 545 F2d 1029, 1031-1332 (5th Cir. 1977).............. 10

United States v. Gabriel, 597 F2d 95, 98-99 (7th Cir. 1979, cert. den. 100 S. Ct. 120, 444 U.S. 858, 62 L. Ed2d 78).....................................................10

United States v. Howard, ____ F 3d ___, 2006 WL 700783 (5th Cir. 2006).........13

United States v. Lyons, 703 F 2d 815, 819 (5th Cir. 1983)...........................11

United States v. Mares, 402 F 3d 511, 518 (5th Cir. 2005).......................12, 13

United States v. Sanchez-Ortiz, ____ F 3d ____, 135 Fed. Appx. 715, 716 (5th Cir. 2005)..............................................................................13

United States v. Sutherland, 646 F2d 1181, 1203 (5th Cir. 1981)....................10

United States v. Viera, 819 F2d 498, 500 (5th Cir. 1987)......................... 7, 11

## OTHER AUTHORITIES

Wright, Fed. Prac. & Proc. §...............................................................9, 10

## SUBJECT MATTER AND APPELLATE JURISDICTION

1.    **Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of alleged offenses against the United States. The district court had jurisdiction of this case under 18 U.S.C. § 3231.

2.    **Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the U.S. District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the sentencing Reform Act of 1984. This court has jurisdiction of the appeal under 18 U.S.C. § 3742(a).

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant must file notice of appeal in the district court within 10 days after the entry either of the judgment of order appealed from, or of a notice of appeal by the Government. The rule further provides that "[a] notice of appeal filed after the court announces a decision, sentence, or order -- but before the entry of the judgment of order -- is treated as filed on the date of an after the entry." In this case, Defendant - Appellant's sentence was announced on August 11, 2005 and he filed a notice of appeal on August 18, 2005. Written judgment was entered on August 18, 2005.

**ISSUES PRESENTED FOR REVIEW**

1. The trial court erred when it failed to grant a mistrial based on the unfairly prejudicial effect of a stricken witness's uninvited testimony and courtroom display.

2. The trial court erred when it sentenced Appellant in part for being a leader or organizer and for additional amounts of narcotics notwithstanding no jury finding on the issues.

3. The trial court erred when it Failed to allow Appellant to plead "guilty" or "not guilty" in front of a jury.

## STATEMENT OF THE CASE

**1.    Nature of the Case.**

On August 18, 2004, Federal authorities charged Juan Valles with conspiracy to possess with intent to distribute a kilogram or more of heroin and five kilograms of more of cocaine (Count One); aiding and abetting the possession with intent to distribute a controlled substance containing a detectable amount of heroin (Count Thirteen); aiding and abetting the use, carrying and possession of a weapon in the furtherance of a drug related crime (Count Thirty-two); and conspiracy to collect a mandatory tax on the proceeds of narcotics (Count Thirty-three); (Vol. 13, p. 15, lines 8-17; pgs. 16-20; p. 21, lines 11-18; p. 25, lines 13-24 and pgs. 26-28). Appellant was found guilty by a jury on all counts (Vol. 23, pgs. 2760-2762). No special issues were requested by the government or defense concerning Mr. Valles' role as an organizer or leader (Vol. 23, p. 2762-63).

Appellant's advisory sentencing guideline range was 360 months to life imprisonment on Count One, 60 months on Count Thirty-two, and 240 months on Counts Thirteen and Thirty-Three (Vol. 23, pp. 18-19). On August 11, 2005, the district court sentenced Appellant to 600 months on Count One, 240 months on Counts Thirteen and Thirty-Three, concurrent with Count one, and 60 months on Count Thirty-two, consecutive to Count One; for a total of 660 months imprisonment (Vol. 23, p. 22-23).

Appellant challenges the trial court error in denying an oral motion for mistrial based on the unfairly prejudicial effect of a stricken witness's testimony, and trial court error in assessing a sentence against Appellant in part for being a leader or organizer notwithstanding no finding of such by a jury, as well as the assessment of increased punishment for a larger amount of narcotics not found beyond a reasonable doubt by a jury. Appellant also argues for a reversal due to not being allowed to plead "guilty" or "not guilty" in front of a jury.

