## No. 05-51209

# In the United States Court of Appeals
# For the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

V.

JUAN VICTOR VALLES, also known as Smiley;
JOHNNY GARCIA-ESPARZA, also known as Gira;
SAMMY GARCIA, also known as Spiderman;
JIMMY ZAVALA, also known as Panson, also known as Gordo

*Defendants-Appellants.*

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

———————————

BRIEF OF DEFENDANT-APPELLANT,
SAMMY GARCIA

———————————

VINCENT D. CALLAHAN
Laurel Heights Station
P O Box 1214211
Telephone/ Fax: 210-737-3404
State Bar No. 03651700

*Court Appointed Attorney for Appellant*

No. 05-51209

## CERTIFICATE OF INTERESTED PERSONS

### UNITED STATES V. SAMMY GARCIA
### No. 05-51209

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Sammy Garcia**, Defendant-Appellant;

2. **Johnny Sutton,** U.S. Attorney;

3. **Joe Sepeda**, Assistant U.S. Attorney and **Joseph H. Gay, Jr**., Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court, and in this court respectively;

4. **Christopher B. Weixel, Esq.** who represented Defendant-Appellant serially in the district court; and

5. **Vincent D. Callahan, Esq.**, who represents Defendant-Appellant in this Court.

This certificate is made so that the Judges of this Court may evaluate possible disqualification or recusal.

_____

VINCENT D. CALLAHAN
*Attorney for Defendant-Appellant*

i

No. 05-51209

## NO REQUEST FOR ORAL ARGUMENT

Defendant-Appellant Sammy Garcia does not request oral argument pursuant to Federal Rule of Appellate Procedure 34(a) and Fifth Circuit Rules 28.2.4 and 34.2. The record in this case is long but simple. Although the appeal presents an important questions involving the trial court's error in failing to grant a mistrial based on the unfairly prejudicial effect of a stricken witness's testimony; and unreasonable sentence in part for being a leader or organizer notwithstanding a contrary jury issue – oral argument will not assist the Court's decision-making process.

No. 05-51209

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................... I

NO REQUEST FOR ORAL ARGUMENT ........................................................... II

TABLE OF CONTENTS ..................................................................................... III

TABLE OF AUTHORITIES ................................................................................. V

SUBJECT MATTER AND APPELLATE JURISDICTION ................................... 1

ISSUE PRESENTED FOR REVIEW .................................................................... 2

STATEMENT OF THE CASE ............................................................................... 3

   1.   NATURE OF THE CASE. ........................................................................... 3

   2.   COURSE OF PROCEEDINGS AND DISPOSITION IN THE COURT
   BELOW. ........................................................................................................ 4

   3.   STATEMENT OF FACTS. ........................................................................... 4

SUMMARIES OF THE ARGUMENTS ............................................................... 12

ARGUMENTS AND AUTHORITIES ................................................................. 13

   I.   The trial court erred (abuse of discretion standard of review) when during
the Government's case in chief, it denied Appellant's oral motion for mistrial
based on incurable harm created by informant-accomplice witness's Luis
Adame's non-responsive and unfairly prejudicial torso display and shouts in
violation of United States v. Aquiar, 610 F2d 1296, 1305 (5th Cir. 1980) cert.
den. 101 S. Ct. 91, 449 U.S. 827 66 L Ed2d 31 (a new trial on grounds of
perjury should be ordered where exists a significant inconsistency between
trial testimony and prior inconsistent statement). ............................................. 13

ARGUMENTS AND AUTHORITIES ................................................................. 18

   I.   The trial court erred (unreasonableness standard of review) when in
assessing its sentence as an aggravating factor, it adversely weighed Appellant
as being a leader or organizer, despite the jury's negative finding on this
specific special issue, in violation of United States v. Booker, 125 S. Ct. 738,
756, ____ U.S. _____, 160 L. Ed3d 621 (2005) (Any fact, other than a prior
conviction, which is necessary to support a sentence exceeding the maximum
authorized by a plea of guilty or a jury verdict must be admitted by the
defendant or proved to a jury beyond a REASONABLE doubt); and Blakely v.
Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed2d 403 (2004) (sentence
cannot be enhanced absent jury findings supporting the enhancement) ........... 18