2.    **Course of Proceedings and Disposition in the Court Below.**

Appellant was charged for violating 21 USC § 841(a)(1), 841(b)(1)(A), and 846 in Count One; 21 USC § 841(a)(1) and 841(b)(1)(c) in Count Thirteen; 18 USC § 924(c) and 18 USC § 2 in Count Thirty-two; and 18 USC § 1956(h) in Count Thirty-three.

Appellant was found guilty on all counts based in the main on the adverse testimonies of several informants and co-conspirators, several wire taps relating to Count Thirteen; and seized evidence. Appellant was sentenced to 55 years imprisonment.

3.    **Statement of Facts.**

Appellant is now a 32 year old Hispanic man who at the time of the offenses was 27-31 years old. (Vol. 23, p. 53, line 12). The case against Appellant started in 2003 with the prosecution of several admitted co-conspirators who, pursuant to plea bargain agreements, directly inculpated Appellant as a member of the Texas Mexican Mafia and as an alleged

4

Sergeant or Lieutenant in the Mexican Mafia, and as a participant in the collection of a mandatory tax on the proceeds of narcotics sold.

The main evidence against appellant consisted of three main lines: first, the testimony of several co-conspirators that appellant was a member and/or leader in the Texas Mexican Mafia; second, that appellant participated in the sale of drugs as alleged in Count Thirteen; third, that appellant was involved in a home invasion that resulted in a conviction on Count Thirty-Two (carrying a firearm during the furtherance of a drug trafficking crime). Appellant's participation in Counts Thirteen and Thirty-Two, along with several statements of appellant's membership in the Texas Mexican Mafia, were the primary evidence used to convict appellant under Counts One and Thirteen.

The Government also presented testimony by Louis Adame that Appellant shot Mr. Adame. This evidence was shown to be perjured after Mr. Adame was confronted with adverse facts. Mr. Adame then showed his scarred torso barely ten feet from the jury, screamed at counsel, and was removed from the courtroom. (Vol. 22, pp. 2501-2504; pp. 2523-2524; and pp. 2544-2600). This testimony is the basis of one of appellant's grounds for reversal.

## SUMMARIES OF THE ARGUMENTS

1. The trial court erred when it failed to grant a mistrial based on the unfairly prejudicial effect of a government witness' perjured testimony and courtroom display.

2. The trial court erred when it sentenced Appellant in part for being a leader or organizer and for additional amounts of narcotics notwithstanding no jury finding on the issue.

3. The trial court erred when it Failed to allow Appellant to plead guilty or not guilty in front of a jury.

**ARGUMENTS AND AUTHORITIES**

I.   THE TRIAL COURT ERRED (ABUSE OF DISCRETION STANDARD OF REVIEW) WHEN DURING THE GOVERNMENT'S CASE IN CHIEF, IT DENIED APPELLANT'S ORAL MOTION FOR MISTRAIL BASED ON INCURABLE HARM CREATED BY INFORMANT-ACCOMPLICE WITNESS'S LUIS ADAME'S NONRESPONSIVE AND UNFAIRLY PREJUDICAL TORSO DISPLAY AND SHOUTS IN VIOLATION OF <u>UNITED STAES V. AQUIAR, 610 F2D 1296, 1305 (5TH CIR. 1980) CERT. DEN. 101 S. CT. 91, 449 U.S. 827 66 L ED2D 31</u> (A NEW TRIAL ON GROUNDS OF PERJURY SHOULD BE ORDERED WHERE EXISTS A SIGNIFICANT INCONSISTENCY BETWEEN TRIAL TESTIMONY AND PRIOR INCONSISTENT STATEMENT).

**A.    Standard of Review:**

This Court interprets rulings on motions for mistrial by determining whether or not the trail court abused its discretion. See: <u>United States v. Viera, 819 F2d 498, 500</u> (5th Cir. 1987) (trial rulings reviewed for abuse of discretion).