No. 05-51209

CONCLUSION .......................................................................................21

CERTIFICATE OF SERVICE .................................................................22

CERTIFICATE OF COMPLIANCE .........................................................23

No. 05-51209

## TABLE OF AUTHORITIES

### CASES

Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed2d 403 (2004)..18

Taylor v. Illinois, 484 U.S. 400, 412-413, 108 S. Ct. 646, 98 L. Ed2d 798 (1988) 17

United State v. Smith, 354 F3d 390, 395 (5th Cir. 2003)..........................................15

United States v. Agurs, 96 S. Ct. 2392, 2397, 427 U.S. 97, 103, 49 L. Ed 2d 342 (1976).....................................................................................................................15

United States v. Alonzo, 435 F 3d 551, 554 (5th Cir. 2009) ...................................20

United States v. Antone, 603 F2d 566, 569-570 (5th Cir. 1979)..............................15

United States v. Aquiar, 610 F2d 1296, 1305 (5th Cir. 1980) cert. den. 101 S. Ct. 91, 449 U.S. 827 66 L Ed2d 31 ...................................................................... 13, 15

United States v. Booker, 125 S. Ct. 738, 756, _____ U.S. _____, 160 L. Ed3d 621 (2005).....................................................................................................................18

United States v. Demchak, 545 F2d 1029, 1031-1032 (5th Cir. 1977) ....................16

United States v. Gabriel, 597 F2d 95, 98-99 (7th Cir. 1979, cert. den. 100 S. Ct. 120, 444 U.S. 858, 62 L. Ed2d 78)......................................................................16

United States v. Howard, _____ F 3d ____, 2006 WL 700783 (5th Cir. 2006............20

United States v. Lyons, 703 F 2d 815, 819 (5th Cir. 1983)......................................17

United States v. Mares, 402 F 3d 511, 518 (5th Cir. 2005)............................. 18, 19

United States v. Sanchez-Ortiz, _____ F 3d _____, 135 Fed. Appx. 715, 716 (5th Cir. 2005)......................................................................................................................20

United States v. Sutherland, 646 F2d 1181, 1203 (5th Cir. 1981) ..........................16

United States v. Viera, 819 F2d 498, 500 (5th Cir. 1987)................................ 13, 17

No. 05-51209

## OTHER AUTHORITIES

18 U.S.C. § 3231 ............................................................................................1

18 U.S.C. § 3742(a) .......................................................................................1

Wright, Fed. Prac. & Proc. §............................................................... 15, 16

## RULES

5TH CIR. R. 32.2 ...........................................................................................23

5TH CIR. R. 32.2 and .3 ................................................................................23

Federal Rule of Appellate Procedure 34(a) ....................................... ii, 23

Fifth Circuit Rules 28.2.4 and 34.2....................................................... ii

No. 05-51209

## SUBJECT MATTER AND APPELLATE JURISDICTION

1.    **Subject Matter Jurisdiction in the District Court.**  This case arose from the prosecution of alleged offenses against the United States.  The district court had jurisdiction of this case under 18 U.S.C. § 3231.

2.    **Jurisdiction in the Court of Appeals.**  This is a direct appeal from a final decision of the U.S. District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984.  This Court has jurisdiction of the appeal under 18 U.S.C. § 3742(a).

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant must file notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government.  The rule further provides that "[a] notice of appeal filed after the court announces a decision, sentence, or order – but before the entry of the judgment or order – is treated as filed on the date of an after the entry."  In this case, Defendant-Appellant's sentence was announced on August 11, 2005 and he filed a notice of appeal on August 18, 2005.  Written judgment was entered on August 18, 2005.

1

No. 05-51209

## ISSUES PRESENTED FOR REVIEW

1.  The trial court erred (abuse of discretion standard) when it failed to grant a mistrial based on the unfairly prejudicial effect of a stricken witness's uninvited testimony and courtroom display.

2.  The trial court erred (reasonableness standard) when it sentenced Appellant in part for being a leader or organizer notwithstanding a contrary jury issue.