**B.    Regarding Luis Adame.**

The record on appeal in pertinent part reveals that informant-co-conspirator witness, Luis Adame (Vol. 22, pgs. 2501-2504; pgs. 2523-2524; and pgs. 2544-2600) testified: that in 200 he was a member of the Mexican Mafia under the direct authority in 2002 of co-defendant, Jimmy Zavala (Vol. 22, p. 2545, lines 1-13); that he (Adame) was selling kilograms of cocaine (Vol. 22, p. 2545, lines 18-25); that in 2002 co-defendant, Johnny Garcia Esparza, had some lesser authority for the Mexican Mafia in the northwest of San Antonio, Texas (Vol. 22, p. 2546, lines 1-25; and 2547, lines 1-4); that appellant, Juan Valles , was a member of the Mexican Mafia in 2003 (Vol. 22, p. 2547, lines 14-25); that

7

in 2003 co-defendant, Jimmy Zavala, attempted to purchase five kilograms of cocaine from Adame and attempted to impose an additional 10% tax (Vol. 22, p. 2548, lines 10-25; p. 2550, lines 11-25 [only two kilograms negotiated]); that appellant, Juan Valles, in March 2003 and approximately fourteen other members of the Mexican Mafia collected $30,000.00 cash plus a $30,000.00 Harley Davidson motorcycle and a $9,000.00 truck from Adame as a cocaine tax (Vol. 22, p. 2552, lines 3-25; and p. 2553, lines 1-25); that Adame was then targeted to be murdered by co-defendant, Jimmy Zavala (Vol. 22, p. 2558, lines 13-25); and that appellant, Juan Valles, jumped out of a van and started shooting at him with two hands; with "a gun in each hand" (Vol. 22, p. 2559, lines 5-25).

At this point, trial counsel asked for a copy of the police report, but the Government did not have one, as is required under *Jenks*. (Vol. 22, p. 2563, lines 17-25). Trial counsel then objected that the appellant had a due process right to have the government find out whether or not there was a police report or a 911 tape, so that perjured testimony would not be produced to the jury. (Vol. 22, p. 2564, lines 15-22). The government admitted that it had not searched to see if there was a report of the incident. (Vol. 22, p. 2566, lines 16-17).

At this point in the trial, a recess was had. Trial counsel for appellant objected that the failure of the government to properly research whether or not there was a police report relating to Mr. Adame had resulted in incurable error. (Vol. 22, p. 2594-95). Thus, counsel for appellant properly pointed out to the court that the government had suborned perjury.

8

After the recess, trial counsel for appellant questioned Mr. Adame, and elicited that Mr. Adame had known Mr. Valles for a number of years, and recognized him immediately upon coming out of the van (Vol. 22, pp. 2598-99). Adame was then confronted with the fact that he had told the police that he didn't know any of the people that had shot him. (Vol. 22, pp1599-2600). Then Adame began to display his torso to the jury (a mere ten feet away) and began shouting, "… This is what he did to me. He shot me" (Vol. 22, p. 2600, lines 1-10).

The trial court removed Adame from the court room, yelling "out, out, out." Then, the court told the prosecution not to bring anyone like that in a trial again (Vol. 22, p. 2600, lines 11-15), and granted defense counsel's oral motion to strike testimony, and oral motion to disregard (Vol. 22, p. 2600, lines 11-20). But the court denied defense counsel's oral motion for mistrial (Vol. 22, p. 2600, lines 20-25).

The trial court's charge instructed the jury to disregard the testimony of Luis Adame (Vol. 23, p. 2654, lines 16-20).

**C.    Regarding Applications of the Law.**

Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial. Wright, Fed. Prac. & Proc. § 556, p. 306, 1982. There Appellant was unfairly prejudiced where Luis Adame's torso display and shouting before the jury, in his frustrated effort to restore his credibility, was uninvited and non-responsive. See: United State v. Smith, 354 F. 3d 390, (5th Cir. 2003) (defendant required to show prejudice). Here there is a reasonable likelihood that Luis Adame's obviously false testimony could have

affected the judgment of the jury thereby requiring a reversal. See: <u>United States v. Agurs,</u> 96 S. Ct. 2392, 2397, 427 U.S. 97, 103, 49 L. Ed 2d 342 (1976).