No. 05-51209

## STATEMENT OF THE CASE

### 1.    Nature of the Case.

On August 18, 2004, Federal authorities charged Sammy Garcia with conspiracy to possess with intent to distribute a kilogram or more of heroin and five kilograms or more of cocaine (Count One); aiding and abetting the possession with intent to distribute a controlled substance containing a detectable amount of heroin (Count Twenty); aiding and abetting the use, carrying and possession of a weapon in the furtherance of a drug related crime (Count Thirty-two); and conspiracy to collect a mandatory tax on the proceeds of narcotics and sold (Count Thirty-three); (Vol. 13, p. 15, lines 8-17; pgs. 16-20; p. 21, lines 11-18; p. 25, lines 13-24 and pgs. 26-28).  Appellant was found guilty by a jury on all counts (Vol. 23, pgs. 2760-2762).  The jury answered 'No' to the special issue "Do you find beyond a reasonable doubt that Sammy Garcia was a leader or organizer of the conspiracy alleged in Count One of the Indictment?"  (Vol. 23, p. 2762, lines 8-21).

Appellant's advisory sentencing guideline range was 420 months to life imprisonment on Counts One, Twenty and Thirty-three), and 60 months consecutive to the other counts on Count Thirty-two.  (Vol. 23, p. 50, lines 19-24).  On August 11, 2005, the district court sentenced Appellant to 600 months on Count One; 240 months on Counts Twenty and Thirty-Three, concurrent with

No. 05-51209

Count One; and 60 months on Count Thirty-two, consecutive to Count One; for a total of 660 months imprisonment (Vol. 23, p. 55, lines 5-13).

Appellant challenges the trial court error in denying an oral motion for mistrial based on the unfairly prejudicial effect of a stricken witness's testimony; trial court error in assessing a sentence against Appellant in part for being a leader or organizer notwithstanding a contrary jury issue; and legally insufficient evidence on Count Thirty-two.

**2.      Course of Proceedings and Disposition in the Court Below.**

Appellant was charged for violating 21 USC § 841(a)(1), 841(b)(1)(A), and 846 in Count One; 21 USC § 841(a)(1), 841(b)(1)(c) and 18 USC § 2 in Count Twenty; 18 USC § 924(c) and 18 USC § 2 in Count Thirty-two; and 18 USC § 1956(h) in Count Thirty-three.

Appellant was found guilty on all counts based in the main on the adverse testimonies of several informants and co-conspirators, numerous incriminating wire taps; seized incriminating documents; and a video showing Appellant's attempted flight, abandonment of heroin and arrest.  Appellant was sentenced to 55 years imprisonment.

**3.      Statement of Facts.**

Appellant is now a 42 year old Hispanic man who at the time of the offenses was 37-41 years old.  (Vol. 23, p. 53, line 12).  The hue and cry against Appellant

No. 05-51209

started in 2003 with the prosecution of several admitted co-conspirators who, pursuant to plea bargain agreements, directly inculpated Appellant as a member of the Texas Mexican Mafia and as the third man in charge of the north side San Antonio drug sales operation assisting co-defendants Johnny Garcia-Esparza and Juan Valdez, and as a participant in the collection of mandatory tax on the proceeds of narcotics sold.

**A.    Adverse Informant or Co-conspirator's Testimony.**

1.    Ricardo Saenz (Vol. 15, pgs. 566-727), testified: that he received 1/4 kilo to 1/2 kilo of heroin from Appellant every week from 2002 to 2004 (Vol. 15, p. 592, lines 3-25; and p. 593, lines 1-23); that Appellant participated in the tax collection incident on Formosa Street, San Antonio, Texas (Vol. 15, p. 603, lines 1-25); and that Appellant acted as security for meetings of inner circle meetings of high ranking members of the Texas Mexican Mafia (Vol. 15, p. 718, lines 8-25; and p. 719, lines 1-7).

2.    Henry G. Rodriguez (Vol. 15, pgs. 735-768; Vol. 16, pgs. 769-845) testified that Appellant was a member of the Texas Mexican Mafia (Vol. 16, p. 806, lines 9-12).

No. 05-51209

3.    Eilgio Valle (Vol. 16, pgs. 846-882) testified how from February 2003 to February 2004 large amounts of heroin was smuggled into and packaged and sold in San Antonio, Texas.  Appellant not mentioned.