The falsity of Adame's federal trial testimony regarding murder attempted on him as shown by his prior inconsistent statement to state local police, must be imputed to the federal team where, as in this case, state and federal executive branches pooled their lengthy investigative energies. See: <u>United States v. Antone,</u> 603 F2d 566, 569-570 (5th Cir. 1979); <u>United States v. Aquiar,</u> 610 F2d 1296, 1305 (5th Cir. 1980), cert. den. 101 S. Ct. 91, 449 U.S. 827, 66 L. Ed2d 31) (where exists significant inconsistency, a new trial on grounds of perjury is warranted); <u>United States v. Sutherland,</u> 646 F2d 1181, 1203 (Cir. 1981); but see: <u>Wright,</u> Fed. Prac. & Proc. § 557.1, p. 346, 1982; <u>United States v. Gabriel,</u> 597 F2d 95, 98-99 (7th Cir. 1979, cert. den. 100 S. Ct. 120, 444 U.S. 858, 62 L. Ed2d 78) (a new trial not required if defendant can cross examine and meet the perjury during the trial).

Appellant could not cross examine Adame's non-responsive display and shouting which could have affected the judgment of the jury. An unfairly prejudicial effect could not be erased by striking the testimony. <u>United States v. Demchak,</u> 545 F2d 1029, 1031-1032 (5th Cir. 1977).

"… It occasionally happens that a witness who has completed his or her direct examination cannot be subjected to cross examination … in such case, it will ordinarily be necessary to strike the direct testimony of the witness, or even declare a mistrial …" <u>Wright,</u> Fed. Prac. & Proc., § 416, p. 154 n. 12, 1982.

10

This case should be reversed and remanded. The Government knowingly or recklessly used perjured testimony of Luis Adame to establish Appellant's guilt as a gang member who attempted murder. This is fundamentally unfair because there is a reasonable likelihood that the false testimony, including the uninvited torso display and shouting by Adame, could have affected the judgment of the jury.

This case should be reversed and remanded because a mistrial was necessary. See: United States v. Lyons, 703 F 2d 815, 819 (5th Cir. 1983) (The general rule in this circuit is that and instruction to disregard is sufficient, unless the remark is so prejudical that it is incurable by the court's definition). The jury saw Adame's torso and heard his shouting that co-defendant, Juan Valles, with whom Appellant was criminally linked had shot him. Evidence of Adame's likely perjured testimony, display, and outburst came only from Adame and was in no way collateral to or cumulative of other inculpating evidence. Appellant was unfairly prejudiced where the jury improperly learned of Adame's severely impeached presentation of being shot because it was free from the legitimate demands of the adversarial system. See: Taylor v. Illinois, 484 U.S. 400, 412-413, 108 S. Ct. 646, 98 L. Ed2d 798 (1988) (the right to present witnesses is essential to due process but is not absolute and cannot be free from the legitimate demands of the adversarial system); United States v. Viera, 819 F2d 498, 501 (5th Cir. 1987) (the relevant question on review is whether the defendant's inability to make the inquiry created a substantial danger of prejudice by depriving him of the ablity to test the truth of the witness' direct testimony).

11

## ARGUMENTS AND AUTHORITIES

II.   THE TRIAL COURT ERRED (UNREASONABLENESS STANDARD OF REVIEW) WHEN IN ASSESSING ITS SENTENCE AS AN AGGRAVATING FACTOR, IT ADVERSELY WEIGHED APPELLANT AS BEING A LEADER ORGANIZER, DESPITE THE THE ISSUE NEVER BEINGSUBMITTED TO THE JURY, IN VIOLATION OF UNITED STATES V. BOOKER, 125 S. CT. 738, 756, ____ U.S. ____, 160 L. ED3D 621 (2005) (ANY FACT, OTHER THAN A PRIOR CONVICTION, WHICH IS NECESSARY TO SUPPORT A SENTENCE EXCEEDING THE MAXIMUM AUTHORIZED BY A PLEA OF GULITY OR A JURY VERDICT MUST BE ADMITTED BY THE DEFENDANT OR PROVED TO A JURY BEYOND A REASONABLE DOUBT); AND BLAKELY V. WASHINGTON, 542 U.S. 296, 124 S. CT. 2531, 159 L. ED2D 403 (2004) (SENTENCE CANNOT BE ENHANCED ABSENT JURY FINDINGS SUPPORTING THE ENHANCEMENT).

**A.    Standard of Review.**

This court reviews a sentence of reasonableness. United States v. Mares, 402 F 3d 511, 518 (5th Cir. 2005).