4.    Daniel Richard Flores, Jr. (Vol. 16, pgs. 1034-1080) testified that Appellant attended a Texas Mexican Mafia business meeting with co-defendant, Jimmy Zavala, at Cici's Pizza around September 2003 (Vol. 16, p. 1045, lines 17-25; and p. 1046, lines 1-12).

5.    William Covarrubias (Vol. 17, pgs. 1087-1150) testified about the hierarchy of the TMM, sources of heroin, weapons, his murder plans, and previous murders of five members of the TMM.  Appellant was not mentioned.

6.    Leroy Baron (Vol. 17, pgs. 1151-1193) testified how co-defendant, Jimmy Zavala, and other members of the TMM tried to collect a tax from his sales of kilogram amounts of cocaine on October 17, 2002. Appellant was not mentioned.

7.    Michael Anthony Rios (Vol. 17, pgs. 1194-1467) testified: that Appellant was his sergeant in about 2004 (Vol. 5, p. 1214, lines 1-23); that Appellant converted kilos of cocaine to ounces in Appellant's home in 2003-2004 (Vol. 17, p. 1239, lines 3-25); that Appellant was looked to as a source of four ounces of heroin (Vol. 17, p. 1270, lines

6

No. 05-51209

9-25; and p. 1271, lines 1-2); that Appellant was to be sent to pick up heroin (Vol. 17, p. 1392, lines 3-25; and p. 1393, lines 1-8); that Appellant was talking to co-defendant, Johnny Garcia-Esparza, about two ounces of tar heroin (Vol. 17, p. 1394, lines 1-25; and 1395, lines 1-11); that Appellant was discussing distributing ounces of heroin with co-defendant, Garcia-Esparza (Vol. 17, p. 1398, lines 1-25; and p. 1399, lines 1-16); that Appellant was discussing the ratio of dilutants to heroin with co-defendant, Garcia-Esparza (Vol. 17, lines 1-15); that Appellant was discussing heroin distribution with co-defendant Garcia-Esparza (Vol. 17, pgs. 1405-1407); and that Appellant was discussing his arrest with co-defendant, Garcia-Esparza, the day after the arrest, and said, "... And I got rid of that shit.  I beat 'em ..." (Vol. 17, pgs. 1409-1412).

8.    Johnny Ybarra (Vol. 18, pgs. 1677-1716) testified: that Appellant was involved in distributing 2-3 kilograms of heroin (Vol. 18, p. 1689, lines 3-25; and p. 1690, lines 1-8).

9.    David Manuel Rodriguez (Vol. 19, pgs. 1778-1798 and Vol. 20, pgs. 2067-2075) testified that he regularly delivered heroin to Appellant in 2003 (Vol. 19, p. 1781, lines 22-25; and p. 1782, lines 1-18).

No. 05-51209

10.  Steve Herrera (Vol. 19, pgs. 1992-2020) testified how he sold co-conspirator, Michael Rios, one kilogram of cocaine in April 2004 (Vol. 19, pgs. 1992-1993); and that he bought kilogram of cocaine from co-conspirator Michael Rios, and co-defendant, Garcia-Esparza (Vol. 19, pgs. 1995-2001).  Appellant was not mentioned.

11.  Carlos Lopez (Vol. 19, pgs. 2021-2059; Vol. 20, pgs. 2076-2167) testified that Appellant participated in a home invasion with three co-defendants, Jimmy Zavala, Juan Valles and 'Puppet' (Vol. 20, p. 2096, lines 11-25).

12.  Roman Gonzales (Vol. 20, pgs. 2214-2236) testified that the TMM used ciphers and codes in its record keeping and communication. Appellant was not mentioned.

13.  Israel Soto (Vol. 21, pgs. 2351-2388) testified about federal jail escape plans by co-defendant, Jimmy Zavala (Vol. 21, pgs. 2351-2362); and he testified that Appellant participated in an attempted $250,000.00 tax collection from him for selling drugs in abut 2003 (Vol. 21, p. 2364, lines 1-25; and p. 2365, lines 1-25).