**B.    Regarding the Facts.**

The jury was not asked to find that Appellant was a leader or organizer (R.R. Vol. 23, p. 2762, lines 18-21).

Defense counsel at sentencing unsuccessfully objected to the Pre-sentence Investigation Report, paragraph #51 which assessed sentencing guideline points against Appellant for being a leader and organizer. (Vol. 24, p.15, lines 18-20). The trial court overruled these objections (Vol. 24, pg. 18, line 18).

Defense counsel at sentencing also objected to the use of amounts of drugs not specifically found beyond a reasonable doubt by a jury.

**C.    Regarding Applications of the Law.**

If only the facts found beyond a reasonable doubt by a jury are used, the offense level should be 34, not 42. This would leave appellant with a range of 210-262, plus five additional years. The court sentenced the defendant based on a level of 42, which carries a range of 360-life, plus five additional years. To enhance a defendant's sentence based on facts not submitted to a jury is unreasonable. See: United States v. Mares, 402 F3d 511, 418 (5th Cir. 2005) (A sentence is reviewed for reasonableness).

Appellant has been harmed where a correct application of the advisory sentencing guidelines would have resulted in a sentence of 270 months to 302 months imprisonment (counting the above mentioned 60 months). (But see: Vol.24, p. 22, line 22, where the trial court assessed 600 months imprisonment on Count One). See: United States v. Sanchez-Ortiz, _____ F 3d _____, 135 Fed. Appx. 715, 716 (5th Cir. 2005) (Appellant must show that the error effected the outcome of the sentencing proceeding because he received a sentence that was several years longer and in another Guidelines range of imprisonment than he would have absent the error); and United States v. Howard, _____ F 3d ___, 2006 WL 700789 (5th Cir. 2006 (citing United States v. Alonzo, 435 F 3d 551, 554 (5th Cir. 2009)) (a sentence based on an incorrect guidelines range is not presumptively reasonable).

This case should be reversed and remanded for resentencing.

III.    THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENDANT TO ENTER A PLEA OF "GUILTY" OR "NOT GUILTY" TO THE OFFENSE IN FRONT OF THE JURY, A DUE PROCESS VIOLATION

The right to plead guilty, or not guilty, is a fundamental right, and appellant argues that he has an absolute right to do so in front of a jury by due process. Appellant concedes that he can find no case supporting this proposition. However, appellant believes that such a right is inherent in the due process clause (Vol. 23, pp. 2764-65).

In this case, the court simply assumed that the defendant would plead guilty. If the appellant had been given that opportunity, and had chosen to plead guilty, he would be entitled to acceptance of responsibility, and would be entitled to a new sentencing hearing under the reasoning used in II, above.

However, appellant argues further that he is entitled as a matter or due process to plead "not guilty" in front of the jury, and that the failure of the court to enforce this right is a violation of due process and requires reversal.

## CONCLUSION

FOR THESE REASONS, Appellant's convictions and judgments should be vacated and the case remanded for new trial. Alternatively, Appellant's sentence should be remanded with instructions not to punish Appellant for being a leader or organizer, and with instructions that the punishment be imposed equal with the amount of drugs found beyond a reasonable doubt by the jury.

Respectfully Submitted,

EDWARD BRAVENEC
Law Office of McKnight & Bravenec
721 S. Presa
San Antonio, Texas 78210
(210) 223-4080
SBN: 24012329

*Court Appointed Attorney for Appellant*

15

## CERTIFICATE OF SERVICE

On *9th August*, 2006, I served two copies of this Brief on Johnny Sutton, U.S. Attorney for the Western District of Texas by mailing them to his office at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216-5512. I also served on counsel a diskette containing the brief, in compliance with Fifth Circuit Rule 31.1.

Edward Bravenec

*Court Appointed Attorney for Appellant*

16

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th CIR. R. 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of FED. R. APP. P. 32(A)(7).

1.    EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH CIR. R. 32.2, the brief contains 4,919 words.

2.    THE BRIEF HAS BEEN PREPARED in a proportionally spaced typeface using Microsoft Word 2003 Professional in Times New Roman, 12.

3.    THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTICICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN FED. R. APP. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

EDWARD BRAVENEC

*Court Appointed Attorney for Appellant*

17