14.  Steve Pedraza (Vol. 21, pgs. 2389-2419) testified: that on May 14, 2003, four men (one wearing an ATF cap) invaded his home on Formosa Street where he had been selling cocaine without paying any

8

No. 05-51209

tax (Vol. 21, pgs. 2389-2398); that the gun later seized by the police behind his refrigerator was not his (Vol. 21, p. 2400, lines 1-9); that the four invading men were arrested as a result of his 911 call to police (Vol. 21, pgs. 2394-2398) [SAPD officers, Vincent Gonzalez, (Vol. 21, pgs. 2420-2436), Louis Herrera (Vol. 21, pgs. 2437-2440), and Robert Ross (Vol. 21, pgs. 2441-2448) then testified about Appellant being arrested as one of the four men.  Officer R. Ross testified that a Davis Industries .380 pistol was found in the open trunk of a maroon car used by the invading men, and that a Taurus .9 mm handgun had been recovered from behind the apartment's refrigerator.

15.    Dario Encina (Vol. 22, pgs. 2449-2489) testified about purchasing cocaine and heroin in 2001 from co-defendant, Jimmy Zavala, and having to pay a mandatory tax on said drug (Vol. 22, pgs. 2450-2456). Appellant was not mentioned.

16.    Juan Francisco Martinez, Jr. (Vol. 22, pgs. 2506-2543) testified about co-defendant, Jimmy Zavala's, statement to him that two informants had already been dealt with and his inquiry about what would happen if the prosecutor died.  Appellant was not mentioned.

No. 05-51209

17.    Joe Rene Tamayo (Vol. 22, pgs. 2605-2636) testified how co-defendant, Jimmy Zavala, gave him a gun and Jose Arte Moreno's truck to destroy (Vol. 22, pgs. 2605-2616).  Appellant was not mentioned.

**B.    Video of Appellant's Arrest.**

Bexar County deputy Sheriff, John Perez, (Vol. 19, pgs. 1835-1922) testified about his involvement on April 22, 2004, in a high speed pursuit of the Appellant which was videotaped and admitted as GX No. 1601.  He testified that from the video he observed a large size baggie being thrown out the vehicle driven by the Appellant (Vol. 19, p. 1842, lines 1-25) which when later recovered by the DEA was heroin (Vol. 19, p. 1844, lines 1-9).

**C.    Wiretaps.**

DEA case agent Nancy Sanford, testified that four wire taps initiated on February 5, 2004 had been authorized by the federal judge (Vol. 14, p. 344, lines 18-21; p. 371, lines 6-25; and p. 372, lines 1-2; GX No. 5005 [list of intercepted numbers]; p. 373, lines 15-22; and p. 374, lines 20-21 [over 5,000 calls intercepted]).  The prosecution culled and transcribed 120 conversations (Vol. 14, p. 382, lines 1-25; and p. 383, lines 1-7).

Appellant's name is mentioned in several conversations (Vol. 17, p. 1403, Vol. 6, pgs. 1664, 1687, 1690, 1751, 1752, 1753 and 1756).

10

No. 05-51209

Appellant's incriminating taped conversations between himself and co-defendant, Garcia-Esparza, on April 23, 2004 was played to the jury (Vol. 17, pgs. 1409-1412).

**D.    Documents and Records.**

Appellant's name or telephone number was found in adverse GX Nos. 308, 310, 3003, 3801.

No. 05-51209

## SUMMARIES OF THE ARGUMENTS

1.  The trial court erred (abuse of discretion standard) when it failed to grant a mistrial based on the unfairly prejudicial effect of a stricken witness's uninvited testimony and courtroom display

2.  The trial court erred (reasonableness standard) when it sentenced Appellant in part for being a leader or organizer notwithstanding a contrary jury issue.

No. 05-51209

## ARGUMENTS AND AUTHORITIES

I.    THE TRIAL COURT ERRED (ABUSE OF DISCRETION STANDARD OF REVIEW)
WHEN DURING THE GOVERNMENT'S CASE IN CHIEF, IT DENIED
APPELLANT'S ORAL MOTION FOR MISTRIAL BASED ON INCURABLE HARM
CREATED BY INFORMANT-ACCOMPLICE WITNESS'S LUIS ADAME'S NON-
RESPONSIVE AND UNFAIRLY PREJUDICIAL TORSO DISPLAY AND SHOUTS
IN VIOLATION OF UNITED STATES V. AQUIAR, 610 F2D 1296, 1305 (5TH
CIR. 1980) CERT. DEN. 101 S. CT. 91, 449 U.S. 827 66 L ED2D 31 (A
NEW TRIAL ON GROUNDS OF PERJURY SHOULD BE ORDERED WHERE
EXISTS A SIGNIFICANT INCONSISTENCY BETWEEN TRIAL TESTIMONY AND
PRIOR INCONSISTENT STATEMENT).

**A.    Standard of Review:**

This Court interprets rulings on motions for mistrial by determining whether

or not the trial court abused his discretion.  See: United States v. Viera, 819 F2d

498, 500 (5th Cir. 1987) (trial rulings reviewed for abuse of discretion).

**B.    Regarding Luis Adame.**

The record on appeal in pertinent part reveals that informant-co-conspirator

witness, Luis Adame (Vol. 22, pgs. 2501-2504; pgs. 2523-2524; and pgs. 2544-

2600) testified: that in 2000 he was a member of the Mexican Mafia under the

direct authority in 2002 of co-defendant, Jimmy Zavala (Vol. 22, p. 2545, lines 1-

13); that he (Adame) was selling kilograms of cocaine (Vol. 22, p. 2545, lines 18-

25); that in 2002 co-defendant, Johnny Garcia-Esparza, had some lesser authority

for the Mexican Mafia in the northwest of San Antonio, Texas (Vol. 22, p. 2546,

lines 1-25; and 2547, lines 1-4); that co-defendant, Juan Valles, was a member of

13

the Mexican Mafia in 2003 (Vol. 22, p. 2547, lines 14-25); that in 2003 co-defendant, Jimmy Zavala, attempted to purchase five kilograms of cocaine from Adame and attempted to impose an additional 10% tax (Vol. 22, p. 2548, lines 10-25; p. 2550, lines 11-25 [only two kilograms negotiated]); that co-defendant, Juan Valles, in March 2003, and approximately fourteen other members of the Mexican Mafia collected $30,000.00 cash plus a $30,000.00 Harley Davidson motorcycle and a $9,000.00 truck from Adame as a cocaine tax (Vol. 22, p. 2552, lines 3-25; and p. 2553, lines 1-25); that Adame was then targeted to be murdered by co-defendant, Jimmy Zavala (Vol. 22, p. 2558, lines 13-25); and that later co-defendant, Juan Valles, shot Adame several times (Vol. 22, p. 2559, lines 5-25).

Luis Adame was impeached on cross examination when it was shown that when the police arrived at his shooting scene, Adame denied knowing any of the people who exited a van and repeatedly shot him. (Vol. 22, p. 2599, lines 1-25; and p. 2600, lines 1-6). Then Adame began to display his torso to the jury and to shouting, "... This is what he did to me. He shot me." (Vol. 22, p. 2600, lines 1-10).

The trial court removed Adame from the court room, and granted defense counsel's oral motion to strike testimony, and oral motion to disregard. (Vol. 22, p. 2600, lines 11-20). But the court denied defense counsel's oral motion for

mistrial (Vol. 22, p. 2600, lines 20-25 [court acknowledges that said motion is made as to each defendant]).

The trial court's charge instructed the jury to disregard the testimony of Luis Adame (Vol. 23, p. 2654, lines 16-20).

**C.    Regarding Applications of the Law.**

Any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial.  Wright, Fed. Prac. & Proc. § 556, p. 306, 1982.  Here Appellant was unfairly prejudiced where Luis Adame's torso display and shouting before the jury, in his frustrated effort to restore his credibility, was uninvited and non-responsive.  See: United State v. Smith, 354 F3d 390, 395 (5th Cir. 2003) (defendant required to show prejudice).  Here there is a reasonable likelihood that Luis Adame's obviously false testimony could have affected the judgment of the jury thereby requiring a reversal.  See: United States v. Agurs, 96 S. Ct. 2392, 2397, 427 U.S. 97, 103, 49 L. Ed 2d 342 (1976).

The falsity of Adame's federal trial testimony regarding murder attempted on him as shown by his prior inconsistent statement to state local police, must be imputed to the federal team where, as in this case, state and federal executive branches pooled their lengthy investigative energies.  See:  United States v. Antone, 603 F2d 566, 569-570 (5th Cir. 1979); United States v. Aquiar, 610 F2d 1296, 1305 (5th Cir. 1980), cert. den. 101 S. Ct. 91, 449 U.S. 827, 66 L. Ed2d 31)

No. 05-51209

(where exists significant inconsistency, a new trial on grounds of perjury is warranted); United States v. Sutherland, 646 F2d 1181, 1203 (5th Cir. 1981); but see: Wright, Fed. Prac. & Proc. § 557.1, p. 346, 1982; United States v. Gabriel, 597 F2d 95, 98-99 (7th Cir. 1979, cert. den. 100 S. Ct. 120, 444 U.S. 858, 62 L. Ed2d 78) (a new trial not required if defendant can cross examine and meet the perjury during the trial).

But Appellant could not cross examine Adame's non-responsive display and shouting which could have affected the judgment of the jury. An unfairly prejudicial effect could not be erased by striking the testimony. United States v. Demchak, 545 F2d 1029, 1031-1032 (5th Cir. 1977).

"... It occasionally happens that a witness who has completed his or her direct examination cannot be subjected to cross examination ... in such case, it will ordinarily be necessary to strike the direct testimony of the witness, or even declare a mistrial ..." Wright, Fed. Prac. & Proc., § 416, p. 154 n. 12, 1982.

This case should be reversed and remanded. The Government knowingly used perjured testimony of Luis Adame to establish Appellant's guilt as a gang member who attempts murder. This is fundamentally unfair because there is a reasonable likelihood that the false testimony, including the uninvited torso display and shouting by Adame, could have affected the judgment of the jury.

16

No. 05-51209

This case should be reversed and remanded because a mistrial was necessary. See: United States v. Lyons, 703 F 2d 815, 819 (5th Cir. 1983) (The general rule in this circuit is that an instruction to disregard is sufficient, unless the remark is so prejudicial that it is incurable by the court's definition). The jury saw Adame's torso and heard his shouting that co-defendant, Juan Valles, with whom Appellant was criminally linked had shot him. Evidence of Adame's likely perjured testimony, display, and outburst came only from Adame and was in no way collateral to or cumulative of other inculpating evidence. Appellant was unfairly prejudiced where the jury improperly learned of Adame's severely impeached presentation of half truth of being shot because it was free from the legitimate demands of the adversarial system. See: Taylor v. Illinois, 484 U.S. 400, 412-413, 108 S. Ct. 646, 98 L. Ed2d 798 (1988) (the right to present witnesses is essential to due process but is not absolute and cannot be free from the legitimate demands of the adversarial system); United States v. Viera, 819 F2d 498, 501 (5th Cir. 1987) (the relevant question on review is whether the defendant's inability to make the inquiry created a substantial danger of prejudice by depriving him of the ability to test the truth of the witness' direct testimony).

17

No. 05-51209

## ARGUMENTS AND AUTHORITIES

I.    THE TRIAL COURT ERRED (UNREASONABLENESS STANDARD OF REVIEW)
WHEN IN ASSESSING ITS SENTENCE AS AN AGGRAVATING FACTOR, IT
ADVERSELY WEIGHED APPELLANT AS BEING A LEADER OR ORGANIZER,
DESPITE THE JURY'S NEGATIVE FINDING ON THIS SPECIFIC SPECIAL ISSUE,
IN VIOLATION OF UNITED STATES V. BOOKER, 125 S. CT. 738, 756, _____
U.S. _____, 160 L. ED3D 621 (2005) (ANY FACT, OTHER THAN A PRIOR
CONVICTION, WHICH IS NECESSARY TO SUPPORT A SENTENCE EXCEEDING
THE MAXIMUM AUTHORIZED BY A PLEA OF GUILTY OR A JURY VERDICT
MUST BE ADMITTED BY THE DEFENDANT OR PROVED TO A JURY BEYOND
A REASONABLE DOUBT); AND BLAKELY V. WASHINGTON, 542 U.S.
296, 124 S. CT. 2531, 159 L. ED2D 403 (2004) (SENTENCE CANNOT BE
ENHANCED ABSENT JURY FINDINGS SUPPORTING THE ENHANCEMENT).

### A.    Standard of Review.

This Court reviews a sentence for reasonableness.  United States v. Mares,

402 F 3d 511, 518 (5th Cir. 2005).

### B.    Regarding the Facts.

The jury returned a negative answer to the special issue, "Do you find

beyond a reasonable doubt that Sammy Garcia was a leader or optimizer of the

conspiracy alleged in Count One of the Indictment?"  (R.R. Vol. 23, p. 2762, lines

18-21).

Defense counsel at sentencing unsuccessfully objected to the Pre-sentence

Investigation Report, paragraph #52 which assessed sentencing guideline points

against Appellant for being a leader and organizer.  (Vol. 24, p. 48, lines 14-24,

and p. 49, lines 1-25).  The trial court specifically stated in this regard, "...

18

No. 05-51209

Additionally, the Court finds there is sufficient indicia of reliability to support its probable accuracy that defendant was an organizer of criminal activity and therefore the adjustment (from offense level 34 to level 42) is applicable.

The Court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial. This defendant was the third man in charge of the nor side working along with Johnny Garcia-Esparza and Juan Valdez. As part of this organization he assisted in the distribution of narcotics and forced and collected el daime, participated in home invasions, maintained order between members ..." (Vol. 24, p. 50, lines 7-18).

## C.    Regarding Applications of the Law.

Considering the jury's above unanimous factual finding favorable to Appellant, the trial court's sentence was unreasonable and resulted in an advisory sentencing guidelines upward adjustment to offense level 42 (rather than level 34) resulting in guideline provisions of 420 months to life imprisonment (rather than 262 months to 327 months) (not counting the 60 months imposed consecutively on Count 32).. (See Vol. 24, p. 50, lines 19-24). See: United States v. Mares, 402 F3d 511, 418 (5th Cir. 2005) (A sentence is reviewed for reasonableness).

Appellant has been harmed where a correct application of the advisory sentencing guidelines would have resulted in a sentence of 322 months to 387 months imprisonment (counting the above mentioned 60 months). (But see: Vol.

No. 05-51209

24, p. 55, lines 8-9, where the trial court assessed 600 months imprisonment on Count One).  See:  United States v. Sanchez-Ortiz, _____ F 3d _____, 135 Fed. Appx. 715, 716 (5th Cir. 2005) (Appellant must show that the error effected the outcome of the sentencing proceedings because he received a sentence that was several years longer and in another Guidelines range of imprisonment than he would have absent the error); and United States v. Howard, _____ F 3d ___, 2006 WL 700783 (5th Cir. 2006 (citing United States v. Alonzo, 435 F 3d 551, 554 (5th Cir. 2009)) (a sentence based on an incorrect guidelines range is not presumptively reasonable).

This case should be reversed and remanded for resentencing.

No. 05-51209

## CONCLUSION

FOR THESE REASONS, Appellant's convictions and judgments should be vacated and the case remanded for new trial. Alternatively, Appellant's sentence should be remanded with instructions not to punish Appellant for being a leader or organizer.

Respectfully Submitted,

_____

VINCENT D. CALLAHAN
Laurel Heights Station
P O Box 1214211
Telephone/ Fax: 210-737-3404
State Bar No. 03651700

*Court Appointed Attorney for Appellant*

No. 05-51209

## CERTIFICATE OF SERVICE

On _____, 2006, I served two copies of this Brief on Johnny

Sutton, U.S. Attorney for the Western District of Texas by mailing them to his

office at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216-5512.  I also

served on counsel a diskette containing the brief, in compliance with Fifth Circuit

Rule 31.1.


_____

VINCENT D. CALLAHAN
*Court Appointed Attorney for Appellant*

No. 05-51209

## CERTIFICATE OF COMPLIANCE

Pursuant to 5TH CIR. R. 32.2 and .3, the undersigned certifies this brief complies with the type-volume limitations of FED. R. APP. P. 32(A)(7).

1.      EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5TH CIR. R. 32.2, the brief contains _____ words.

2.      THE BRIEF HAS BEEN PREPARED in a proportionally spaced typeface using Microsoft Word 2003 Professional in Times New Roman, 14.

3.      THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN FED. R. APP. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

_____
VINCENT D. CALLAHAN
*Court Appointed Attorney for Appellant*

23